Jason D. Boren (#7816)
Nathan R. Marigoni (#14885)
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
borenj@ballardspahr.com
marigonin@ballardspahr.com

Richard W. Miller (GA #65257)
*Admitted pro hac vice*
Alan White (GA #410546)
*Admitted pro hac vice*
BALLARD SPAHR LLP
999 Peachtree Street, NE
Suite 1000
Atlanta, GA 30309-3915
Telephone: (678) 420-9340
Facsimile: (678) 420-9301
millerrw@ballardspahr.com
whiteda@ballardspahr.com

*Attorneys for Plaintiff, Larada Sciences, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **LARADA SCIENCES, INC.**, a Delaware Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>**PEDIATRIC HAIR SOLUTIONS CORPORATION**, a North Carolina Corporation,<br><br>    Defendant. | **RULE 26(F) REPORT**<br><br><br>**Case No.: 2:18-cv-00551-RJS-PMW**<br><br>**Judge Robert J. Shelby**<br>**Magistrate Judge Paul M. Warner** |

**1.     PRELIMINARY MATTERS**:

　　a.　　Describe the nature of the claims and affirmative defenses:

**Plaintiff's position:** This case stems from Defendant Pediatric Hair Solutions ("PHS") (1) failure or refusal to timely return to Larada Sciences, Inc. ("Larada") certain devices owned by Larada following the termination of license agreements between the parties, (2) PHS's refusal to pay for use of the devices during the post-termination period, late fees associated with PHS's failure to timely return the devices, and other amounts due and owing under the license agreements at the time of their termination, and (3) trademark infringement through use of Larada's marks following termination of the licensing agreement.  Larada has accordingly brought claims for breach of contract, breach of the covenant of good faith and fair dealing, conversion, trespass to chattels, and trademark infringement.

　　　　Larada has moved to dismiss PHS's counterclaims and, accordingly, has not pleaded affirmative defenses to those claims at this time.

**Defendant's position**: Prior to Larada's notice to terminate license agreements between it and PHS, Larada began developing a lice eradication device explicitly prohibited by the license agreements. PHS has brought counterclaims against Larada for breach of contract and the breach of good faith and fair dealing related to Larada's (1) development, use, and sale that competing device; (2) failure to use commercially reasonable efforts to support PHS's business; (3) failure to provide nationwide support, and (4) failure to prevent competing devices, including Larada's, from being commercially operated. PHS also bought a counterclaim for copyright infringement related to a copyrighted work owned by and federally-registered to PHS and infringed by Larada.

　　　　PHS asserts Larada's claims are barred, or must be reduced, by its own material breaches of the license agreements. PHS also contends Larada's claims are barred for legal and factual insufficiency, and fail under the doctrines of unclean hands, justification, waiver, ratification, equitable estoppel, and/or failure to mitigate. Larada's trademark infringement claim is barred under the doctrine of de minimus copying.

    b.    This case is referred to Magistrate Judge Paul M. Warner under 636(b)(1)(A).

    c.    Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on <u>December 4, 2018</u> via teleconference.

The following attended:

    Jason D. Boren and Nathan R. Marigoni, Ballard Spahr LLP, counsel for Larada Sciences, Inc.

    Andrew G. Strickland and Sarah E. Elsden, Lee & Hayes PC, counsel for Pediatric Hair Solutions Corporation

    d.    The parties have exchanged the initial disclosures required by Rule 26(a)(1).

    e.    Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

**2.** **DISCOVERY PLAN**: The parties jointly propose to the court the following discovery plan:

    a.    Discovery is necessary on the following subjects:

Discovery is required on all claims and defenses in this matter, including interpretation of contract provisions, use and priority of intellectual-property rights, and damages.

    b.    Discovery Phases
Discovery shall be conducted in a single phase.

    c.    Designate the discovery methods to be used and the limitations to be imposed.

        (1)    *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

Oral Exam Depositions

| | |
|---|---|
| Plaintiff(s) | 10 |
| Defendant(s) | 10 |
| Maximum number of hours per deposition | 7 |

    (2)    *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

| | |
|---|---|
| Interrogatories | 25 |
| Admissions | 50* |
| Requests for production of documents | 50 |

*There shall be no limits for requests for admission relating to authenticity of documents.

    (3)    Other discovery methods: *Specify any other methods that will be used and any limitations to which all parties agree.*

In view of the suit between Plaintiff Larada and Defendant PHS currently pending in the United States District Court for the Western District of North Carolina (Case No. 3:18-cv-00320-RJC-DSC), the parties agree that it would be most efficient to combine document productions between these two cases. Accordingly, documents produced in response to requests for production made in either case will be sequentially Bates-labeled and made available for use by the requesting party in both cases. The production of documents in one case shall not constitute waiver of objections raised in the other.

    d.    Discovery of electronically stored information should be handled as follows: The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form in which it should be produced. The parties have reached the following agreements and identified the following issues:

(1) The parties agree that ESI will be produced to the requesting party by producing documents in PDF format with searchable/OCR text unless otherwise agreed. Electronic files that cannot be readily converted to an image format, such as a spreadsheet, database and drawing files, shall be produced with a placeholder and in their native file format.

