Jason D. Boren (#7816)
Nathan R. Marigoni (#14885)
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
borenj@ballardspahr.com
marigonin@ballardspahr.com

Richard W. Miller (GA #65257)
*Admitted pro hac vice*
Alan White (GA #410546)
*Admitted pro hac vice*
BALLARD SPAHR LLP
999 Peachtree Street, NE
Suite 1000
Atlanta, GA 30309-3915
Telephone: (678) 420-9340
Facsimile: (678) 420-9301
millerrw@ballardspahr.com
whiteda@ballardspahr.com

*Attorneys for Plaintiff, Larada Sciences, Inc.*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,**

**CENTRAL DIVISION**

| | |
|---|---|
| **LARADA SCIENCES, INC.**, a Delaware Corporation,<br><br>   Plaintiff,<br><br>v.<br><br>**PEDIATRIC HAIR SOLUTIONS CORPORATION**, a North Carolina Corporation,<br><br>   Defendant. | **SCHEDULING ORDER**<br><br><br>Case No.:  2:18-cv-00551-RJS-PMW<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Paul M. Warner |

Pursuant to Fed. R. Civ. P. 16(b), the court received the Attorney Planning Meeting Report filed by counsel.  The following matters are scheduled.  The times and deadlines set forth herein may not be modified without the approval of the court and on a showing of good cause pursuant to Fed. R. Civ. P. 6.

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

1.         PRELIMINARY MATTERS                                                                    DATE

Nature of claims and any affirmative defenses:

**Plaintiff's position**: This case stems from Defendant Pediatric Hair Solutions ("PHS") (1) failure or refusal to timely return to Larada Sciences, Inc. ("Larada") certain devices owned by Larada following the termination of license agreements between the parties, (2) PHS's refusal to pay for use of the devices during the post-termination period, late fees associated with PHS's failure to timely return the devices, and other amounts due and owing under the license agreements at the time of their termination, and (3) trademark infringement through use of Larada's marks following termination of the licensing agreement.  Larada has accordingly brought claims for breach of contract, breach of the covenant of good faith and fair dealing, conversion, trespass to chattels, and trademark infringement.

Larada has moved to dismiss PHS's counterclaims and, accordingly, has not pleaded affirmative defenses to those claims at this time.

**Defendant's position**: Prior to Larada's notice to terminate license agreements between it and PHS, Larada began developing a lice eradication device explicitly prohibited by the license agreements. PHS has brought counterclaims against Larada for breach of contract and the breach of good faith and fair dealing related to Larada's (1) development, use, and sale that competing device; (2) failure to use commercially reasonable efforts to support PHS's business; (3) failure to provide nationwide support, and (4) failure to prevent competing devices, including Larada's, from being commercially operated. PHS also bought a counterclaim for copyright infringement related to a copyrighted work owned by and federally-registered to PHS and infringed by Larada.

   PHS asserts Larada's claims are barred, or must be reduced, by its own material breaches of the license agreements. PHS also contends Larada's claims are barred for legal and factual insufficiency, and fail under the doctrines of unclean hands, justification, waiver, ratification, equitable estoppel, and/or failure to mitigate. Larada's trademark infringement claim is barred under the doctrine of de minimus copying.

|   |   |   |   |
|---|---|---|---|
|   | a. | Date the Rule 26(f)(1) conference was held? | 12/04/2018 |
|   | b. | Have the parties submitted the Attorney Planning Meeting Report? | Yes |
|   | c. | Deadline for 26(a)(1) initial disclosures? | Exchanged |
| 2. |   | **DISCOVERY LIMITATIONS** | **NUMBER** |
|   | a. | Maximum number of depositions by Plaintiff(s): | *10* |
|   | b. | Maximum number of depositions by Defendant(s): | *10* |
|   | c. | Maximum number of hours for each deposition (unless extended by agreement of parties): | *7* |
|   | d. | Maximum interrogatories by any party to any party: | *25* |
|   | e. | Maximum requests for admissions by any party to any party: | *50, with no limit for admissions relation to authenticity of documents* |
|   | f. | Maximum requests for production by any party to any party: | *50* |

g. The parties shall handle discovery of electronically stored information as follows:

(1) The parties agree that ESI will be produced to the requesting party by producing documents in PDF format with searchable/OCR text unless otherwise agreed. Electronic files that cannot be readily converted to an image format, such as a spreadsheet, database and drawing files, shall be produced with a placeholder and in their native file format.

