| | |
|---|---|
| Christine T. Greenwood (8187)  greenwood@mcgiplaw.com  Geoffrey K. Biehn (13445)  biehn@mcgiplaw.com  **MAGLEBY CATAXINOS & GREENWOOD**  170 South Main Street, Suite 1100  Salt Lake City, Utah 84101-3605  Telephone: 801.359.9000  Facsimile: 801.359.9011 | Andrew G. Strickland (*pro hac vice*)  Andrew.Strickland@leehayes.com  **LEE & HAYES P.C.**  1175 Peachtree Street, NE  100 Colony Square, Suite 2000  Atlanta, Georgia 30361  Telephone: 404.815.1900  Facsimile: 509.323.8979    Sarah E. Elsden (*pro hac vice*)  Sarah.Elsden@leehayes.com  **LEE & HAYES P.C.**  601 W. Riverside, Suite 1400  Spokane, Washington 99201  Telephone: 509.324.9256 |

Attorneys for Defendant Pediatric Hair Solutions Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware corporation,    Plaintiff/Counterdefendant,  v.    PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina corporation,      Defendant/Counterclaimant. | DEFENDANT PEDIATRIC HAIR SOLUTION'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS    Civil No. 2:18-cv-00551-RJS-PMW    Honorable Robert J. Shelby  Magistrate Judge Paul M. Warner |

Under Rules 15(a)(2) and 16 of the Federal Rules of Civil Procedure, Defendant and Counterclaim Plaintiff Pediatric Hair Solutions Corporation ("PHS"), through its counsel of record, respectfully submits this Motion for Leave to Amend Counterclaims.

## ARGUMENT

At the conclusion of the hearing in this matter on April 2, 2019, the Court invited PHS to amend its breach of contract and breach of the covenant of good faith and fair dealing counterclaims to quell concerns that resulted in the dismissal of those claims without prejudice and to clarify the claims and allegations PHS intends to assert against Plaintiff and Counterclaim Defendant Larada Sciences, Inc. ("Larada").[1] By this motion, PHS seeks to assert an amended counterclaim that will enable the Court to grant complete and comprehensive relief. In particular, PHS seeks leave to amend the counterclaims previously filed in this matter to assert an amended breach of contract claim against Larada and to request the Court enter a declaratory judgment related to the amended breach of contract claim.[2] PHS also seeks leave to clarify certain factual allegations in its previously-

---

[1] Minute Order, Dkt. No. 45, filed April 2, 2019.

[2] A copy of the proposed Defendant Pediatric Hair Solutions' Second Amended Answer, Affirmative Defenses, and Counterclaims ("Second Amended Counterclaim") is attached as Exhibit "A." A copy of the Second Amended Counterclaim reflecting redlined changes between

filed counterclaim. PHS's previously-asserted copyright infringement counterclaim remains unaltered.

The factual basis for PHS's proposed amended breach of contract claim turns on Exhibit C to the License Agreements between the parties. Specifically, Paragraph 5 of Exhibit C[3] provides that:

> . . . LSI became aware of a device known as "The Lice Device" and/or "The Dehydration Station". LSI has concluded that use of these devices infringes the above referenced patents. Accordingly, LSI, along with the University of Utah, filed a patent-infringement lawsuit in the U.S. District Court of Utah on Friday, June 5th, 2015 against several parties involved in the manufacture, distribution, and use of these devices. These devices are believed to be similar to the AirAlle® heated air device, and operators of the Lice Device are considered to be potential competitors of LSI's licensees. If, on the date that is two (2) years from the Effective Date, The Lice Device and/or The Dehydration Station and/or any other device that is identical to either of them, or any other device that uses heated air to eradicate head lice, regardless of the device's name, is still being legally commercially operated for lice removal purposes in the United States, Licensee will have the option, upon notice to LSI, to unwind this Agreement and receive a refund of all collected Territory License Fees and machine deposits paid to that date.

The "Effective Date" is defined in the License Agreements as August 31, 2015 and, therefore, two years from the Effective Date is August 31, 2017.

---

Defendant Pediatric Hair Solutions' Amended Answer, Affirmative Defenses, and Counterclaims and the Second Amended Counterclaim is attached as Exhibit "B."

[3] *See* Dkt. No. 31-1 at page 21.

PHS respectfully requests leave to amend its breach of contract counterclaim to allege with more particularity that Larada breached the License Agreements by failing to refund PHS's previously-paid Territory License Fees and machine deposits and/or unwind the License Agreements, after the condition precedent in Exhibit C, paragraph 5 was triggered and met on August 31, 2017.

