Douglas C. Smith (#10805)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1218 East 7800 South, Suite 300
Sandy, UT 84094
tel: (801) 251.7341
fax: (801) 562.5510
douglas.smith@lewisbrisbois.com

Peter Stasiewicz (IL No. 6290832) (*pro hac vice*)
**ARCTURUS LAW FIRM**
211 West Wacker Drive # 323
Chicago, Illinois, 60606
tel: (312) 957-6194
fax: (312)
pete.stasiewicz@arcturuslaw.com

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **LARADA SCIENCES, INC.**, a Delaware Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**PEDIATRIC HAIR SOLUTIONS CORPORATION**, a North Carolina Corporation, **JOHN E. FASSLER, M.D., SHEILA M. FASSLER,** and **FLOSONIX VENTURES, LLC,**<br><br>Defendants. | **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, TO ADD DEFENDANTS, AND TO LIFT STAY**<br><br>Case No.: 2:18-cv-00551-RJS-PMW<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Paul M. Warner |

Plaintiff Larada Sciences, Inc., pursuant to Rules 15 and 21 of the Federal Rules of Civil

Procedure, hereby respectfully moves to dissolve the stay in this case, for leave to file its First

Amended Complaint, and to add as defendants John E. Fassler, M.D., Sheila M. Fassler, and FloSonix Ventures, LLC.

## BACKGROUND

Larada seeks leave to amend the Complaint in this case to reflect the full scope of the breaches of confidentiality by Pediatric Hair Solutions Corporation ("PHS"), its owners and operators, Sheila Fassler and Dr. John Fassler, and their new entity FloSonix Ventures, LLC ("Flosonix") which was purpose-built to profit off the confidential information wrongfully obtained from Larada.

Plaintiff filed its original Complaint against PHS in this matter on July 11, 2018. Defendant PHS answered and counterclaimed on September 21, 2018. Larada filed a motion to dismiss the counterclaims which this Court granted in part and denied in part on April 2, 2019. PHS moved to file an amended counterclaim with leave of Court, which motion was granted on May 8, 2019.

This matter was stayed on stipulation of the parties on May 23, 2019 pending settlement negotiations.[1] The order granting the stay provided in part, "either party may move the court to lift this stay and enter a proposed briefing schedule for the pending motion and a proposed scheduling order to govern the remaining deadlines in this case." *Id.*  Settlement talks have not resulted in an agreement and Larada now seeks to lift the stay pursuant to this Court's May 23, 2019 order.

Plaintiff filed a notice of substitution of counsel on Feb. 25, 2020. Plaintiff's counsel provided a draft of the proposed amended Complaint to PHS' counsel on Feb. 21, 2020; PHS's counsel indicated it would not agree to the filing of an amended Complaint.

---

[1] Dkt. #52

Concurrent with the dissolution of the stay, Larada now seeks to add additional breach of contract claims against Sheila Fassler and Dr. John Fassler, and tort claims against the Fasslers' new company, FloSonix[2]. The breach of contract claims against the Fasslers are premised on the breaches of their independent contractual obligations – Dr. John Fassler as Larada's National Medical Director and Sheila Fassler as personal guarantor of a Lease Agreement between Larada and PHS – to safeguard Larada's confidential and/or proprietary information, namely by providing Larada's Devices to outside engineers and designers for the purpose of duplicating those Devices. Further breaches by PHS and the Fasslers occurred when they provided those duplicated devices to their new company, FloSonix, along with additional confidential and proprietary of Larada regarding its business practices. Larada has now learned that Defendants are not only using the new FloSonix Device in PHS's existing clinics, but have been marketing the wrongfully derived FloSonix Device to Larada's network of Clincis, using Larada's own technology and information against it. At the time of the filing of the initial complaint, Larada was not aware of the full scope of PHS's plans to widely market the wrongfully created FloSonix device to Larada's Clinics.

## LEGAL STANDARD

Amendment of pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure, and addition of parties is governed by Rule 21.[3] Under Rule 15, amendments after 21 days of filing may be made "only with the opposing party's written consent or the court's leave. "[4] Rule 15 further instructs courts to "freely give leave when justice so requires." *Id*. Indeed, "[t]he purpose

---

[2] The proposed Amended Complaint is attached as Exhibit A, a redline comparing the original Complaint is attached as Exhibit B.
[3] Fed. R. Civ. P 15, Fed. R. Civ. P 21.
[4] Fed. R. Civ. P. 15(a)(2).

3

of the Rule is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties."[5]

Rule 21 provides that this Court may "at any time, on just terms, add…a party" Fed. R. Civ. P. 21. The Tenth Circuit has held that when new parties are to be added via an amended complaint, the addition of parties is governed by Rule 15(a).[6]

Under Rule 15, leave to amend should only be denied "on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[7]

## ARGUMENT

Larada should be allowed to amend its complaint and join new Defendants because it would serve the interests of justice, and no basis for denial exists.

**I. Amendment of the Complaint and Joinder of New Defendants Is in the Interests of Justice.**

The amended complaint provides additional context to existing claims against PHS, and provides new information regarding wrongdoing separately attributable to the Fasslers and Flosonix. It is based in part on information unavailable to Larada previously, notably the intent of PHS and the Fasslers to misappropriate Larada's information years earlier than previously known, and their providing the Larada Device to third parties for disassembling and reverse-engineering. Furthermore, Larada was unaware at the time of the filing of the initial complaint the scope of

---

[5] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (additional quotations and citation omitted).
[6] *U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018 (10th Cir. 1994)(citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993)).
[7] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (citation omitted).

