Christine T. Greenwood (8187)
  greenwood@mcgiplaw.com
Geoffrey K. Biehn (13445)
  biehn@mcgiplaw.com
MAGLEBY CATAXINOS & GREENWOOD
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Andrew G. Strickland (*pro hac vice*)
  Andrew.Strickland@leehayes.com
William B. Dyer III (*pro hac vice*)
  Bill.Dyer@leehayes.com
LEE & HAYES P.C.
75 14th Street, Ste. 2500
Atlanta, Georgia 30309
Telephone: 404.815.1900
Facsimile: 509.323.8979

Sarah E. Elsden (*pro hac vice*)
  Sarah.Elsden@leehayes.com
LEE & HAYES P.C.
601 W. Riverside, Suite 1400
Spokane, Washington 99201
Telephone: 509.324.9256

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware Corporation,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina Corporation,<br><br>    Defendant/Counterclaimant. | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT, TO ADD DEFENDANTS, AND TO LIFT STAY**<br><br>Case No.:  2:18-cv-00551-RJS-PMW<br><br>Chief Judge Robert J. Shelby<br>Chief Magistrate Judge Paul M. Warner |

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................... 1

II.  BACKGROUND ..................................................................................................... 1

III. LEGAL STANDARD............................................................................................... 3

IV.  ARGUMENT........................................................................................................... 4

    1.   Larada has failed to satisfy the Rule 16 good cause standard................................ 4

    2.   This Court should not allow Larada to benefit from making new allegations of which it had knowledge of long before the deadline lapsed. ............ 5

    3.   Even if Larada could show good cause why it failed to meet the deadline, the Court should also deny leave to amend under Rule 15 based on undue delay, serious prejudice, and the futility of the proposed claims............................ 9

V.   CONCLUSION....................................................................................................... 10

## I. INTRODUCTION

Plaintiff Larada Sciences, Inc.'s request to add new claims and new parties should be denied because Larada knew of the underlying alleged conduct in support of its proposed claims prior to the deadline to amend. By its proposed amended complaint, Larada unnecessarily and improperly seeks to further prolong this lawsuit. While the purported impetus for Larada's amended complaint is its claimed new discovery of the use and marketing of a competing heated air device, a review of Larada's own court filings over the last two years and discovery exchanged long ago, reveals that these "new" facts are old news. Larada has failed to show good cause for seeking modification of the scheduling order.

## II. BACKGROUND

Larada initiated this action on July 11, 2018, against Defendant Pediatric Hair Solutions Corporation ("PHS").[1] Larada asserted claims of breach of contract, breach of implied covenant of good faith and fair dealing, trespass to chattels, conversion, unjust enrichment, trademark infringement and unfair competition. All claims stem from alleged breaches of contract based, in relevant part, on "disassembling, reverse-engineering, or otherwise replicating, duplicating, or copying [Larada's] Device or a component or portion of the Device to create the FloSonix device."[2]

The Court's December 6, 2018 Scheduling Order set the deadline for the parties to file motions to amend pleadings and add parties for April 1, 2019.[3] PHS filed its Answer and Counterclaims on September 21, 2018.[4] Larada moved to dismiss PHS's counterclaims on

---

[1] ECF No. 1.
[2] *Id*. at 2, ¶ 34.
[3] ECF No. 35 at 4.
[4] ECF No. 24.

1

November 2, 2018.[5] Following oral argument, the Court permitted PHS to amend its counterclaims by April 24, 2019. ECF No. 45. On that date, PHS timely filed its Motion for Leave to Amend its Counterclaim.[6]

The parties then stipulated to extend the time for Larada to oppose PHS's Motion because the "parties ha[d] taken to heart the Court's comments at the April 2, 2019 hearing, and [were] engaged in good-faith settlement negotiations."[7] On the day Larada's opposition would have been due (*i.e.*, May 22, 2019), the parties stipulated to stay the case to further settlement discussions, recognizing then that "the deadline for completion of discovery [was] nearing."[8] On May 23, 2019, the Court stayed this action.[9]

