Douglas C. Smith (#10805)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1218 East 7800 South, Suite 300
Sandy, UT 84094
tel: (801) 251.7341
fax: (801) 562.5510
douglas.smith@lewisbrisbois.com

Peter Stasiewicz (IL No. 6290832) (*pro hac vice*)
**ARCTURUS LAW FIRM**
211 West Wacker Drive # 323
Chicago, Illinois, 60606
tel: (312) 957-6194
fax: (312) 489-8307
pete.stasiewicz@arcturuslaw.com

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware Corporation,<br><br>**Plaintiff,**<br><br>v.<br><br>PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina Corporation,<br><br>**Defendant.** | **PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE AMENDED COUNTERCLAIMS AND ADD DEFENDANTS**<br><br><br>**Case No.: 2:18-cv-00551-RJS-PMW**<br>**Judge Robert J. Shelby**<br>**Magistrate Judge Paul M. Warner** |

The thrust of PHS's opposition to Larada's proposed amended complaint is that it has now been long enough since PHS and the proposed new Defendants secretly appropriated Larada's confidential information that they should be allowed to get away with it. This Court should not allow Defendants to dodge liability so easily.

Any new substantial facts in the Proposed Amended Complaint were learned subsequent to the filing of the original complaint, primarily through Attorney's Eyes Only document productions from PHS served two weeks prior to the original amended pleading deadline in this case, and all relating to the same underlying factual claims at issue in the original complaint.

**I.  Even if Rule 16 Controls, Larada Can Demonstrate Good Cause.**

PHS first argues that Rule 16, rather than Rules 15 or 21, governs this motion. Larada does not dispute that under *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230 (10th. Cir. 2014), where a scheduling order is in effect, Rule 16 governs over Rule 15. In this case, the effect of this court's entry of a stipulated stay order in May 2019, which by its terms suspended previous deadlines, is unclear.[1] But mindful of the fact that the April 1, 2019 amendment deadline from the original scheduling order has passed, and assuming Rule 16's standards apply to this motion, Larada has in any case demonstrated good cause for allowing the amendment of its complaint, because "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery."[2]

Here, all of the information Larada proposes to add to its complaint is new information learned through discovery and other channels. Virtually all of the information that forms the basis for the amendments to the complaint, pertaining to communications between PHS and the third-party engineering firm, comes from Larada's third document production on Mar. 14, 2019 which was served only two weeks prior to the original amendment deadline.[3] Moreover, nearly all of

---

[1] Dkt # 35, Scheduling Order. The dates in that Scheduling Order were also partially amended following the hearing on Larada's Motion to allow Larada to file an amended counterclaim.

[2] *Kennedy v. Prot. One Alarm Monitoring, Inc.*, No. 2:16-CV-00889-DN, 2017 WL 1755960, at *2 (D. Utah May 4, 2017); citing *Gorsuch*, 771 F.3d at 1241.

[3] *See.* Dkt # 69, Elsden Dec. ¶ 8.

those documents were designated Attorneys' Eyes Only and could not be shared with company representatives. This case was stayed on May 23, 2019 and Larada substituted counsel in February 2020. [4] Larada's new counsel had to review these documents anew and promptly filed the instant motion. The documents produced by PHS combined with Larada's previous suspicions, form the basis for the proposed amended counterclaims.

PHS's argument that Larada had "all the information it needed" to bring amended claims misses the mark. While Larada may have had suspicions as to the personal involvement of the Fasslers in breaching PHS's confidentiality obligations (as well as their own personal contractual confidentiality obligations) the discovery provided by PHS raised Larada's suspicions to the level of actionable claims that could hold up to federal pleading standards. Similarly, even if Larada was aware of the Fasslers' roles with both PHS and FloSonix, it was the *personal* involvement of the Fasslers that provides the necessary link for Larada to allege FloSonix's tortious activity in *knowingly* using Larada's proprietary and confidential information to market to Larada's own clinics.[5] This information also came from the third PHS production, as well as independent information received by Larada outside of discovery from its clinic owners.

The fact that Larada suspected the involvement of the Fasslers and FloSonix does not mean it could have successfully alleged claims that would have withstood a motion to dismiss when Larada initially filed a complaint, and thus should not be a basis to deny amendment.[6] Additionally,

---

[4] Dkt #52; Dkt # 57.

[5] PAC ¶¶ 141-145.

