IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware corporation,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina corporation,<br><br>    Defendant/Counterclaimant. | **ORDER**<br><br>Case No. 2:18-cv-00551<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Paul M. Warner |

This case arises out of a soured business relationship between Plaintiff Larada Sciences, Inc. and Defendant Pediatric Hair Solutions Corporation (PHS). Before the court now are two motions: (1) Larada's Motion for Leave to File First Amended Complaint[1] and (2) PHS's Motion for Leave to Amend Counterclaims.[2] For the reasons explained below, both Motions are GRANTED.

**PROCEDURAL HISTORY**

Larada filed its original Complaint against PHS on July 11, 2018.[3] PHS filed an Answer and Counterclaims on September 21, 2018.[4] In response, Larada filed a Motion to Dismiss PHS's Counterclaims.[5] On April 2, 2019, the court granted in part and denied in part Larada's Motion, dismissing without prejudice PHS's counterclaims for breach of contract and breach of

---

[1] Dkt. 61.

[2] Dkt. 48.

[3] Dkt. 2.

[4] Dkt. 24.

[5] Dkt. 31.

1

the implied covenant of good faith and fair dealing.[6] On April 24, 2019, PHS filed its Motion for Leave to Amend Counterclaims.[7]

Before Larada responded to PHS's Motion, the parties filed a stipulated Motion to Stay Case Pending Settlement Negotiations, which the court granted on May 23, 2019.[8] The court stayed the matter indefinitely and instructed the parties to move the court to lift the stay if settlement negotiations failed.[9]

On February 28, 2020, Larada filed its Motion for Leave to File First Amended Complaint, in which it sought leave to file an amended complaint and moved the court to lift the stay.[10]

On March 13, 2020, the parties filed a Stipulated Motion to Lift Stay,[11] which the court granted on March 17, 2020.[12] Since the court lifted the stay, the parties have filed their respective oppositions and replies to the Motions.[13]

## LEGAL STANDARDS

Federal Rule of Civil Procedure 15 governs amendment of pleadings. Relevant here, Rule 15(a)(2) instructs that the court "should freely give leave [to amend] when justice so requires."[14] As the Tenth Circuit has explained, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or

---

[6] Dkt. 45.

[7] Dkt. 48.

[8] Dkt. 52.

[9] Dkt. 52.

[10] Dkt. 61.

[11] Dkt. 64.

[12] Dkt. 66.

[13] *See* dkt. 67; dkt. 68; dkt. 70; dkt. 71.

[14] Fed. R. Civ. P. 15(a)(2). The parties agree Rule 15(a)(2) governs both of their motions.

dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[15] An amendment is futile "if the complaint, as amended, would be subject to dismissal."[16]

When a party moves for leave to amend a pleading after the scheduling order deadline has passed, the moving party bears the burden of satisfying Rule 16(b)(4), which states "[a] schedule may be modified only for good cause and with the judge's consent."[17] Once the moving party demonstrates good cause, the court proceeds to its usual Rule 15 analysis.[18]

## ANALYSIS

### A. LARADA'S MOTION

Larada seeks leave to amend its Complaint to add both new claims and new parties.[19] Specifically, Larada seeks to add breach of contract claims against Sheila and John Fassler—PHS's owners—and tort claims against FloSonix Ventures, LLC—an entity founded by the Fasslers.[20] PHS opposes Larada's Motion both on Rule 15 and Rule 16 grounds.

Beginning with Rule 16, PHS argues that because Larada filed its Motion after the scheduling deadline to amend pleadings and join parties, it must show good cause for modification of the scheduling order.[21] PHS further argues that Larada has failed to satisfy the

---

[15] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

[16] *Id.* (citation omitted) (internal quotation marks omitted).

[17] Fed. R. Civ. P. 16(b)(4); *see also Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

[18] *See Gorsuch*, 771 F.3d at 1240.

[19] Dkt. 61 at 3.

[20] Dkt. 61 at 2–3.

[21] Dkt. 68 at 6. Pursuant to the scheduling order in this case, the deadline for filing motions to amend pleadings or add parties was April 1, 2019. Dkt. 35 at 4.

