Christine T. Greenwood (8187)
  greenwood@mcgiplaw.com
Geoffrey K. Biehn (13445)
  biehn@mcgiplaw.com
MAGLEBY CATAXINOS & GREENWOOD
170 South Main Street, Suite 1100
Salt Lake City, Utah 84101-3605
Telephone: 801.359.9000
Facsimile: 801.359.9011

Andrew G. Strickland (*pro hac vice*)
  Andrew.Strickland@leehayes.com
William B. Dyer III (*pro hac vice*)
  Bill.Dyer@leehayes.com
LEE & HAYES P.C.
75 14th Street, Ste. 2500
Atlanta, Georgia 30309
Telephone: 404.815.1900
Facsimile: 509.323.8979

Sarah E. Elsden (*pro hac vice*)
  Sarah.Elsden@leehayes.com
LEE & HAYES P.C.
601 W. Riverside, Suite 1400
Spokane, Washington 99201
Telephone: 509.324.9256

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware corporation,<br><br>       Plaintiff/Counterdefendant,<br><br>v.<br><br>PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina corporation, JOHN E. FASSLER, M.D., SHEILA M. FASSLER, and FLOSONIX VENTURES, LLC,<br><br>       Defendants/Counterclaimants. | DEFENDANT SHEILA FASSLER'S AND JOHN FASSLER'S ANSWERS TO AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, AND JOHN FASSLER'S COUNTERCLAIM<br><br>JURY TRIAL DEMANDED<br>Civil No. 2:18-cv-00551-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br>Magistrate Judge Jared C. Bennett |

Defendant Sheila Fassler ("Mrs. Fassler") and Defendant/Counterclaimant John Fassler ("Dr. Fassler") (collectively, the "Fasslers") answer the First Amended Complaint (Dkt. No. 86) and assert affirmative defenses. Dr. John Fassler also asserts a counterclaim against Plaintiff Larada Sciences, Inc. ("Plaintiff"). Except where expressly admitted, the Fasslers deny each allegation in Plaintiff's First Amended Complaint and deny Plaintiff is entitled to any relief requested.

## INTRODUCTORY STATEMENT

Plaintiff's introductory statement purports to broadly summarize the allegations and claims described in the body of its First Amended Complaint. Therefore, the Fasslers will respond to each enumerated allegation and claim rather than the collective summary. In the event an admission or denial is required, the Fasslers deny the allegations in the Introductory Statement.

## PARTIES

1.      Paragraph 1 alleges facts concerning Plaintiff and, therefore, the Fasslers are without knowledge sufficient to admit or deny this allegation, and therefore deny the same.

2.      Paragraph 2 pertains to Defendant Pediatric Hair Solutions Corp. ("PHS") and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

3.      Paragraph 3 pertains to Defendant FloSonix Ventures, LLC ("FSV") and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

4.      The Fasslers admit the allegations in paragraph 4.

5.      The Fasslers admit the allegations in paragraph 5.

## JURISDICTION AND VENUE

6.      The Fasslers admit the allegations in paragraph 6.

7.      The Fasslers admit the allegations in paragraph 7.

8.      The Fasslers admit the allegations in paragraph 8.

9.      The Fasslers admit the allegations in paragraph 9.

10.     Paragraph 10 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

11.     The Fasslers admit that Dr. Fassler traveled to Utah for meetings related to the business relationship between PHS and Plaintiff, but the remaining allegations in paragraph 11 purport to state a legal conclusion to which no answer is required. To the extent a response is required, the Fasslers deny the same.

12.     Paragraph 12 pertains to Defendant FSV and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

13.     The Fasslers admit the Lousebuster Lease Agreement between Plaintiff and PHS provides the jurisdiction and venue shall be in a court of competent jurisdiction in the State of Utah, but only for disputes not subject to arbitration as set forth in Section 17.3 of the Lease Agreement.  The Fasslers deny the rest of the allegations in paragraph 13.

