Douglas C. Smith (#10805)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1218 East 7800 South, Suite 300
Sandy, UT 84094
tel: (801) 251.7341
fax: (801) 562.5510
douglas.smith@lewisbrisbois.com

Peter Stasiewicz (IL No. 6290832) (*pro hac vice*)
**ARCTURUS LAW FIRM**
211 West Wacker Drive # 323
Chicago, Illinois, 60606
tel: (312) 957-6194
fax: (312) 489-8307
pete.stasiewicz@arcturuslaw.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **LARADA SCIENCES, INC., a Delaware Corporation,** | **PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF SHORT FORM DISCOVERY MOTION** |
| **Plaintiff,** | |
| **v.** | **Case No.: 2:18-cv-00551-RJS-JCB** |
| **PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina Corporation, et al.** | **Judge Robert J. Shelby** |
| | **Magistrate Judge Jared C. Bennett** |
| **Defendants.** | |

Pursuant to this Court's June 7, 2021 Order, Plaintiff Larada Sciences, Inc. ("Larada") hereby submits this memorandum in support of its short form discovery motion.

## PROCEDURAL BACKGROUND

The Protective Order in this case was entered by the Court on March 4, 2019, following a Stipulated Motion for Entry of Stipulated Protective Order.[1]  That motion, filed by previous counsel for both parties, only states that it was brought pursuant to Fed. R. Civ. P. 26(b)(1)(A) [*sic*] and Local

---

[1] Dkt. # 43

Rule 26-2(a)(1). The motion makes no mention of good cause, but the Protective Order itself cites Fed. R. Civ. P. 26(c) and recites in its introduction that it is being entered "for good cause."[2]

By its own terms, the Protective Order allows for modification.[3]  While the Protective Order excludes party employees from designation as Technical Advisors, it also provides that even information designated attorney's eyes only ("AEO") can be distributed to a broader category of individuals, "Qualified Recipients," which include: "[a]ny person designated by the Court in the interest of justice, upon such terms as the Court may deem proper."[4] The Protective Order also allows for a party to challenge any confidentiality designation.[5]

Larada seeks to allow David Washburn access to AEO information related to Defendant's FloSonix Devices, *i.e.*, the Devices themselves as well as relevant documents like schematics or bills of materials. Larada has already adduced evidence showing that Defendants provided Larada's confidential information to a third party who then led the design of the FloSonix Device.[6]

## <u>ARGUMENT</u>

The Protective Order does not necessarily need to be modified for Larada to receive the relief it seeks. Pursuant to Protective Order § 6(b)(3), this Court may designate Mr. Washburn as a Qualified Recipient of AEO in the interest of justice.[7] Courts have held that discovery procedures under the Federal Rules of Civil Procedure further the interests of justice by ensuring wide-ranging discovery of information, *inter alia*.[8]

---

[2] Dkt. #44

[3] *Id.* "18. <u>Modification of Protective Order</u> This Order is without prejudice to the right of any person or entity to seek a modification of this Order at any time either through stipulation or Order of the Court."

[4] Dkt. #44, Protective Order § 6(b)(3).

[5] Dkt. #44, Protective Order § 10.

[6] *See e.g.* May 29, 2020 Hearing Tr. 43:10-43:17, 45:21-46:19, 48:3-48:5.

[7] Dkt. #44, Protective Order § 6(b)(3).

[8] *Klesch & Co. v. Liberty Media Corp.*, 217 F.R.D. 517, 523 (D. Colo. 2003).

To the extent that the Protective Order must be modified for Mr. Washburn to receive Defendants' AEO, this Court retains the power to modify it.[9] Modification of a protective order, like its entry, is left to the discretion of the Court.[10] The standard for modification is not settled. The Tenth Circuit has applied a balancing test,[11] while some other courts in this Circuit have applied a "good cause" standard.[12] Courts have also allowed modification where good cause does *not* exist to *maintain* confidentiality,[13] or required a showing that good cause originally found is outweighed by other factors.[14]  A blanket protective order is considered a Rule 29 stipulation between the parties and is treated with less deference than orders entered pursuant to Rule 26(c).[15] Here, the Protective Order was a stipulated blanket order entered without an express showing of good cause. Unlike some Protective Orders, its terms do not require a showing of good cause for modification.[16]

While some courts in other Circuits have applied stricter standards to modification of protective orders, those cases generally deal with parties or third-party intervenors seeking to make confidential information publicly available, or available in collateral litigation.[17] Those cases focus on the disclosing party's reliance on the protective order, but even there, reliance is not reasonable if the protective order contains language permitting challenges to confidentiality, or where no particular

---

[9] *United Nuclear Corp. v. Cranford Ins. Co*., 905 F.2d 1424, 1427 (10th Cir. 1990).
[10] *Id.* at 1427.
[11] *Id*.
[12] *Brigham Young Univ. v. Pfizer, Inc*., 281 F.R.D. 507, 510-11 (D. Utah 2012), which claims the Tenth Circuit adopted the "reasonable need" test in *United Nuclear, id.* n.14, n.36, but neither "good cause" nor "reasonable need" appears in that case. Instead, *United Nuclear* adopted a balancing test from *Wilk v. American Medical Ass'n*, 635 F.2d 1295 (7th Cir. 1980), but also favorably cited a Ninth Circuit case that did use "reasonable need" language, *Olympic Ref. Co. v. Carter*, 332 F.2d 260, 264 (9th Cir. 1964).
[13] *Grundberg v. Upjohn Co*., 137 F.R.D. 372, 395-96.(D. Utah 1991).
[14] *Taylor v. Solvay Pharm., Inc*., 223 F.R.D. 544, 549 (D. Colo. 2004).
[15] *Brigham Young*, 281 F.R.D. at 510-11.
[16] *Compare* Dkt. #44 Protective Order § 18 with the protective order in *Grundberg v. Upjohn Co*., 140 F.R.D. 459, 472 (D. Utah 1991), which expressly required "good cause" to be modified.
[17] *See e.g. Martindell v. International Tel. & Tel. Corp.,* 594 F.2d 291 (2d Cir. 1979).

showing of good cause was made prior to the entry of a blanket order.[18] Here, there is no request for public disclosure of Defendants' confidential information. Larada only asks that limited but crucial information be made available to the two individuals who can allow Larada to prove its case. Furthermore, Defendants cannot claim to have relied on the Protective Order, as Defendants have never provided FloSonix Devices to Larada for inspection. Any reliance as to the few relevant AEO documents that have been produced is unreasonable as the Protective Order allows for modification and for challenging the confidentiality designation.

