IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina corporation; et al.,<br><br>　　　　　Defendants. | ORDER<br><br><br>Case No. 2:18-cv-00551-RJS-JCB<br><br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

　　　　This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Larada Sciences, Inc.'s ("Larada") short form discovery motion seeking to designate its employee, David Washburn ("Mr. Washburn"), as its Technical Advisor under the protective order entered in this case ("Protective Order").[2] The court held oral argument on the motion on June 7, 2021.[3] After hearing argument from counsel, the court requested additional briefing on the issue of the standard and burden for modifying the

---

[1] ECF Nos. 27, 116.

[2] ECF No. 134.

[3] ECF No. 139.

Protective Order.[4]  Larada filed its supplemental brief on June 11, 2021.[5]  Defendants Pediatric Hair Solutions Corporation ("PHS"), John E. Fassler, M.D., Sheila M. Fassler, and FloSonix Ventures, LLC (collectively, "Defendants") filed their supplemental brief on June 18, 2021.[6]  The court held oral argument on Larada's motion and the parties' supplemental briefing on July 9, 2021.[7]  After hearing counsel's arguments, the court denied Larada's motion.  This order memorializes that ruling.  For the following reasons stated by the court on the record during the hearing, IT IS HEREBY ORDERED that Larada's motion is DENIED.

Larada has not satisfied the standard for modifying the Protective Order to allow Mr. Washburn to be designated as a Technical Advisor, thereby allowing him to view Defendants' Protected Information under the Protective Order.  The Protective Order states that a Technical Advisor refers to any person "who is not . . . presently employed by" the party receiving another party's Protected Information.[8]  Thus, because Mr. Washburn is a Larada employee, Larada must satisfy the standard for modifying a protective order in order to be permitted to designate Mr. Washburn as its Technical Advisor.[9]  Under *United Nuclear*, the court first determines whether modifying the protective order "would tangibly prejudice substantial rights of the party opposing

---

[4] ECF No. 140.

[5] ECF No. 141.

[6] ECF No. 142.

[7] ECF No. 144.

[8] ECF No. 44 at ¶ 2(f).

[9] *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990) (providing the standard for modifying a protective order).

modification."[10] "Once such prejudice is demonstrated," the court must determine "whether that injury outweighs the benefits of any possible modification of the protective order."[11]

Here, Defendants will be prejudiced if Mr. Washburn is permitted to view their Protected Information. Indeed, Larada has alleged that it and PHS are direct competitors, and Mr. Washburn oversees product development for Larada. Giving product information into the hands of a direct competitor's product development chief is easily prejudicial.[12]

Having found that Defendants will be prejudiced, the court turns to whether that prejudice outweighs the benefits of modifying the protective order to allow Mr. Washburn to view Defendants' Protected Information. It does not. Although it may be more convenient and less expensive for Larada to designate Mr. Washburn as its Technical Advisor, those benefits do not outweigh the prejudice to Defendants. Larada fails to demonstrate that a disinterested party could not adequately serve as its Technical Advisor, and any additional cost involved with designating such a party are simply part of civil litigation. Indeed, Mr. Washburn was able to become quite familiar with the product at issue rather quickly, which leads the court to believe that another expert could too.

---

[10] *Id.* (quotations and citation omitted).

[11] *Id.* (quotations and citation omitted).

[12] *See, e.g., Voice Domain Techs., LLC v. Apple, Inc.*, No. 13-40138-TSH, 2014 WL 5106413, at *3 (D. Mass. Oct. 8, 2014) (stating that "the relevant determination for denial of access under a protective order is '[w]hether an unacceptable opportunity for inadvertent disclosures exists.' This determination turns on the extent to which the person to whom the information is to be disclosed is involved in 'competitive decisionmaking' with the client" (alteration in original) (quoting *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984))).

For those reasons, Larada has failed to establish that the Protective Order should be modified in the way that it requests. Therefore, Larada's motion is denied.[13]

As a final matter, the court addresses Defendants' request for an award of reasonable expenses under Fed. R. Civ. P. 37(a)(5)(B), which provides that if a discovery motion is denied, the court must award reasonable expenses, including attorney fees, to the party opposing the motion, unless the motion was substantially justified, or other circumstances make an award unjust. The court declines to award reasonable expenses here because Larada's motion was substantially justified in that it had "a reasonable basis in both law and fact."[14]

---

[13] The court declines to reach Larada's alternative argument that Mr. Washburn could be designated as a Qualified Recipient under the Protective Order because that argument was not raised in Larada's motion but instead was raised for the first time in Larada's supplemental brief. As such, Larada waived that argument. Moreover, the court's order for additional briefing requested the parties to brief the standard and burden for modifying the Protective Order. ECF No. 140. That order did not permit Larada to advance a new argument not raised in its motion. But even if the court considers the new argument, it fails because the rule of construction that the specific governs the general would apply here. *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 384 (1992). The specific provision of Technical Advisor is the proper role for Mr. Washburn. Consequently, he cannot fit beneath the general definition of Qualified Recipient.

[14] *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993). Where, as here, Rule 37(a)(5)(B) employs the same term of art as the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("EAJA"), for the same purpose of awarding costs and attorney fees, the court borrows from EAJA jurisprudence to determine substantial justification. *Lawson v. FMR LLC*, 571 U.S. 429, 459 (2014) ("[P]arallel text and purposes counsel in favor of interpreting . . . provisions consistently."); *Northcross v. Bd. of Educ. of Memphis City Sch.*, 412 U.S. 427, 428 (1973) (per curiam) (stating that when two provisions of different statutes share similar language, that is a "strong indication" they are to be interpreted consistently); *Morissette v. United States*, 342 U.S. 246, 263 (1952) (explaining that "where Congress borrows terms of art," it also borrows their meaning).

IT IS SO ORDERED.

DATED July 21, 2021.

                                BY THE COURT:

                                JARED C. BENNETT
                                United States Magistrate Judge