Romaine C. Marshall (9654)
Jose A. Abarca (12762)
Nicolas C. Wilde (15768)
ARMSTRONG TEASDALE LLP
201 S Main Street, Suite 750
Salt Lake City, UT  84111
Telephone: (801) 401-1600
jabarca@atllp.com
nwilde@atllp.com

Attorneys for Defendants

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware Corporation,<br><br>            Plaintiff,<br><br>       v.<br><br>PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina Corporation, et al.<br><br>            Defendants. | **DEFENDANTS' LIMITED OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY CASE SCHEDULE**<br><br>Case No. 2:18-cv-00551-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Defendants hereby submit a Limited Opposition to Larada Sciences, Inc.'s ("Larada") Motion to Modify Case Schedule, (ECF No. 146). The purpose of Defendants' Limited Opposition is twofold. First, Defendants seek to inform the Court that Larada has filed for Chapter 11 Bankruptcy. Second, Defendants seek to provide the Court with more context than what was provided in Larada's Motion to give the Court a fuller picture before it decides the appropriate amount of time to extend the fact discovery deadline, if at all.

## BACKGROUND

On July 11, 2018, Larada filed its Complaint against Pediatric Hair Solutions. (ECF No. 1.) On October 23, 2019, Larada sent Defendants an email. (Exhibit A.) Relevant here, Larada requested that Defendants provide Larada with a location, date, and time for Larada to inspect the FloSonix Devices. (*See* Exhibit A at 2.) The email provided:

> **5) Inspection of FloSonix Devices and Applicator Tips:**
>
> For each design and/or production iteration of the FloSonix device identified in response to Item No. 1, and each version of applicator tip identified in response to Item No. 3, please also provide a location, date, and time for Plaintiff and/or Plaintiff's representatives to conduct a private (i.e., unobserved) analysis of the devices and applicator tips.

(Exhibit A at 2.)

Less than a week later, on October 29, 2019, Defendants' former counsel sent Larada's former counsel a response. Relevant here, Defendants' former counsel wrote:

> **Item 5: Inspection of FloSonix Devices and Applicator Tips**
>
> PHS will facilitate a functional inspection of the FloSonix Devices and Applicator Tips by Larada during the expedited discovery period. We recommend using our proposed meet-and-confer next week to discuss details of the proposed inspection.

(Exhibit B at 2.)

After PHS offered to meet and confer regarding the details of the inspection, Larada failed to follow up on that offer.

On March 17, 2020 the Court entered a scheduling order setting May 14, 2020 as the close of fact discovery. (ECF No. 66 at 2.) On May 7, 2020, Larada filed its Amended Complaint. (ECF No. 86.) On July 13, 2020, Defendants filed their Answer. (ECF No. 117.)

Included within that filing was Defendant John E. Fassler's Counterclaim against Larada for breach of contract. (ECF No. 117 at 22.)

On March 19, 2021 Larada filed, in the Central District of California, a Voluntary Petition for Non-Individuals Filing for Bankruptcy. (9:21-bk-10269, ECF No. 1.) On April 5, 2021 the Court entered a Stipulated Order setting July 30, 2021 as the close of fact discovery. (ECF No. 133 at 1.)

## **ANALYSIS**

As an initial matter, Defendants disagree with Larada regarding Larada's argument as to the fourth and fifth *Smith* factors. As to the fourth factor, Larada has not been diligent in seeking to inspect the FloSonix devices. As discussed above, almost two years ago Defendants extended to Larada an open invitation to inspect the FloSonix devices, but Larada chose not to follow through with its request to inspect the devices. Further, as to the fifth factor, the delay was not only foreseeable, but was caused by Larada itself. Larada chose to move the Court to have its own employee designated as a Technical Advisor—despite the plain language of the Stipulated Protective Order precluding that designation. Larada should not be now heard to complain about a delay that it caused.

Defendants have learned and seek to inform the Court that Larada has filed the above described bankruptcy petition and is currently in active bankruptcy proceedings. As discussed above, on March 19, 2021 Larada filed a Voluntary Petition for Bankruptcy. (9:21-bk-10269, ECF No. 1.) Section 362 of the Bankruptcy Act provides that "a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of . . . the . . . continuation . .

. of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). "In a situation where the automatic stay is potentially implicated, the prudent course would be to inform the Court and seek guidance on future proceedings in the case." *Derringer v. Fitch*, No. CIV. 03-149 MV/RLP, 2005 WL 5111008, at *2 n. 3 (D.N.M. June 8, 2005).

At present, Defendants are unable to find any guidance given by the bankruptcy court for the prosecution and defense of the present action. Based on the automatic stay that resulted from Larada's bankruptcy filing, Mr. Fassler's Counterclaim against Larada for breach of contract is stayed and Defendants cannot pursue discovery related to that claim. In other words, Larada can continue pursuing discovery to prosecute its claims against Defendants, but Mr. Fassler is unable to prosecute his counterclaim against Larada. Such action would occur later when the stay is resolved or otherwise terminated.

Based on the foregoing—especially Larada's cause of the delay it created—Defendants respectfully submit that, if the Court is inclined to extend the case schedule, an extension of 45 days is appropriate under the circumstances.

DATED: August 9, 2021.

ARMSTRONG TEASDALE LLP

/s/ *Jose A. Abarca*
Romaine Marshall
Jose A. Abarca
Nicolas C. Wilde
*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that on August 9, 2021, the foregoing **DEFENDANTS' LIMITED OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY CASE SCHEDULE** was sent via the Court's electronic filing system to all parties on record.

/s/ *Shelby Irvin*