(2) The parties may de-duplicate their ESI production across custodial and non-custodial data sources.

(3) The parties shall meet, confer, and stipulate as to search terms and any other unique electronic discovery issues, if necessary, by April 1, 2019.

    e.    The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows:

The parties agree to the procedures set forth in Paragraph 10 of the Court's Standard Protective Order.

    f.    Last day to serve written discovery: 05/22/2019

    g.    Close of fact discovery: 06/21/2019

3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

   a. The cutoff dates for filing a motion to amend pleadings are:

   Plaintiff(s): 04/01/2019    Defendant(s): 04/01/2019

   b. The cutoff dates for filing a motion to join additional parties are:

   Plaintiff(s): 04/01/2019    Defendant(s): 04/01/2019

   *(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed. R. Civ. P. 15(a)).*

4. **EXPERT REPORTS**:

   a. The parties will disclose the subject matter and identity of their experts on:

   Party(ies) bearing burden of proof: 07/22/2019

   Counter Disclosures: 08/21/2019

   b. Reports from experts under Rule 26(a)(2) will be submitted on:

   Party(ies) bearing burden of proof: 07/22/2019

   Counter Disclosures: 08/21/2019

5. **OTHER DEADLINES**:

   a. Expert Discovery cutoff:   09/20/2019

   b. Deadline for filing dispositive[1] or potentially dispositive motions including motions to exclude experts where expert testimony is required to prove the case. 10/21/2019

   c. Deadline for filing partial or complete motions to exclude expert testimony 10/21/2019

6. **ADR/SETTLEMENT**:

   *Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

   a. The potential for resolution before trial is:   ___ good   _X_ fair   ____ poor

   b. The parties do not intend to file a motion to participate in the Court's alternative dispute resolution program at this time.

---

[1] Dispositive motions, if granted, resolve a claim or defense in the case; nondispositive motions, if granted, affect the case but do not resolve a claim or defense.

      c.      The parties do not intend to engage in private alternative dispute resolution at this time.

d.      The parties will re-evaluate the case for settlement/ADR resolution on (*specify date*): 05/13/2019.

**7.**      **TRIAL AND PREPARATION FOR TRIAL:**

      a.      The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than the 14 days provided by Rule).

      b.      This case should be ready for trial by: 04/22/2020

            *Specify type of trial*:   Jury  X       Bench_____

      c.      The estimated length of the trial is: 2-3 days

DATED this 5th day of December 2018.

/s/ Nathan R. Marigoni
Jason D. Boren
Nathan R. Marigoni
Richard W. Miller (*admitted pro hac vice*)
Alan White *(admitted pro hac vice)*
BALLARD SPAHR LLP
*Attorneys for Plaintiff/Counterdefendant, Larada Sciences, Inc.*


/s/ Sarah E. Elsden
(*signed by filing attorney with permission*)
Christine T. Greenwood
Geoffrey K. Biehn
MAGLEBY CATAXINOS & GREENWOOD

Andrew G. Strickland (*admitted pro hac vice*)
Sarah E. Elsden (*admitted pro hac vice*)
LEE & HAYES PC
*Attorneys for Defendant/Counterclaimant, Pediatric Hair Solutions, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct of copy of the foregoing **RULE 26(F) REPORT** was served to the following this 5th day of December 2018, in the manner set forth below:

[X] Through the CM/ECF System for the U.S. District Court

[ ] Hand Delivery

[ ] U.S. Mail, postage prepaid

[ ] E-mail:   greenwood@mcgiplaw.com; biehn@mcgiplaw.com; andrew.strickland@leehayes.com; sarah.elsden@leehayes.com

>Christine T. Greenwood
>Geoffrey K. Biehn
>MAGLEBY CATAXINOS & GREENWOOD
>170 South Main Street, Suite 1100
>Salt Lake City, UT 84101-3605
>
>Andrew G. Strickland
>LEE & HAYES, PC
>1175 Peachtree Street, NE
>100 Colony Square, Suite 2000
>Atlanta, GA 30361
>(*admitted pro hac vice*)
>
>Sarah E. Elsden
>LEE & HAYES, PC
>601 W. Riverside Avenue, Suite 1400
>Spokane, WA 99201
>(*admitted pro hac vice*)

/s/Geneve Wanberg