(2) The parties may de-duplicate their ESI production across custodial and non-custodial data sources.

(3) The parties shall meet, confer, and stipulate as to search terms and any other unique electronic discovery issues, if necessary, by April 1, 2019.

3

|   |   |   |   |
|---|---|---|---|
| | h. | The parties shall handle a claim of privilege or protection as trial preparation material asserted after production as follows: The parties agree to the procedures set forth in Paragraph 10 of the Court's Standard Protective Order. | |
| | i. | Last day to serve written discovery: | <u>05/22/2019</u> |
| | j. | Close of fact discovery: | <u>06/21/2019</u> |
| 3. | | **AMENDMENT OF PLEADINGS/ADDING PARTIES**[1] | **DATE** |
| | a. | Last day to file Motion to Amend Pleadings: | <u>04/01/2019</u> |
| | b. | Last day to file Motion to Add Parties: | <u>04/01/2019</u> |
| 4. | | **RULE 26(a)(2) EXPERT DISCLOSURES & REPORTS** | **DATE** |

**Disclosures (subject and identity of experts)**

|   |   |   |   |
|---|---|---|---|
| | a. | Party(ies) bearing burden of proof: | <u>07/22/2019</u> |
| | b. | Counter disclosures: | <u>08/21/2019</u> |

**Reports**

|   |   |   |   |
|---|---|---|---|
| | a. | Party(ies) bearing burden of proof: | <u>07/22/2019</u> |
| | b. | Counter reports: | <u>08/21/2019</u> |
| 5. | | **OTHER DEADLINES** | **DATE** |
| | a. | Last day for expert discovery: | <u>09/20/2019</u> |
| | b. | Deadline for filing dispositive or potentially dispositive motions: | <u>10/21/2019</u> |
| | c. | Deadline for filing a request for a scheduling conference with the district judge for the purpose of setting a trail date if no dispositive motions are filed. | <u>10/28/2019</u> |
| | d. | Deadline for filing partial or complete motions to exclude expert testimony: | <u>10/21/2019</u> |

---

[1] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

4

| | | | | |
|---|---|---|---|---|
| **6.** | | **SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION** | | **DATE** |
| | a. | Likely to request referral to a magistrate judge for settlement conference: | *Yes/No* | No |
| | b. | Likely to request referral to court-annexed arbitration: | *Yes/No* | No |
| | c. | Likely to request referral to court-annexed mediation: | *Yes/No* | No |
| | d. | The parties will complete private mediation/arbitration by: | | *00/00/00* |
| | e. | Evaluate case for settlement/ADR on: | | *05/13/2019* |
| | f. | Settlement probability: | Fair | |

| | | | | |
|---|---|---|---|---|
| **7.** | | **TRIAL AND PREPARATION FOR TRIAL** | **TIME** | **DATE** |

At the time of argument on motions for summary judgment, the court will discuss the scheduling of trial. Counsel should come to the hearing prepared to discuss possible trial dates. If the schedule set forth herein is not extended, the parties can generally expect that trial will be set sometime during the 2nd quarter of 2020.

**8.       OTHER MATTERS**

Parties should fully brief all Motions in Limine well in advance of the pretrial conference.

DATED this 6th day of December 2018.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge


Approved as to Form:


/s/ Sarah E. Elsden
(*signed by filing attorney with permission*)
Christine T. Greenwood
Geoffrey K. Biehn
MAGLEBY CATAXINOS & GREENWOOD

Andrew G. Strickland (*admitted pro hac vice*)
Sarah E. Elsden (*admitted pro hac vice*)
LEE & HAYES PC
*Attorneys for Defendant/Counterclaimant Pediatric Hair Solutions, Inc.*