PHS contends that in or around May 2016, Larada entered into a settlement with Picky Pam at the Beach, LLC ("Picky Pam")—the owner and operator of The Lice Device and/or The Dehydration Station referenced in Exhibit C—allowing Picky Pam to legally commercially operate The Dehydration Station for lice removal purposes in the United States. On August 31, 2017, Picky Pam legally commercially operated "The Dehydration Station" in the United States at the Picky Pam clinic located at 714 Adams Avenue Suite 103, Huntington Beach, CA 92648 for lice removal purposes.

Picky Pam's use of The Dehydration Station on August 31, 2017 (and after) triggered the condition precedent in Exhibit C to the License Agreements, requiring Larada, upon notice, to provide a refund of all collected Territory License Fees and machine deposits paid by PHS. Once triggered, Exhibit C, paragraph 5 also permitted PHS to elect to unwind the License Agreements. PHS respectfully seeks leave to amend its breach of contract counterclaim to allege that

the condition precedent in Exhibit C to the License Agreements was triggered, that PHS provided notice to Larada under the terms of the License Agreements, and that Larada failed to refund all collected Territory License Fees and machine deposits paid by PHS and/or unwind the License Agreements.

PHS alleges that on October 4, 2017, counsel for PHS provided notice to Larada in writing via a letter sent by e-mail to counsel for Larada. That notice stated that "Larada is obligated to refund PHS's previously-paid license fees due to the conditions for the refund set forth in the license agreement having been met." Despite written notice of PHS's demand and Larada's obligation to refund PHS's previously paid fees under Exhibit C, Larada breached the License Agreements by failing to refund Territory License Fees or machine deposits to PHS. The License Agreements must be unwound.

PHS respectfully requests the Court grant leave to amend its counterclaims.

**A.     Legal standards suggest this Court should grant leave to amend.**

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings.  Under that rule, a party may amend its complaint automatically within "21 days after serving it."[4]  "In all other cases, a party may amend its pleading only

---

[4] Fed. R. Civ. P. 15(a)(1)(A).

4

with the opposing party's written consent or the court's leave."[5] Rule 15 requires the Court to "freely give leave when justice so requires." *Id*. Indeed, "[t]he purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties."[6]

In general, a court may refuse leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[7] Whether to provide a party leave to amend pleadings "is within the discretion of the trial court."[8]

Rule 16 also guides this Court's analysis in the context of counterclaims asserted after the scheduling order deadline.[9] Rule 16 requires the movant show good cause to amend.

**B.     This Court should grant leave to amend because all the factors support amendment and PHS has shown good cause.**

Here, leave to amend should be granted because the additional facts

---

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (additional quotations and citation omitted).

[7] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (citation omitted).

[8] *Minter*, 451 F.3d at 1204 (additional quotations and citation omitted).

[9] *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518-19 (10th Cir. 1990).

underlying the proposed amended breach of contract counterclaim are similar and arise from those contained in PHS's prior pleadings, the amendment cures prior deficiencies in PHS' counterclaims, and the case is in its infancy—the parties have only begun to conduct discovery. This Court issued a Scheduling Order on December 6, 2018.[10]

PHS seeks leave to assert additional facts to amend its breach of contract claim and to request a declaratory judgment premised on the condition in Exhibit C, paragraph 5. The additional facts PHS asserts relate to: (1) the terms and conditions of Exhibit C, paragraph 5; (2) the survival clause[11] and notice provisions in the License Agreements; (3) the facts triggering the terms and conditions of Exhibit C; (4) PHS's notice to Larada that PHS was due the remedies provided for by the triggered condition of Exhibit C; and (5) Larada's failure to comply with the terms and conditions of Exhibit C after it received notice. PHS's amended breach of contract claim is revised to state these facts and to assert that PHS is entitled to fees due under Exhibit C. The proposed declaratory judgment claim stems from the remedies to which PHS is entitled under Exhibit C.

---

[10] Dkt. No. 35.

[11] *See* Dkt. No. 31-1 at page 16 (Section 18(f)); *Mind & Mind & Motion Utah Invs., LLC v. Celtic Bank Corp.*, 2016 UT 6, P30, 367 P.3d 994, 1002 (2016) (citing RESTATEMENT (SECOND) OF CONTRACTS § 225 cmt. a (1981) ("The time within which the condition can occur in order for the performance of the duty to become due may be fixed by a term of the agreement . . . .").