PHS's intentions with regard to the FloSonix Device (i.e., marketing it nationwide instead of using it solely in PHS clinics).

The proposed amended Complaint includes new information that Larada has learned about the scope of Defendants' plans for the use of the information they wrongfully obtained from Larada to not only create a device based on Larada's confidential information and trade secrets, but also to set up a competing network of lice clinics using that wrongfully-derived device along with other business strategy confidential information provided to the Fasslers both in their roles as PHS officers or employees, and also to Dr. John Fassler in his role as Larada's National Medical Director and to Sheila Fassler in her role as a member of Larada's Advisory Board.

**II.   No Basis Exists for Denial of the Motion for Leave to Amend and Add Defendants.**

No reason for denial under Rule 15 exists here, as there can be no showing of undue delay, undue prejudice to Defendants, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, nor futility of amendment.

Allowing amendment and the joinder of new defendants will not create undue delay. This matter is currently stayed at the pleading stage. Discovery has not commenced in earnest. Indeed, by currently moving to dissolve the stay, the amendment will help move this matter forward expeditiously. Similarly, Defendants will not be unduly prejudiced by an amendment. No additional discovery will have to be undertaken, and trial will not be delayed by the amendment given the stay that has been in place as no deadlines are currently in place.

Larada seeks leave to amend in good faith.  Larada does not bring this motion to cause delay – to the contrary, because of the disruption PHS and the new Defendants have caused and threaten to cause to Larada's Clinic network, Larada intends to move this action forward rapidly

5

to protect its rights with regard to PHS and the new Defendants.[8] Allowing amendment will also promote judicial efficiency as all claims arising out of Defendants' contractual breaches and misappropriation of confidential information and trade secrets will be resolved in a single action.

No amendments have been previously requested by Larada.

A proposed amendment is futile only where "it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing him an opportunity to amend his complaint would be futile."[9] The issue of futility is "functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim."[10] The amendments here are clearly not futile because they set forth a short and plain statement of the claims showing that Larada is entitled to relief, pursuant to Rule 8(a). The new individual defendants are put on notice that Larada seeks to hold them liable for breaching confidentiality provisions in their respective contracts by providing Larada's Devices to third-parties, and having it disassembled and reverse-engineered. FloSonix (along with the Fasslers, to the extent not covered by the contract claims) is put on notice that Larada seeks to impose tort liability against it for using Larada's information, wrongfully obtained by PHS and the Fasslers in breach of their obligations, in using and marketing the device and setting up a competing network of Clinics. And PHS is given additional context and information regarding the claims Larada seeks to impose against it.

---

[8] *See also Hartley v. Wisconsin Bell, Inc.*, 167 F.R.D. 72, 74 (E.D. Wis. 1996)(allowing amendment even where only explanation for delay in asserting new defenses previously available was retention of new counsel).
[9] *Prop. Sols. Int'l, Inc. v. Yardi Sys., Inc.*, No. 2:15-CV-102, 2016 WL 1411357, at *1 (D. Utah Apr. 8, 2016) .(quoting *Cohen v. Longshore*, 621 F.3d 1311, 1314-15 (10th Cir. 2010)).
[10] *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

## CONCLUSION

For the foregoing reasons, Plaintiff Larada Sciences, Inc. respectfully asks this Court to dissolve the stay in this case, grant Larada leave to file its First Amended Complaint, and grant the motion to join Defendants John E. Fassler, M.D., Sheila M. Fassler, and FloSonix Ventures, LLC.

DATED this 28th day of February 2020.

/s/Peter M. Stasiewicz
Peter Stasiewicz
ARCTURUS LAW FIRM.

Douglas C. Smith
LEWIS BRISBOIS BISGAARD & SMITH LLP

*Attorneys for Plaintiff Larada Sciences, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct of copy of the foregoing **PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, TO ADD DEFENDANTS, AND TO LIFT STAY** was served to the following this 28th day of February, 2020, in the manner set forth below:

[X]  Through the CM/ECF System for the U.S. District Court
[ ]  Hand Delivery
[ ]  U.S. Mail, postage prepaid
[ ]  E-mail: greenwood@mcgiplaw.com
    biehn@mcgiplaw.com
    andrew.strickland@leehayes.com
    sarah.elsden@leehayes.com

Christine T. Greenwood
Geoffrey K. Biehn
MAGLEBY CATAXINOS & GREENWOOD, PC
170 South Main Street, Suite 1100
Salt Lake City, UT 84101-3605
greenwood@mcgiplaw.com
biehn@mcgiplaw.com

Andrew G. Strickland
LEE & HAYES, PLLC
1175 Peachtree Street, NE
100 Colony Square, Suite 2000
Atlanta, GA 30361
(admitted pro hac vice)
andrew.strickland@leehayes.com

Sarah E. Elsden
LEE & HAYES, PLLC
601 W. Riverside Avenue, Suite 1400
Spokane, WA 99201
(admitted pro hac vice)
sarah.elsden@leehayes.com

/s/ Peter M. Stasiewicz