On January 10, 2020, the parties conferred about the Court Clerk's email request dated December 30, 2019, seeking an update on the stay.[10] The parties agreed the stay should be continued an additional sixty days to permit further settlement discussions.[11] On January 23, 2020, PHS tendered an offer to Larada to settle this action and a related patent infringement action pending before the Western District of North Carolina, styled *Larada Sciences, Inc. v. Pediatric Hair Solutions Corporation, FloSonix Ventures, LLC*, case number 3:18-cv-00320-RJC-DSC, Western District of North Carolina (the "Patent Action").[12] New counsel for Larada rejected PHS's offer and, instead, submitted a proposed amended complaint on February 21,

---

[5] ECF No. 31.
[6] ECF No. 48.
[7] ECF No. 49 at 2.; *see also* ECF No. 50.
[8] ECF No. 51 at 3.
[9] *See* ECF Nos. 52, 64.
[10] Declaration of Sarah E. Elsden ("Elsden Decl.") at ¶ 2.
[11] *Id.*
[12] *Id.* at ¶ 3.

2020, seeking PHS's consent to file.[13] PHS did not consent to the proposed amendment. On March 17, 2020, the Court lifted the stay and set the remaining discovery and pretrial deadlines.[14]

### III. LEGAL STANDARD

When a party seeks to amend its complaint after the time for amendment under the Court's scheduling order has expired, the movant must demonstrate both (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4), and (2) satisfaction of the Rule 15(a) standard. *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015). If, however, the movant fails to show good cause under Rule 16(b), there is no need for the Court to move on to the second step of the analysis, namely, whether the movant has satisfied the requirements of Rule 15(a). *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1242 (10th Cir. 2014) (declining to reach Rule 15(a) issue where movants could not show good cause under Rule 16(b)); *Birch*, 812 F.3d at 1249 (same).

Under Rule 16(b)(4), "the movant [must] show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Birch*, 812 F.3d at 1247 (quotations and alterations omitted); *see also Gorsuch*, 771 F.3d at 1240. Importantly, "[i]f the plaintiff knew of the underlying conduct but simply failed to raise tort claims, however, the claims are barred." *Birch*, 812 F.3d at 1247.

In the event the court reaches the second step of the analysis (*i.e.*, Rule 15(a)), courts may deny leave to amend based on "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of

---

[13] *Id.* at ¶ 4.
[14] ECF No. 66.

amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009).

## IV. ARGUMENT

**1. Larada has failed to satisfy the Rule 16 good cause standard.**

Larada sought leave to amend its Complaint nearly one year after the deadline to file motions to amend pleadings and add parties expired.[15] Specifically, Larada seeks to (1) add three new parties: Sheila Fassler, R.N., John Fassler, M.D., and FloSonix Ventures, LLC. Sheila Fassler, R.N. is the sole owner of PHS and John Fassler, M.D. is its Medical Director and Chief Financial Officer.[16] FloSonix Ventures, LLC is a Wyoming limited liability company formed on May 4, 2017. Mrs. Fassler is FloSonix Ventures, LLC's sole owner and member.[17]

Larada also seeks leave to (2) amend its breach of contract and unjust enrichment claims against PHS; (3) assert a new claim for breach of a lease agreement against Mrs. Fassler; (4) assert a new claim for breach of a consulting agreement against Dr. Fassler; (5) assert a new claim for misappropriation of trade secrets against all proposed defendants; (6) assert a new declaratory judgment claim against PHS; and (7) broaden its trespass to chattels, conversion, and unjust enrichment claims to apply to all proposed new defendants. Larada also proposes skyrocketing its claimed damages from $84,810 to $15,000,000.[18] Larada has not addressed Rule 16's good cause standard, nor shown the scheduling deadline could not be met despite its diligent efforts.[19] *Gorsuch*, 771 F.3d at 1241. The Motion is not well founded and should be denied.