[6] *See Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010)(noting that plaintiff "may have suspected" that defendant breached an agreement, but finding that plaintiff acted properly by waiting until its cause of action was "based on factual allegations, not factual speculation" before bringing motion to amend); *Mason Tenders Dist. Council of Greater New York*

while FloSonix was named in the North Carolina Patent action, the elements and standards for proving patent infringement are different than proving a misappropriation of trade secrets (most notably, trade secret liability generally requires knowledge on the part of the defendant, whereas knowledge is not required for patent infringement liability, although it can give rise to damages for willful infringement). Moreover, the Proposed Amended Complaint alleges misappropriation of trade secrets beyond the patented device technology, relating to Larada's marketing and business strategies.[7]

Larada also learned additional relevant facts outside of formal discovery. For example, Larada did not know about a meeting held by the Fasslers in late 2016, at which they discussed a plan to compete with Larada, until January 2020 when Larada was informed by a Larada franchisee.[8]

This matter is still in the pleading stage, with PHS's leave to file proposed amended counterclaims concurrently pending with this motion. The case was stayed until Larada's new counsel filed the motion to amend and dissolve the stay. No depositions have been taken. If any additional fact discovery is required by Larada, it will be minimal, because all claims relate to the same factual core of events in the original complaint. Moreover, the thrust of the claims against PHS – that it breached the License Agreements by disassembling, reverse-engineering and

---

*v. Phase Constr. Servs., Inc.,* 318 F.R.D. 28, 37 (S.D.N.Y. 2016); *Soroof Trading Dev. Co. v. GE Microgen, Inc.,* 283 F.R.D. 142, 149 (S.D.N.Y. 2012)(even where some facts regarding amended claim were pled in original complaint, plaintiff did not have sufficient facts to support amended claim until it received it during discovery, after deadline for amended pleadings).

[7] PAC ¶ 30, 31.
[8] PAC ¶ 35.

duplicating the Larada Device to create the FloSonix Device, was already contained in substance in the original complaint.[9]

## II. Larada Did Not Have the Factual Basis to Adequately Plead Its New Claims Until It Received Discovery From PHS.

The idea that Larada is seeking to "start over," or that this is a "brand new case" could not be further from the truth.[10] Larada is seeking to hold Defendants liable for the same factual matter asserted in Larada's original complaint, but which it could not quite adequately allege because Defendants had concealed their misconduct.

With regard to PHS, additional factual material is alleged as to PHS's wrongdoing, but the claims are essentially unchanged – as are Larada's damages.[11] PHS says that Larada "proposes skyrocketing" its damages, but the original Complaint already specified that damages would be "in an amount to be determined at trial" and *no less* than the $84,801 owed in delinquent license payments.[12] In other words, while the damages for breach of confidentiality were always contemplated by the original complaint, the Proposed Amended Complaint makes their scope clearer so PHS cannot claim surprise at trial. There are no new damages claim against PHS for breach of the License Agreements.[13]

Here, the factual situation continues to track the original Complaint. The only new cause of action specifically against PHS is a declaratory judgment based on section 10(k) of the License Agreements, under which the FloSonix Device is deemed an Innovation. Through discovery,

---

[9] *Compare* Compl. ¶ 28 *with* PAC ¶ 60.

[10] Resp. at 9.

[11] Compare Compl. Çounts I and II with PAC Counts I and II.

[12] Compl. ¶ 35.

[13] To the extent PHS could somehow be deemed to not be bound by the License Agreements, the trade secrets claim would allow Larada to pursue tort liability against PHS.

Larada's has learned additional facts showing that the FloSonix Device was clearly designed with the Larada Device as a baseline reference. Those documents also allowed Larada to establish that the design of the FloSonix Device had been substantially completed, in secret, prior to the termination of the License Agreements, something Larada would have been unable to know without the benefit of discovery. Larada did not know about the first FloSonix Device until several months after terminating the License Agreements.[14]

With regard to the new Defendants, the direct personal involvement of the Fasslers in providing the Larada Device to the third-party firm was indeed suspected by Larada, as was the fact FloSonix was knowingly using Larada's confidential information, as described in Part I above.

### III. Rule 15 Factors Support Granting Larada Leave to Amend.

None of PHS's arguments regarding Rule 15 factors support denial of Larada's motion to amend.

PHS's arguments regarding undue delay fail for the same reasons that support a finding of good cause as discussed above, and as discussed in Larada's motion.[15]

PHS cannot reasonably assert prejudice.[16] PHS's conclusory allegation of prejudice do not stand up to scrutiny. PHS is concurrently moving to amend its counterclaims against Larada; if

---

[14] PAC ¶ 53.

[15] Mot. at 5, 6.