3

good cause standard.²² In response, Larada argues that it is unclear whether it must satisfy the Rule 16(b)(4) good cause standard but that, even if Rule 16(b)(4) applies, it has met its burden.²³

As an initial matter, the court concludes Rule 16(b)(4) applies here. The scheduling order in this case set April 1, 2019 as the deadline for filing motions to amend pleadings or add parties.²⁴ Because Larada filed its Motion after the April 1, 2019 deadline, Rule 16(b)(4) applies.²⁵ The court also concludes that Larada has satisfied the good cause standard.

Rule 16(b)(4)'s good cause standard "focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment."²⁶ Thus, a movant must demonstrate it had good cause for failing to move to amend prior to the deadline and that good cause existed for the length of time between learning of new information warranting amendment and moving to amend.²⁷

Here, Larada avers that it obtained "[v]irtually all of the information that forms the basis for the amendments to the complaint" as a result of PHS's third document production on March 14, 2019.²⁸ Thus, Larada has shown good cause why it failed to move to amend prior to the April 1, 2019 deadline because it received the relevant document production only two weeks before the deadline.²⁹ As to the second factor, the court also finds Larada has shown good cause existed for the length of time between learning the new information and filing its Motion. While

---

²² Dkt. 68 at 6–10.

²³ Dkt. 71 at 2.

²⁴ Dkt. 35 at 4.

²⁵ *See Gorsuch*, 771 F.3d at 1240.

²⁶ *McCubbin v. Weber Cty.*, Nos. 1:15-cv-132, 1:15-cv-133, 2017 WL 3411910, at *2 (D. Utah Aug. 7, 2017).

²⁷ *Zisumbo v. Convergys Corp.*, No. 1:14-cv-134, 2019 WL 1170766, at *4 (Mar. 13, 2019).

²⁸ Dkt. 71 at 2.

²⁹ To the extent PHS argues Larada already knew about its amended claims before receiving the third document production, the court accepts Larada's representation that it did not receive the information needed to turn suspicions into actionable claims until the third document production. Dkt. 71 at 3.

nearly one year elapsed between the third document production and Larada filing its Motion, the case was stayed by stipulation of the parties for a majority of that timeframe. Indeed, the case was stayed from May 23, 2019, until after Larada filed its Motion. Further, the parties represented to this court as early as May 7, 2019, that they were engaged in good-faith settlement negotiations.[30] Viewed in context, Larada's delay in filing its Motion is not unreasonable. Thus, the court concludes Larada has shown good cause for the time elapsed between obtaining the relevant new information and filing its Motion.

Having concluded Larada has satisfied Rule 16's good cause requirement, the court turns to PHS's Rule 15 arguments. PHS's Rule 15 arguments center primarily around what it perceives as undue delay on Larada's part in filing its Motion.[31] PHS also summarily argues that Larada's proposed amendment is futile.[32]

For the many of the same reasons discussed above, the court does not find Larada's delay in filing its Motion to be undue or seriously prejudicial to PHS. While Larada's delay may be lengthy in absolute terms, it is much shorter and more reasonable when viewed in context with the court's stay and the parties' settlement negotiations. Additionally, this case has not yet advanced to a stage at which PHS would be seriously prejudiced by Larada's proposed amendment. Furthermore, the court concludes Larada's proposed amendment is not obviously futile. Instead, Larada's proposed amendment raises colorable claims that should be allowed at this stage.[33]

---

[30] Dkt. 49.

[31] Dkt. 68 at 11.

[32] Dkt. 68 at 12.

[33] *See Zisumbo*, 2019 WL 1170766, at *5 ("When amendments raise colorable claims, especially where they are based upon disputed facts, they should be allowed, and a comprehensive legal analysis deferred to subsequent motions to dismiss or for summary judgment." (citation omitted) (internal quotation marks omitted)).

Accordingly, Larada's Motion is GRANTED. Larada is directed to file its First Amended Complaint with the court within fourteen (14) days of this Order.