14.     The Fasslers admit the Lousebuster Lease Agreement between Plaintiff and PHS provides the jurisdiction and venue shall be in a court of competent jurisdiction in the State of Utah, but only for disputes not subject to arbitration as set forth in Section 17.3 of the Lease Agreement. The Fasslers deny the rest of the allegations in paragraph 14.

## GENERAL ALLEGATIONS

15.     The Fasslers deny the allegations in paragraph 15.

16.     The Fasslers are without knowledge sufficient to admit or deny the allegations in Paragraph 16, and therefore, deny the same.

17.     The Fasslers are without knowledge sufficient to admit or deny the allegations in Paragraph 17, and therefore, deny the same.

18.     Paragraph 18 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

19.     The Fasslers admit that Sheila Fassler signed the agreement PHS entered in or around November 2010, but deny the remaining allegations in this paragraph 19.

20.     The Fasslers admit the allegations in paragraph 20.

21.     The Fasslers admit that the Lousebuster Service Provider Lease Agreement term was two years. To the extent paragraph 21 pertains to Defendant PHS, the Fasslers need not respond to the remainder of this allegation. To the extent a response is required, the Fasslers deny the same.

22.     Paragraph 22 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

23.     The Fasslers admit that some, but not all, of the License Agreements contain the language quoted in paragraph 23. The Fasslers deny the remaining allegations in paragraph 23.

24.     The Fasslers admit that Larada entered into a Consulting Agreement with Dr. Fassler appointing Dr. Fassler as a Consultant. The Fasslers further admit that Exhibit A to the Consulting Agreement provides the Consultant will have the title of "Medical Director, Lice

Clinics of America Network." The Fasslers further admit that Dr. Fassler signed the Consulting Agreement, but deny the remaining allegations in paragraph 24.

25.     The Fasslers are without knowledge sufficient to admit or deny the allegations in Paragraph 25, and therefore, deny the same.

26.     The Fasslers admit that paragraph 6 of the Consulting Agreement contains some of the language identified in Paragraph 26.

27.     Plaintiff omitted Paragraph 27. Therefore, no response is required.

28.     The Fasslers admit that Dr. Fassler was engaged as a Consultant for Larada for the scope of services identified in the Consulting Agreement, but deny the rest of the allegations in paragraph 28.

29.     The Fasslers admit that in late 2014, Mrs. Fassler was appointed to the LCA Network Affiliate Advisory Board, but deny that it was at her request. The Fasslers admit that the Advisory Board was made up of approximately seven representatives from Clinics across the country plus Larada's team.

30.     The Fasslers admit that Mrs. Fassler attended an Affiliated Advisory Board meeting in January 2015, and received certain information from Plaintiff related to marketing and the handheld consumer device, but deny the remaining allegations in paragraph 30.

31.     The Fasslers admit PHS entered into a Lease Agreement with Plaintiff. The Fasslers further admit that they received certain information from Larada, but deny the remaining allegations.

32.     To the extent that Paragraph 32 alleges facts concerning Plaintiff's "awareness" of certain facts, the Fasslers are without knowledge sufficient to admit or deny these allegations, and therefore, deny the same.

33.     Paragraph 33 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

34.     Paragraph 34 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

35.     To the extent Paragraph 35 alleges facts concerning what Plaintiff knew and when, the Fasslers are without knowledge sufficient to admit or deny these allegations, and therefore, deny them. The Fasslers admit that they were invited by some of Larada's licensees to meet in Nashville, Tennessee. The Fasslers deny the remaining allegations in paragraph 35.

36.     The Fasslers admit that Sheila Fassler sent an email on February 1, 2017, to Claire Roberts, which contains, in part, the quoted language identified in paragraph 15, but deny the remaining allegations in paragraph 36.

37.     The Fasslers admit that they attended a February 10, 2017 meeting with Larada and that Dr. Fassler stated the devices were little more than heated air because they were a law of nature, but deny the remaining allegations in paragraph 37.

38.     The Fasslers admit that they attended a February 10, 2017 meeting with Larada to discuss renegotiating the per-treatment use fee, but deny the remaining allegations in paragraph 38.