Regardless of whether Plaintiff must show "good cause" to modify the Protective Order to allow Mr. Washburn to be a Technical Advisor, show that the "interests of justice" require he be appointed a Qualified Recipient, or simply apply the *United Nuclear* balancing test, Plaintiff has met its burden. Plaintiff has a fundamental need to be able to prove its case, and Mr. Washburn's unique knowledge of the unique product at issue, as laid out in Larada's original motion, makes him indispensable to Larada in this case.[19]

However, a balancing test seems most appropriate given the circumstances. The Protective Order provided for future modification without any requirement of "good cause," and thus Larada should not have been obligated to plan out every aspect of its discovery process prior to the entry of that Order – including anticipating that Defendants would mark the very Devices alleged to have been

---

[18] *Charter Oak Fire Ins. Co. v. Electrolux Home Products, Inc.*, 287 F.R.D. 130 (E.D. N.Y. 2012)(no reasonable reliance that order containing express language permitting challenge to confidentiality and limiting the time period when its limits apply will never be modified); *Foltz v. State Farm Mut. Auto. Ins.* Co., 331 F.3d 1122 (9th Cir. 2003)(no reasonable reliance on blanket protective order without a showing of good cause as to any individual document); *Grundberg v. Upjohn Co.*, 140 F.R.D. 459, 472 (D. Utah 1991).

[19] *See also L-3 Communications Corp. v. Jaxon Engineering & Maintenance, Inc.*, 863 F. Supp.2d 1066, 1091-92 (D. Colo. 2012); *Frees, Inc. v. McMillian*, No. 05-1979, 2007 WL 184889, at *15-16 (W.D. La. Jan. 22, 2007). In *Frees*, the materials included "highly detailed technical drawings, details about components and parts, measurements, and extensive written technical information." To recognize an instance of copying required "fairly extensive knowledge" of plaintiff's files and retention of a third party "would not only be very expensive, but also very difficult because . . . no experts currently have the particularized knowledge" of the information at issue.

copied from Larada (ironically, in violation of a confidentiality agreement) as AEO, putting them out of reach of Larada's personnel. These circumstances in and of themselves should constitute "good cause" to the extent it is necessary to establish it here.[20]

The interests of justice will be served by allowing Larada to inspect the FloSonix Devices with the benefit of the person most knowledgeable in the design of the devices Defendants are alleged to have copied, and best able to explain how that copying has in fact harmed Larada.

On the other hand, Defendants' risk of harm is low. Plaintiffs do not seek to make Defendants' AEO information available publicly nor even to other Larada personnel.  Larada has no business interest in the FloSonix technology. To the extent the FloSonix is truly novel, as Defendants claim, Larada has no desire to expend resources creating, testing, and FDA-clearing a new device when it has one that works perfectly well.[21] On the other hand, even if the FloSonix device is partly based on the AirAllé, the information would be of little strategic use to Larada, as modifications to the AirAllé cannot be made in isolation.[22]   In any case, if Mr. Washburn is appointed as a Technical Advisor under a modified Order, he will be bound by the Protective Order's confidentiality requirements. If he is instead appointed as a Qualified Recipient, Plaintiffs ask that this Court subject Mr. Washburn to the same confidentiality requirements as a Technical Advisor.[23]

DATED this 12th day of June, 2021

/s/ Peter Stasiewicz
Douglas C. Smith
LEWIS BRISBOIS BISGAARD & SMITH LLP

Peter Stasiewicz (*pro hac vice*)
ARCTURUS LAW FIRM

*Attorneys for Plaintiff Larada Sciences, Inc.*

---

[20] *See e.g. Invista N. Am. S.À.R.L. v. M&G USA Corp.*, No. 11-1007-SLR-CJB, 2013 WL 1867345, at *6 (D. Del. Mar. 28, 2013); *Grundberg v. Upjohn Co.*, 140 F.R.D. at 472.

[21] **Ezhibit A,** Roberts Dec. ¶¶ 6-7.

[22] **Exhibit B,** Washburn Supp. Dec. ¶¶ 4-5.

[23] *See L-3 Communications*, 863 F. Supp. 2d at 1092 (plaintiff's in-house employee appointed as Technical Advisor under protective order even though there was a "high risk of harm" as restrictions were sufficient to ameliorate the risk).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of copy of the foregoing **SHORT FORM DISCOVERY MOTION** was served to the following this 12th day of June, 2021, in the manner set forth below:

[ x ]   Through the CM/ECF System for the U.S. District Court
[  ]   Hand Delivery
[  ]   U.S. Mail, postage prepaid
[  ]   E-mail

    Romaine C. Marshall
    Jose A. Abarca
    Nicolas C. Wilde
    Armstrong Teasdale LLP
    201 South Main Street, Suite 2400
    Salt Lake City, Utah 84111
    Telephone: (720) 200-0676
    rmarshall@atllp.com
    jabarca@atllp.com

                          */s/* Peter M. Stasiewicz