      **i.**       **There is no undue delay.**

During the hearing on April 2, 2019, this Court invited PHS to amend its breach of contract counterclaim to allege additional facts and cure deficiencies that resulted in the dismissal of that claim without prejudice and to clarify the claims and allegations PHS intends to assert against Larada.[12] The Court instructed PHS to do so by April 24, 2019; thus, there is no undue delay in moving for leave to amend.

      **ii.**       **There is no undue prejudice to Larada.**

This case is still in the early stages as discovery has just begun. Therefore, there is no prejudice to Larada. Larada has not served discovery on PHS, nor submitted responses to discovery served by PHS.  Moreover, Larada has been on notice of its beach of the License Agreements for over eighteen months. PHS provided notice to Larada—over eighteen months ago—that it is entitled to receive a refund of all Territory License Fees and machine deposits and to unwind the Agreements.[13]  Larada would not be prejudiced by allowing PHS to amend its counterclaims to plead its claims with more specificity.

---

[12] Minute Order, Dkt. No. 45, filed April 2, 2019.
[13] Dkt. No. 42 at ¶¶ 52-57, 93-95

### iii. PHS's request for leave is sought in good faith.

PHS proposes to amend its breach of contract claim in good faith and based on previously-alleged facts about the condition triggered on August 31, 2017 under the License Agreements. PHS is not alleging a newfound theory,[14] nor engaging in a tactical decision meant to delay the proceedings. Rather, following this Court's April 2, 2019 hearing on Larada's motion to dismiss PHS's counterclaims, PHS promptly revised its breach of contract counterclaim to quell the Court's concerns and to adequately plead a claim under Rule 8 providing adequate notice about the specific facts intended to support PHS's narrowly tailored breach of contract claim and related request for declaratory relief. PHS has shown good cause for leave to file its amended counterclaims.

### iv. This is the first time PHS has sought leave to cure pleading deficiencies.

PHS filed its Answer and Counterclaims on September 21, 2018.[15] The parties then stipulated to allow PHS to amend its counterclaim to correct language in PHS's eighth affirmative defense, and PHS did so on February 20, 2019.[16] The instant request is the first time PHS has moved to amend its counterclaim to cure

---

[14] *See* Dkt. No 42 at ¶¶ 52-54.

[15] Dkt. No. 24.

[16] Dkt. Nos. 40-42.

8

pleading deficiencies and to provide further allegations to support its claims and legal theories.

### v. The proposed amendment is not futile.

PHS's proposed amendment would not be futile because its proposed amended breach of contract claim properly alleges facts to support each of the requisite elements. The proposed amendment provides adequate notice to Larada of PHS's claim and legal theory under Rule 8 and alleges sufficient facts to state plausible claims for relief.

## CONCLUSION

Counterclaim Plaintiff PHS respectfully requests that the Court grant it leave to amend its counterclaims.

DATED this 24th day of April 2019.

**MAGLEBY CATAXINOS & GREENWOOD, PC**

/s/ Geoffrey K. Biehn
Christine T. Greenwood
Geoffrey K. Biehn
*Attorneys for Defendant Pediatric Hair Solutions Corporation*

**LEE & HAYES P.C.**

/s/ Andrew G. Strickland
Andrew G. Strickland
Sarah E. Elsden

*Attorneys for Defendant Pediatric Hair Solutions Corporation*

9

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of LEE & HAYES, P.C., 601 W. Riverside Ave., Ste. 1400, Spokane, WA 99201, and that pursuant to Rule 5(b), Federal Rules of Civil Procedure, a true and correct copy of the foregoing **DEFENDANT PEDIATRIC HAIR SOLUTION'S MOTION FOR LEAVE TO AMEND COUNTERCLAIMS** was delivered to the following this 24th day of April 2019, by:

| | |
|---|---|
| Jason D. Boren<br>  borenj@ballardspahr.com<br>Nathan R. Marigoni<br>  marigonin@ballardspahr.com v<br>BALLARD SPAHR, LLP<br>One Utah Center, Suite 800<br>201 South Main Street<br>Salt Lake City, Utah 84111<br><br>Richard W. Miller (*pro hac vice*)<br>  millerrw@ballardspahr.com<br>Ballard Spahr LLP<br>999 Peachtree Street, NE<br>Suite 1000<br>Atlanta, Georgia 30309 | [ ] Hand Delivery<br><br>[ ] Depositing the same in the<br>U.S. Mail, postage prepaid<br><br>[X] CM/ECF System<br><br>[ ] Electronic Mail |

*Attorneys for Plaintiff, Larada Sciences, Inc.*

/s/ Andrew G. Strickland