---

[15] *Compare* ECF No. 61 *with* ECF No. 35 at 4.
[16] ECF No. 42 at 14, ¶ 13; *See* Exhibit 1, Declaration of Sheila Fassler ("Fassler Decl.") at ¶ 2.
[17] Ex. 1, Fassler Decl. at ¶ 3.
[18] ECF Nos. 61-2 at 18-29.
[19] Larada erroneously and exclusively relies on Rules 15(a) and 21. ECF No. 61 at 3-4 (citing *U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018 (citation omitted). The amendment sought in *Koch Indus.* was made *before* defendants had filed a responsive pleading and was therefore
(continued...)

### 2. This Court should not allow Larada to benefit from making new allegations of which it had knowledge of long before the deadline lapsed.

Larada argues it should be permitted to amend because it received "new" information. Larada does not, however, explain when or how it received that information, and most of its proposed claims are unrelated to the bare information it claims it recently learned. Larada's assertion that this information is new is directly contradicted by early 2017 communications, its own court filings, and discovery exchanged in this action long ago.

Well before Larada initiated this lawsuit, as early as August 2017, Larada developed its theory that the Fasslers were providing heated air lice treatments using a device, similar to Larada's, that PHS's website referred to as the FloSonix device, in direct competition with Larada.[20] Larada claimed then that PHS's website "includes several claims regarding the effectiveness of PHS's heated air treatment that appear to be based on the AirAllé's proven and documented effectiveness." Yet, Larada waited until now to allege the Fasslers, PHS, and FloSonix Ventures, LLC copied Larada's device, misappropriated its technical know-how, and used Larada's confidential information "to develop FloSonix's business strategies".[21]

Larada claims its proposed amendment provides new information regarding "the intent of PHS and the Fasslers to misappropriate Larada's information years earlier than previously known" and new information reflecting that they provided Larada's device to third parties for disassembling and reverse engineering.[22] Larada contends when it filed its Complaint, it did not

---

(...continued)
allowed as a matter of right under Rule 15(a). To the contrary, PHS has filed an answer and the deadline for Plaintiff to amend has long passed.
[20] Elsden Decl., ¶ 5, Ex. A (August 11, 2017 letter).
[21] ECF No. 61-2 at 21-22, ¶¶ 94, 100.
[22] ECF No. 61 at 4.

5

know PHS intended to market the FloSonix device nationwide as opposed only at PHS's various clinics around the nation.[23] Larada does not explain when it learned the new facts on which it now relies. It omits this critical information because Larada had all the information it needed to assert its proposed new claims long before the deadline lapsed.

Indeed, Larada's Complaint, filed in July 2018, alleges "PHS disassembled, reverse-engineered, or otherwise replicated, duplicated, or copied [Larada's] Device to create a competing product called the FloSonix device, in violation of Section 10 of the License Agreements."[24] One month earlier, Larada filed a separate Complaint in the Patent Action and alleged PHS <u>and</u> FloSonix Ventures, LLC "*copied* [Larada's] device" and "*through the sale* of the Flosonix device and instruction and training of customers, contribute[d] to and induce[d] infringement of the Patents-in-Suit."[25] Larada further alleged PHS <u>and</u> FloSonix Ventures, LLC made, used, imported into the United States, offered for sale, or sold the FloSonix device.[26] Larada did not narrowly limit its allegations in the Patent Action to marketing the FloSonix device at only PHS's clinics. In other words, in mid-2018, Larada knew the underlying facts for the breach of contract claims and misappropriation of trade secret claim it now seeks to add and the parties involved, but failed to timely amend.

Larada also contends it did not know when it filed its Complaint in this action that PHS shared Larada's device with an engineering firm to reverse engineer. Even assuming the veracity of that allegation, knowledge of an engineer's participation in the alleged reverse engineering was not needed to assert individual breaches of contract claims or misappropriation of trade

---

[23] *Id* at 4-5.
[24] ECF No. 2 at 7, ¶ 28; *see also* 8, ¶ 34.
[25] Elsden Decl., ¶ 6, Ex. B at ¶ 39 (Patent Action Compl.) (emphasis added).
[26] *Id.*at ¶ 10 (Patent Action Compl.).

secrets claims against the proposed defendants when it has alleged reverse engineering all along. Larada has always claimed FloSonix Ventures, LLC and PHS misappropriated Larada's confidential patented materials, reverse engineered Larada's device, and marketed and sold the competing FloSonix device in the United States. Larada should not be permitted to allege new claims, when it has known about and alleged facts in attempt to support those claims since at least mid-2018.