[16] *See Colorado Cross-Disability Coal. v. Abercrombie & Fitch Co.*, No. CIVA09-CV-02757WYDKM, 2010 WL 1905003, at *2 (D. Colo. May 12, 2010)(when amended claims "track the factual situations set forth in his [original] claims no prejudice exists, *quoting Gillette, v. Tansy*, 17 F.3d 308, 313 (10th Cir.1994) and courts typically only find prejudice where a "shift in the thrust of the case" due to a proposed amendment to the pleadings is late in the case, *citing Evans v. McDonald's Corp.*, 936 F.2d 1097, 1090–91 (10th Cir.1991)).

that amendment is allowed, there will likely be motion practice regarding whether those counterclaims adequately state a claim, just as PHS suggests Larada's complaint would be subject to similar motion practice.

Ironically, PHS's pending amendment also likely would lead to more additional discovery than would Larada's amendment. Despite PHS's insistence that Larada should be denied leave to amend because it "should" have known about PHS's secret activity when it filed its original complaint, PHS's pending proposed amended counterclaim is based on an interpretation of Exhibit C, Paragraph 5 of the License Agreements, that actually *could* have been brought in their original counterclaim. PHS's original counterclaim alleges that Larada breached the covenant of good faith and fair dealing with regard to Exhibit C, Paragraph 5, by marketing a home treatment kit. PHS's proposed amended counterclaim now alleges that Larada breached the same provision by failing to refund certain fees in response to a notice allegedly sent by PHS to Larada October 4, 2017 – nearly a year prior to PHS's original counterclaim filing on September 28, 2018.[17] No new facts are alleged by PHS that were not available to it in 2018. If any party is bringing new claims now that they could have brought in the first place, it is PHS, not Larada. Given that Larada's amended claims require relatively little additional discovery (as they relate to the same factual matters that have already been subject to discovery), while PHS's new counterclaim would require additional discovery relating to the October 4, 2017 noticePHS's claims of prejudice thus ring hollow.

Finally, PHS's conclusory charges of futility are easily defeated. Larada alleges that FloSonix knowingly used Larada's confidential information and used it to market directly to

---

[17] Compare Dkt #48-1 PHS proposed Countercl. ¶ 68; Dkt. #24, PHS original Countercl. ¶¶ 96-101.

Larada's own clinics.[18] This intentional tortious activity alone would support personal jurisdiction over FloSonix in Utah. To the extent Sheila Fassler was a personal signatory to the Lease Agreement, she has an ongoing obligation of confidentiality on that basis.[19] Dr. Fassler's Consulting Agreement was likely still in place when he conveyed confidential information to third parties, and in any case, the Proposed Amended Complaint alleges that the confidentiality clause in the Consulting Agreement extended beyond the its termination.[20] Finally, the alleged trade secrets are not limited to patented materials, but refer to other non-public materials protected by confidentiality agreements before they are shared with any licensee, including PHS.[21]

## CONCLUSION

For the foregoing reasons and those in its opening memorandum, Larada Sciences, Inc. respectfully requests that this Court grant Larada leave to file its First Amended Complaint, and grant the motion to join Defendants John E. Fassler, M.D., Sheila M. Fassler, and FloSonix Ventures, LLC.

DATED this 13th day of April, 2020.

/s/ Peter M. Stasiewicz

Douglas C. Smith
LEWIS BRISBOIS BISGAARD & SMITH LLP

Peter Stasiewicz (*pro hac vice*)
ARCTURUS LAW FIRM

*Attorneys for Plaintiff Larada Sciences, Inc.*

---

[18] PAC ¶¶ 12, 59, 142-145.

[19] PAC ¶¶ 19, 20, 91.

[20] PAC ¶¶ 24, 26.

[21] PAC ¶¶ 30, 31, 138-140.

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct of copy of the foregoing **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND COUNTERCLAIMS AND ADD DEFENDANTS** was served to the following this 13th day of April, 2020, in the manner set forth below:

[X]   Through the CM/ECF System for the U.S. District Court
[ ]   Hand Delivery
[ ]   U.S. Mail, postage prepaid
[ ]   E-mail: greenwood@mcgiplaw.com
       biehn@mcgiplaw.com
       andrew.strickland@leehayes.com
       sarah.elsden@leehayes.com

      Christine T. Greenwood
      Geoffrey K. Biehn
      MAGLEBY CATAXINOS & GREENWOOD, PC
      170 South Main Street, Suite 1100
      Salt Lake City, UT 84101-3605
      greenwood@mcgiplaw.com
      biehn@mcgiplaw.com

      Andrew G. Strickland
      LEE & HAYES, PLLC
      1175 Peachtree Street, NE
      100 Colony Square, Suite 2000
      Atlanta, GA 30361
      (admitted pro hac vice)
      andrew.strickland@leehayes.com

      Sarah E. Elsden
      LEE & HAYES, PLLC
      601 W. Riverside Avenue, Suite 1400
      Spokane, WA 99201
      (admitted pro hac vice)
      sarah.elsden@leehayes.com

                                                  */s/* Peter M. Stasiewicz