## B. PHS'S MOTION

PHS seeks leave to amend its counterclaims.[34] Specifically, PHS seeks to assert an amended breach of contract claim and requests the court enter a declaratory judgment related to the amended breach of contract claim.[35]

Larada opposes PHS's Motion, arguing PHS's proposed amendment is futile for several reasons.[36] First, Larada argues PHS's proposed amendment is futile because it is based on a contract provision that was terminated by Larada prior to the alleged breach.[37] Second, Larada argues that, even if the provision was not terminated, Larada's performance was excused because PHS materially breached the contract.[38] And finally, Larada argues PHS's proposed amendment fails to allege sufficient facts to support a breach of contract claim.[39]

With respect to the first two arguments, Larada is raising issues that are not properly before the court at this stage. For example, while PHS admits in its Answer that Larada provided it with a notice of termination, the court has not yet decided whether such notice resulted in a valid or effective termination of the contract. Nor has the court made a determination that PHS breached the contract, let alone in material fashion. Indeed, PHS's proposed amendment does not admit to any material breach. Put simply, Larada asks the court to make assumptions and draw inferences that it will not draw at this stage.

---

[34] Dkt. 48.

[35] Dkt. 48.

[36] Dkt. 67 at 1.

[37] Dkt. 67 at 2–6.

[38] Dkt. 67 at 5–6.

[39] Dkt. 67 at 6–7.

With respect to the third argument, the court mostly disagrees with Larada. While Larada argues the relevant provision requires PHS to allege nationwide use of a competing device, the court does not read the provision so broadly. Instead, the provision seems to require only allegations that a competing device is being used "in the United States."[40] And because PHS's proposed amendment alleges use in California, it has plausibly stated a claim for relief under the provision.[41]

Larada's argument regarding PHS's failure to allege performance of the contract, however, appears to be well taken.[42] As PHS acknowledges, it must allege its own performance under the contract in order to state a claim for breach of contract.[43] And as PHS further acknowledges, its proposed amendment does not explicitly allege PHS performed under the contract.[44] This perceived shortcoming notwithstanding, the court declines to deny PHS's Motion on this basis.

As PHS explains in its Reply, this omission appears to be the result of an inadvertent deletion made during edits to the proposed amendment.[45] Indeed, PHS's prior filings both stated "PHS performed all its obligations under the License Agreements."[46] PHS requests that it be permitted to file a supplemented proposed amended complaint to re-add the stricken sentence.[47] The court concludes granting PHS's Motion with leave to file the contemplated supplemented

---

[40] Dkt. 48 at 3.

[41] Dkt. 48-1 ¶ 67.

[42] Dkt. 67 at 5.

[43] Dkt. 70 at 5–6 (citing *Carmichael v. Higginson*, 2017 UT App 139, ¶ 10.5, 402 P.3d 146.

[44] Dkt. 70 at 9.

[45] Dkt. 70 a 9.

[46] Dkt. 24 ¶ 89; dkt. 42 ¶ 89. Further, in its proposed Answer, PHS denies Larada's allegations that it breached the contract. Dkt. 48-1 ¶¶ 32–33.

[47] Dkt. 70 at 10.

proposed amended complaint would best serve the interests of justice here.  By re-adding the stricken sentence, PHS would allay the court's futility concerns.  Allowing PHS to cure this mistake without requiring another round of motion practice will allow the parties to move forward in this case in an efficient and just manner.

Accordingly, PHS's Motion is GRANTED.  PHS is directed to file its Second Amended Answer and Counterclaims with the court within fourteen (14) days after Larada files its First Amended Complaint.  PHS may supplement its proposed amendment by re-adding the stricken sentence regarding its performance under the contract.[48]

## CONCLUSION

For the reasons stated above, Larada's Motion[49] and PHS's Motion[50] are GRANTED.  The parties are instructed to file their amended pleadings with the court as directed herein.

**SO ORDERED** this 20th day of April 2020.

BY THE COURT:

ROBERT J. SHELBY
United States Chief District Judge

---

[48] *See* DUCivR 15-1(c) ("The amended pleading filed must be the same pleading proffered to the court in [the motion for leave to amend], *unless the court has ordered otherwise*." (emphasis added)).  Obviously, PHS's Second Amended Answer and Counterclaims should also include responses to the new allegations and claims raised in Larada's First Amended Complaint.

[49] Dkt. 61.

[50] Dkt. 48.