39.     The Fasslers deny the allegations in paragraph 39.

40.     The Fasslers deny the allegations in paragraph 40.

41.     Paragraph 41 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

42.     Paragraph 42 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

43.     Paragraph 43 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

44.     Paragraph 44 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

45.     Paragraph 45 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

46.     Paragraph 46 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

47.     Paragraph 47 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

48.     Paragraph 48 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

49.     Paragraph 49 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

50.     Paragraph 50 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

51.     Paragraph 51 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

52.     Paragraph 52 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

53.     The Fasslers are without knowledge sufficient to admit or deny the allegations in paragraph 53, and therefore, deny the same.

54.     The Fasslers deny the allegations in paragraph 54.

55.     The Fasslers admit the allegations in paragraph 55.

56.     Paragraph 56 pertains, in part, to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

57.     The Fasslers deny the allegations in paragraph 57.

58.     The Fasslers admit that FloSonix Ventures, LLC, a Wyoming limited liability company, was formed on May 4, 2017, and is owned by Sheila Fassler, its sole member. To the extent paragraph 58 alleges additional facts concerning Defendant FSV, the Fasslers need not respond. To the extent a response is required, the Fasslers deny the same.

59.     The Fasslers deny the allegations in paragraph 59.

60.     The Fasslers admit only that Dr. Fassler entered into a Consulting Agreement with Plaintiff and Sheila Fassler signed a Lease Agreement between PHS and Larada, but paragraph 60 contains other allegations that pertain to Defendant PHS and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same.

61.     Paragraph 61 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

62.     Paragraph 62 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

63.     Paragraph 63 pertains to Defendants PHS and FSV and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

64.     Paragraph 64 pertains to Defendants PHS and FSV and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

65.     Paragraph 65 pertains to Defendants PHS and FSV and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

66.     Paragraph 66 pertains to Defendants PHS and FSV and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

67.     Paragraph 67 pertains to Defendants PHS and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same.

68.     Paragraph 68 pertains to Defendants PHS and FSV and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

69.     Paragraph 69 pertains to Defendants PHS and FSV and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

70.     The Fasslers deny the allegations in paragraph 70.

71.     The Fasslers deny the allegations in paragraph 71.

## FIRST CAUSE OF ACTION
### (Breach of Contract against PHS)

72.     The Fasslers incorporate, as if fully set forth herein, their answers to the allegations contained in the foregoing paragraphs.

73.     Paragraph 73 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

74.     Paragraph 74 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

75.     Paragraph 75 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

76.     Paragraph 76 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

77.     Paragraph 77 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

78.     Paragraph 78 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

79.     Paragraph 79 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

80.     Paragraph 80 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

81.     Paragraph 81 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

82.     Paragraph 82 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

83.     The Fasslers incorporate, as if fully set forth herein, their answers to the allegations contained in the foregoing paragraphs.

84.     Paragraph 84 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

85.     Paragraph 85 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

86.     Paragraph 86 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

87.     Paragraph 87 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

88.     Paragraph 88 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

89.     Paragraph 89 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

**THIRD CAUSE OF ACTION**
**(Breach of Lease Agreement against Sheila Fassler)**

90.     The Fasslers incorporate, as if fully set forth herein, their answers to the allegations contained in the foregoing paragraphs.

91.     Mrs. Fassler admits she signed the Lousebuster Lease Agreement entered between Larada and PHS on or about November 10, 2010, but denies the remaining allegations. Moreover, paragraph 91 concerns a claim against Sheila Fassler and, therefore, does not purport to require a response by answering Defendant Dr. Fassler. However, to the extent a response is required, Dr. Fassler denies the same.

92.     Mrs. Fassler admits that Larada performed all its obligations under the Lousebuster Lease Agreement. Mrs. Fassler denies the remaining allegations in paragraph 92. Paragraph 92

concerns a claim against Sheila Fassler and, therefore, does not purport to require a response by answering Defendant Dr. Fassler. To the extent a response is required, Dr. Fassler denies the same.

93.     Mrs. Fassler denies the allegations in paragraph 93. Moreover, paragraph 93 concerns a claim against Sheila Fassler and, therefore, does not purport to require a response by answering Defendant Dr. Fassler. However, to the extent a response is required, Dr. Fassler denies the same.