For example, Larada has always known the nature of the relationship between the proposed defendants and PHS. In fact, Larada's Complaint in the Patent Action alleges "Defendant FloSonix shares officers and employees with Defendant PHS, and thus has knowledge of the Patents-in-Suit and that the use of the FloSonix device as instructed constitutes infringement of the methods claimed therein."[27] Moreover, Larada's argument that it did not know their intent to misappropriate Larada's information also falls flat in light of its "willfull and reckless disregard" allegations Larada made in the Patent Action.[28]

On April 1, 2019—coincidentally, the <u>same</u> date the deadline expired to amend pleadings and add parties in this case—Larada filed a claim construction brief in the Patent Action further asserting that PHS and FloSonix Ventures, LLC together built the competing infringing device and marketed their device using the treatment efficacy statistics that had originally been determined by researchers using Larada's AirAllé device.[29] Larada unequivocally knew prior to the day of the deadline in this action, the alleged facts that support its proposed new claims.

Again, Larada does not explain when or how it obtained its "new" information or, more

---

[27] Elsden Decl., Ex. B at ¶ 40; *see also* ¶¶ 30-35.
[28] *Id.* at ¶¶ 46, 53, 60, 69 (asserting PHS's and FloSonix Ventures, LLC's acts were "in willfull and reckless disregard" of Larada's rights).
[29] Elsden Decl, ¶ 7, Ex. C at 2-3.

importantly, why it could not move to amend *before* the April 1, 2019 deadline. Assuming Larada learned the information during discovery, the discovery exchanged between the parties occurred well before the deadline lapsed to add new claims and parties. The timing of PHS's disclosures, submitted prior to the filing of Larada's Motion, follows:[30]

- PHS's 1st document production           12/04/2018
- PHS's 2nd document production          12/18/2018
- PHS's 3rd document production           03/14/2019
- Deadline to add parties/add claims      04/01/2019
- Larada's Motion for Leave to Amend   02/20/2020

Even assuming Larada learned the full scope of PHS's marketing plans or that a third party reverse engineered Larada's device or that all proposed defendants misappropriated Larada's confidential information, it would have gleaned that information *prior to* the deadline to amend. Larada could have, but did not, seek leave to amend at that time or move to extend the deadline. Larada also did not serve any written discovery on PHS in this action.[31] Instead, Larada waited until it obtained new counsel nearly a year later to raise new claims, increase its damages, and add new parties based on alleged conduct Larada has known about for years. Larada has not shown good cause for modifying the scheduling order, nor has it shown that it made diligent efforts to meet the deadline. In fact, Larada offers no supported explanation for its belated motion. "[C]arelessness is not compatible with a finding of diligence" and Larada offers no reason for this Court to grant relief under the circumstances. *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 989 (10th Cir. 2019) (citation omitted).

---

[30] Elsden Decl., ¶ 8.
[31] Larada served discovery requests to PHS and FloSonix Ventures, LLC in the Patent Action seeking, in part, documents relating to reverse-engineering of Larada's devices. The parties agreed documents produced in either case may be used by the requesting party in both cases. *Id.* at ¶ 9.

8

> **3.      Even if Larada could show good cause why it failed to meet the deadline, the Court should also deny leave to amend under Rule 15 based on undue delay, serious prejudice, and the futility of the proposed claims.**

Given Larada's failure to meet the Rule 16(b)(4) standard, the Court need not consider whether Larada meets the requirements for leave to amend under Rule 15(a). However, even if the Court conducts a Rule 15(a) analysis, Larada's Motion fails due to undue delay, prejudice to PHS, and futility of its proposed amendments. *See Bylin*, 568 F.3d at 1229.