94.     Mrs. Fassler denies the allegations in paragraph 94. Moreover, paragraph 94 concerns a claim against Sheila Fassler and, therefore, does not purport to require a response by answering Defendant Dr. Fassler. However, to the extent a response is required, Dr. Fassler denies the same.

95.     Mrs. Fassler denies the allegations in paragraph 95. Moreover, paragraph 95 concerns a claim against Sheila Fassler and, therefore, does not purport to require a response by answering Defendant Dr. Fassler. However, to the extent a response is required, Dr. Fassler denies the same.

96.     Mrs. Fassler denies the allegations in paragraph 96. Moreover, paragraph 96 concerns a claim against Sheila Fassler and, therefore, does not purport to require a response by answering Defendant Dr. Fassler. However, to the extent a response is required, Dr. Fassler denies the same.

**FOURTH CAUSE OF ACTION**
**(Breach of Consulting Agreement against Dr. John Fassler)**

97.     The Fasslers incorporate, as if fully set forth herein, their answers to the allegations contained in the foregoing paragraphs.

98.     Dr. Fassler admits he entered into a Consulting Agreement with Larada on or about August 31, 2015. Dr. Fassler further admits he signed the Consulting Agreement, but denies the remaining allegations in paragraph 98. Moreover, paragraph 98 concerns a claim against Dr. John Fassler and, therefore, does not purport to require a response by answering Defendant Mrs. Fassler. However, to the extent a response is required, Mrs. Fassler denies the same.

99.     Dr. Fassler denies the allegations in paragraph 99. Moreover, paragraph 99 concerns a claim against Dr. John Fassler and, therefore, does not purport to require a response by answering Defendant Mrs. Fassler. However, to the extent a response is required, Mrs. Fassler denies the same.

100.    Dr. Fassler denies the allegations in paragraph 100. Moreover, paragraph 100 concerns a claim against Dr. John Fassler and, therefore, does not purport to require a response by answering Defendant Mrs. Fassler. However, to the extent a response is required, Mrs. Fassler denies the same.

101.    Dr. Fassler denies the allegations in paragraph 101. Moreover, paragraph 101 concerns a claim against Dr. John Fassler and, therefore, does not purport to require a response by answering Defendant Mrs. Fassler. However, to the extent a response is required, Mrs. Fassler denies the same.

102.    Dr. Fassler denies the allegations in paragraph 102. Moreover, paragraph 102 concerns a claim against Dr. John Fassler and, therefore, does not purport to require a response by answering Defendant Mrs. Fassler. However, to the extent a response is required, Mrs. Fassler denies the same.

## FIFTH CAUSE OF ACTION
### (Trespass to Chattels)

103.    The Fasslers incorporate, as if fully set forth herein, their answers to the allegations contained in the foregoing paragraphs.

104.    Paragraph 104 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

105.    Paragraph 105 pertains to Defendant PHS and, therefore, the Fasslers need not respond to this allegation. To the extent a response is required, the Fasslers deny the same.

106.    Paragraph 106 pertains to Defendants PHS and FSV and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

107.    Paragraph 107 pertains to Defendants PHS and FSV and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

108.    The Fasslers deny the allegations in paragraph 108.

109.    The Fasslers deny the allegations in paragraph 109.

## SIXTH CAUSE OF ACTION
### (Conversion against all Defendants)

110.    The Fasslers incorporate, as if fully set forth herein, their answers to the allegations contained in the foregoing paragraphs.

111.    Paragraph 111 pertains to Defendant PHS and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

112.     Paragraph 112 pertains to Defendants PHS and FSV and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

113.     Paragraph 113 pertains to Defendants PHS and FSV and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

114.     The Fasslers deny the allegations in paragraph 114.

115.     The Fasslers deny the allegations in paragraph 115.

## SEVENTH CAUSE OF ACTION
### (Unjust Enrichment against all Defendants)

116.     The Fasslers incorporate, as if fully set forth herein, their answers to the allegations contained in the foregoing paragraphs.