In determining whether a movant unduly delayed in filing its motion to amend, courts primarily look to whether the movant has an adequate explanation for the delay. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993)). The rules governing a motion to amend apply with equal force to a motion to add a party. *Id*. "[U]ntimeliness alone is a sufficient reason to deny leave . . . especially when the party filing the motion has no adequate explanation for the delay." *Id.* (collecting citations omitted).

Larada has alleged since mid-2018 that PHS and FloSonix Ventures, LLC allegedly copied Larada's confidential information to create the FloSonix device. Larada could have amended its Complaint a year ago, but offers no justification for its delay. *See Frank*, 3 F.3d at 1365 (upholding district court's denial of leave to amend where plaintiffs moved to amend four months after the deadline and because plaintiffs knew or should have known long before the deadline passed of the role played by the party they wanted to add). Larada's undue delay tips heavily in favor of denying its late request to amend.

Larada wishes to start over with brand new counsel and a brand new case, composed of new claims and three new defendants, near the close of fact discovery and after the deadline to amend has long passed. With 45 days left before the discovery cut-off and expert disclosures due one month later in a case that has been pending since August 2018, allowing Larada to benefit

9

from its dilatory conduct would severely prejudice Defendants and increase litigation costs. The parties would need to engage in further motion practice to adjudicate whether Larada's proposed claims are subject to dismissal, and the parties would certainly need to extend all discovery and pretrial deadlines. Larada should not be permitted to amend when it has sat on its hands for years. The prejudice to PHS is severe and warrants denial of Larada's request.

Moreover, "[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001). Here, the Court does not have personal jurisdiction over FloSonix Ventures, LLC, a Wyoming entity that conducts no business in or directed at Utah consumers, among other reasons.[32] Moreover, the information the Fasslers' allegedly copied occurred years after the 2010 Lease Agreement and 2015 Consulting Agreement were superseded or expired, barring Larada's contract claims. Third, the alleged trade secrets related to the patented device technology and know-how are widely known. There is nothing secretive about the information Larada shares with its other licensees and the public.

For all these reasons, the Court should deny Larada's motion for leave to amend.

## V. CONCLUSION

PHS respectfully requests the Court deny Larada's Motion because Larada was aware of the facts on which its proposed amendment is based for at least twelve months—and at most since the filing of its Complaint—prior to seeking amendment.

///

---

[32] Ex. 1, Fassler Decl. at ¶¶ 3-7.

10

DATED this 30th day of March, 2020.

                                                                                                                                                     LEE & HAYES P.C.

                                                /s/ Sarah E. Elsden
                                                William B. Dyer III (pro hac vice)
                                                Andrew G. Strickland (pro hac vice)
                                                Sarah E. Elsden (pro hac vice)

                                                MAGLEBY CATAXINOS & GREENWOOD
                                                Christine T. Greenwood (#8187)
                                                Geoffrey K. Biehn (#13445)

                                                *Attorneys for Defendant Pediatric Hair Solutions Corporation*

11

## CERTIFICATE OF SERVICE

I certify I am employed by the law firm of Lee & Hayes P.C., 601 W. Riverside, Suite 1400, Spokane, Washington 99201, and pursuant to Federal Rules of Civil Procedure Rule 5(b), a true and correct copy of the foregoing **Defendant's Opposition to Plaintiff's Motion for Leave to File First Amended Complaint, to Add Defendants, and to Lift Stay** was delivered to the following this 30th day of March, 2020, by:

[ ] Hand Delivery
[ ] Depositing the same in the U.S. Mail, postage prepaid
[X] CM/ECF System
[ ] Electronic Mail

>Douglas C. Smith
>Lewis Brisbois Bisgaard & Smith, LLP
>1218 East 7800 South, Suite 300
>Sandy, UT 84094
>douglas.smith@lewisbrisbois.com

>Peter M. Stasiewicz
>Arcturus Law Firm
>211 W. Wacher #323
>Chicago IL 60606
>pete@arcturuslaw.com

/s/ Sarah E. Elsden