117.     Paragraph 117 pertains to Defendants PHS and FSV and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

118.     Paragraph 118 pertains to Defendants PHS and FSV and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

119.     Paragraph 119 pertains to Defendants PHS and FSV and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

120.     The Fasslers deny the allegations in paragraph 120.

121.     The Fasslers deny the allegations in paragraph 121.

## EIGHTH CAUSE OF ACTION

### (Trademark Infringement and Unfair Competition Under the Lanham Act, 15 U.S.C. §§ 1051, et seq.)

122.    The Fasslers incorporate, as if fully set forth herein, their answers to the allegations contained in the foregoing paragraphs.

123.    Paragraph 123 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

124.    Paragraph 124 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

125.    Paragraph 125 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

126.    Paragraph 126 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

127.    Paragraph 127 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

128.    Paragraph 128 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

129.    Paragraph 129 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

130.    Paragraph 130 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

131.    Paragraph 131 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

132.    Paragraph 132 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

133.    Paragraph 133 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

134.    Paragraph 134 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

135.    Paragraph 135 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

136.     Paragraph 136 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

137.     Paragraph 137 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

## NINTH CAUSE OF ACTION
### (Misappropriation of Trade Secrets under 18 U.S.C. § 1836 against all Defendants)

The Fasslers incorporate, as if fully set forth herein, their answers to the allegations contained in the foregoing paragraphs.

138.     The Fasslers deny the allegations in paragraph 138.

139.     The Fasslers admit that Sheila Fassler signed the Lousebuster Lease Agreement between Plaintiff and PHS and that Dr. Fassler entered into a Consulting Agreement with Plaintiff, but deny the remaining allegations in paragraph 139.

140.     The Fasslers deny the allegations in paragraph 140.

141.     The Fasslers admit that Sheila Fassler signed the Lousebuster Lease Agreement between Plaintiff and PHS and that Dr. Fassler entered into a Consulting Agreement with Plaintiff, but deny the remaining allegations in paragraph 141.

142.     Paragraph 142 pertains, in part, to Defendant PHS and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

143.     Paragraph 143 pertains, in part, to Defendants PHS and FSV and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

144.     Sheila Fassler admits she owns and operates FSV. The Fasslers deny the remaining allegations in paragraph 144.

145.     Paragraph 145 pertains, in part, to Defendants PHS and FSV and, therefore, the Fasslers need not respond to those allegations. To the extent a response is required, the Fasslers deny the same. To the extent the allegations pertain to the Fasslers, the Fasslers deny the same.

146.     The Fasslers deny the allegations in paragraph 146.

### TENTH CAUSE OF ACTION
### Declaratory Judgment against PHS

The Fasslers incorporate, as if fully set forth herein, their answers to the allegations contained in the foregoing paragraphs.

147.     Paragraph 147 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

148.     Paragraph 148 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

149.     Paragraph 149 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

150.     Paragraph 150 concerns a claim against PHS and, therefore, does not purport to require a response by the Fasslers. However, to the extent a response is required, the Fasslers deny the same.

## PRAYER FOR RELIEF

The remainder of Plaintiff's First Amended Complaint consists of Plaintiff's request for relief, to which no response is required. To the extent a response is required, the Fasslers deny Plaintiff is entitled to the relief sought in the First Amended Complaint or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

As affirmative defenses to Plaintiff's First Amended Complaint, the Fasslers state:

1.     Plaintiff's claims are barred or must be reduced by Plaintiff's failure to avoid or mitigate damages.

2.     Plaintiff's claims are barred by unclean hands.

3.     Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to satisfy the legal and factual requirements sufficient to maintain the cited causes of action.

4.     Plaintiff's claims are barred in whole or in part by the doctrine of justification, waiver, and/or equitable estoppel.

5.     Plaintiff, by its acts, conduct, and/or omissions, has ratified the acts, conduct and omissions, if any, of the Fasslers; therefore, Plaintiff is barred from seeking any relief.

The Fasslers reserve the right to rely on any additional defenses that become available or apparent during the proceedings in this action and specifically reserve the right to amend their Answer and Affirmative Defenses.

## COUNTERCLAIM

Defendant/Counterclaimant John E. Fassler, M.D., by and through his undersigned counsel, incorporates his answers and affirmative defenses as set forth above, and alleges against Plaintiff/Counterdefendant Larada Sciences, Inc. as follows:

## NATURE OF THE COUNTERCLAIM

1.      Defendant/Counterclaimant John E. Fassler, M.D. ("Dr. Fassler") and Plaintiff/Counterdefendant Larada Sciences, Inc. ("Larada") (collectively, the "Parties") entered into a Consulting Agreement for services provided by Dr. Fassler for Larada as its Medical Director.

2.      Dr. Fasslers brings a counterclaim against Larada for breach of contract for unpaid fees under the Consulting Agreement.

## PARTIES

3.      John E. Fassler, M.D. is resident and citizen of North Carolina.

4.      Larada is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 154 East Myrtle Ave., Ave. 304, Murray, Utah 84107.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction in this action over Larada's Lanham Act claims and Larada's Defend Trade Secrets Act claims under 28 U.S.C. §§ 1331 and 1338(a) because the copyright counterclaims asserted by PHS against Larada arise under the copyright

21

laws of the United States, 17 U.S.C. §§ 101, et seq. and under the Declaratory Judgment Act, 28 U.S.C. § 2201.

6.      This Court has supplemental jurisdiction over Dr. Fassler's state-law counterclaim under 28 U.S.C. § 1367.

7.      This Court has personal jurisdiction over Larada because Larada (a) maintains its principal place of business is in this District; (b) transacts business in this District; (c) has substantial contacts in this District; and/or (d) has availed itself of the jurisdiction of this Court.

8.      Venue is proper in this District under 28 U.S.C. § 1391 because Larada resides in this judicial district and a substantial part of the events or omissions giving rise to this counterclaim against Larada occurred in this judicial district.

## FACTUAL BACKGROUND

9.      PHS is a family-owned and operated business founded in December 2010 by Sheila Fassler, RN and operated by John Fassler, MD, its Medical Director.

10.      In or around November 2010, PHS entered into a lease agreement with Larada for the use of a lice treatment device used to kill head lice in a single, one-hour treatment through the application of direct heat.

11.      On information and belief, Larada formed Lice Clinics of America Network in 2014 to provide personalized lice treatment services.

12.      On or around August 31, 2015, Larada entered into a Consulting Agreement with Dr. John Fassler to become Lice Clinics of America Network's Medical Director.

13.      The term of the Consulting Agreement began on August 31, 2015 and ended on October 31, 2017 (the "Term").

14.     The Consulting Agreement provides that Larada will pay Dr. Fassler $2,500 per month for services rendered during the Term. Under the Consulting Agreement, Larada's payments were due to Dr. Fassler "[n]et 30 days from the first day of each month for service rendered during the previous month."

15.     Dr. Fassler performed all his obligations under the Consulting Agreement.

16.     During the Term, on March 24, 2017, PHS's counsel informed Larada's counsel that Larada owes $15,000 to Dr. Fassler under the Consulting Agreement for unpaid consulting fees as described in the Statement of Work attached to and incorporated in the Agreement. In response, on May 1, 2017, Larada acknowledged and did not dispute the $15,000 debt owed to Dr. Fassler.

## COUNTERCLAIM
### Breach of Contract

17.     Dr. Fassler incorporates, as if fully set forth herein, the allegations contained in the foregoing paragraphs of this Counterclaim.

18.     Dr. Fassler and Larada entered into a Consulting Agreement on or about August 31, 2015.

19.     The term of the Consulting Agreement began on August 31, 2015 and ended on October 31, 2017 (the "Term").

20.     The Consulting Agreement constitutes a valid, binding contract obligating Larada to pay Dr. Fassler certain fees for services rendered, including $2,500 reoccurring monthly payments during the Term.

21.     Except as excused by Larada's material breaches, Dr. Fassler performed all his obligations under the Consulting Agreement.

22.     The Statement of Work attached to and incorporated in the Consulting Agreement provides that the "work will commence on August 31, 2015, and shall continue until terminated in accordance with the terms of the Consulting Agreement."

23.     The Statement of Work further provides that Larada will pay Dr. Fassler "a monthly reminder of $2,500 per month."

24.     Neither party terminated the Consulting Agreement during the Term.

25.     On March 24, 2017, counsel for PHS provided notice via written correspondence to Larada's counsel that Larada owed $15,000 to Dr. Fassler under the Consulting Agreement for unpaid consulting fees as described in the Statement of Work.

26.     On May 1, 2017, Larada acknowledged and did not dispute the $15,000 debt owed to Dr. Fassler as of March 24, 2017.

27.     Despite written notice to Larada on March 24, 2017, of the request for the monies owed to Dr. Fassler and Larada's duty to pay Dr. Fassler the monies due under the Consulting Agreement fees, Larada has failed to pay the amounts owed to Dr. Fassler.

28.     Larada breached the Consulting Agreement by failing to pay Dr. Fassler under the terms of the Consulting Agreement, despite Dr. Fassler's notice to counsel for Larada on March 24, 2017 of Larada's obligation to do so.

29.     Dr. Fassler is entitled to payment of $15,000, not including any additional fees owed under the Consulting Agreement through the Term.

30.     As a direct result of Larada's breach of the Consulting Agreement, Dr. Fassler has been damaged in an amount to be determined at trial, but in any event, no less than approximately $15,000, plus interest at the statutory rate.

## RESERVATION OF RIGHTS

Defendant/Counterclaimant Dr. Fassler reserves the right to amend this counterclaim during discovery because, on information and belief, he believes Larada may have engaged in other concealed acts contrary to his interests under the Consulting Agreement, and amendment of his counterclaim may be required to realize substantial justice.

## PRAYER FOR RELIEF

Wherefore, Defendant/Counterclaimant Dr. Fassler and Defendant Sheila Fassler, having completely and fully provided their Answer to Plaintiff's Amended Complaint, pray for a final judgment against Plaintiff, respectfully requesting the following relief:

1.      A judgment that the First Amended Complaint be dismissed with prejudice;

2.      A judgment awarding Dr. Fassler damages in an amount to be proved at trial but not less than $15,000;

3.      A judgment awarding Sheila Fassler her attorneys' fees and costs under the Lousebuster Lease Agreement; and

4.      Such other and further relief as the Court deems appropriate and just under the circumstances.

/ / /

DATED this 13th day of July, 2020.

**LEE & HAYES P.C.**

/s/ Andrew G. Strickland

William B. Dyer, III
Andrew G. Strickland
Sarah E. Elsden

*Attorneys for PHS Pediatric Hair Solutions Corporation*

**MAGLEBY CATAXINOS & GREENWOOD**

Christine T. Greenwood
Geoffrey K. Biehn

## CERTIFICATE OF SERVICE

I certify I am employed by the law firm of Lee & Hayes P.C., 601 W. Riverside, Suite 1400, Spokane, Washington 99201, and pursuant to Federal Rules of Civil Procedure Rule 5(b), a true and correct copy of the foregoing **Defendant Sheila Fassler's and John Fassler's Answers to Amended Complaint, Affirmative Defenses, and John Fassler's Counterclaim** was delivered to the following this 13th day of July, 2020, by:

[ ] Hand Delivery
[ ] Depositing the same in the U.S. Mail, postage prepaid
[X] CM/ECF System
[ ] Electronic Mail

Douglas C. Smith
douglas.smith@lewisbrisbois.com
**Lewis Brisbois Bisgaard & Smith**
1218 East 7800 South, Suite 300
Sandy, UT 84094

Peter M. Stasiewicz
pete@arcturuslaw.com
**Arcturus Law Firm**
211 W. Wacher #323
Chicago, IL 60606

*Attorneys for Plaintiff Larada Sciences, Inc.*

/s/ Andrew G. Strickland
Andrew G. Strickland  (pro hac vice)
Lee & Hayes, P.C.