Romaine c. Marshall (9654)
Jose A. Abarca (12762)
Nicolas C. Wilde (15768)
ARMSTRONG TEASDALE LLP
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone: (801) 401-1600
rmarshall@atllp.com
jabarca@atllp.com
nwilde@atllp.com

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina Corporation, et al.<br><br>Defendants. | **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:18-cv-00551-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Defendants, by and through counsel, pursuant to Federal Rule of Civil Procedure 12(c), hereby move to dismiss Larada Sciences, Inc.'s ("Larada") second, fifth, and eighth claims for relief.

**STATEMENT OF FACTS**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, the following statement of facts are assumed to be true for purposes of this Motion only. Defendants include the facts that are most relevant to their Motion.

1

1. "Larada manufactures and markets devices for the treatment of head lice through a . . . method of applying heated air to the scalp (the 'Devices')." (FAC ¶ 15, ECF No. 86 at 4.)

2. "Larada . . . grants licenses to use the Devices and related products in the operation of independent head-lice-treatment clinics ('Clinics') pursuant to license agreements." (FAC ¶ 17, ECF No. 86 at 4.)

3. "On or about August 31, 2015, Larada and PHS entered into a series of license agreements which allowed Pediatric Hair Solutions ("PHS") to use Larada's Devices at numerous Clinics operated by PHS in Georgia, South Carolina, North Carolina, and Ohio (the License Agreements')." (FAC ¶ 22, ECF No. 86 at 6.)

4. "The License Agreements provide, among other things[:]" "[d]uring the Term, Licensee shall make the following payments . . . [p]er treatment Use Fee of $25 for each Treatment . . . ."  (FAC ¶ 23, ECF No. 86 at 6.)

5. The License Agreements also provide that "[u]pon termination of this Agreement by either party . . . Licensee shall: (i) immediately pay all amounts then due to [Larada] . . . (ii) within five (5) business days after such termination, surrender and return to [Larada] all Devices and all unused consumables . . . ." (FAC ¶ 23, ECF No. 86 at 7–8.)

6. "[O]n or about March 10, 2017, Larada provided PHS with written notice that the License Agreements were terminated" for PHS's failure to make payments allegedly owed under the License Agreements. (FAC ¶ 46, ECF No. 86 at 12.)

7. "PHS has failed and refused to pay Larada the amounts due and owing." (FAC ¶ 48, ECF No. 86 at 12.)

8. "PHS has failed to timely return all of Larada's Devices and unused Consumables." (FAC ¶ 49, ECF No. 86 at 12.)

9. "PHS owes Larada $84,810.00 under the License Agreements for order fees, treatment fees, territory fees, and device late fees through April 2017, exclusive of interest." (FAC ¶ 67, ECF No. 86 at 16.)

## STANDARD

"Rule 12(c) specifically provides that 'after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.'" *Hope v. Glover*, No. 4:20-CV-00082-DN-PK, 2021 WL 3207896, at *1 (D. Utah July 29, 2021) (citation omitted). "A motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss." *Id*. (citation omitted). "This standard requires a plaintiff to allege enough facts, 'taken as true, to state a claim to relief that is plausible on its face.'" *Id*. (citation omitted). "A plaintiff must 'offer specific factual allegations to support each claim.'" *Id*. (citation omitted). "While the Court must 'accept as true all of the allegations contained in a complaint,' this requirement is 'inapplicable to legal conclusions.'" *Id* (citation omitted). "The determination of plausibility will be a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. (citation omitted). "Therefore, 'in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable'" for the claim at issue. *See id*. (citation omitted).

## ARGUMENT

As explained below, Defendants move, under Rule 12(c), to dismiss Larada's (**I**) fifth, (**II**) second, and (**III**) eighth claims. Further, (**IV**) the Court's dismissal should be with prejudice.

### I. The Court Should Dismiss Larada's Trespass to Chattels Claim (Fifth Cause of Action)

As explained below, the Court should dismiss Larada's trespass to chattels claim because (**A**) Utah law applies; (**B**) trespass to chattels is very likely not even a recognized claim in Utah; and (**C**) even if it is a recognized claim, Larada has failed to adequately plead some damage to the chattel at issue.

#### A. Utah Law Applies

As explained below, under Utah's choice-of-law rules, Utah law applies here. "'A federal court sitting in diversity applies the substantive law, including choice of law rules, of the forum state.'" *BancOklahoma Mortg. Corp. v. Cap. Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999).[1] "This rule also applies when a federal court exercises supplemental jurisdiction over state law claims in a federal question lawsuit." *Id*. "'Because Utah is the forum state, Utah choice-of-law rules apply.'" *Mitchell v. Wells Fargo Bank*, 280 F. Supp. 3d 1261, 1278 (D. Utah 2017) (citation omitted). "Utah applies the most significant relationship test to tort and contract claims." *Weinreich v. Brooks*, No. 2:19-CV-953-TS-CMR, 2021 WL 1110328, at *7 (D. Utah Mar. 23, 2021). "The factors to consider are 'the place where the injury occurred;' 'the place where the conduct causing the injury occurred;' 'the domicil[e], residence, nationality, place of incorporation

---

[1] The First Amended Complaint's primary basis for this Court's subject matter jurisdiction is based on complete diversity of citizenship. (FAC ¶ 6, ECF No. 86 at 3.)

and place of business of the parties;' and 'the place where the relationship, if any, between the parties is centered.'" *Id*. (citation omitted).

Here, Larada's "principal place of business" is in Murray, Utah. (FAC ¶ 1, ECF No. 86 at 2.) Because Larada is based in Utah, the financial injury (if any) was felt in Utah. *C.f.* Starr Indem. & Liab. Co. v. Rolls-Royce Corp., No. CV-14-02594-TUC-RM, 2015 WL 13260482, at *3 (D. Ariz. Nov. 30, 2015) ("If financial injury occurred, it was felt in Texas, where the financial center of Med-Trans' operations is located."). Further, the parties' relationship is centered in Utah. Larada alleges that it "was the lawful owner of the Devices," under the License Agreements. (FAC ¶ 104, ECF No. 86 at 20.) Larada alleges that "[t]he License Agreements provide" that "[t]his Agreement shall be interpreted in accordance with the laws of the state of Utah . . . ." (FAC ¶ 23, ECF No. 86 at 6, 8.) Because Larada's trespass to chattels claim is dependent on its ownership rights under the License Agreements, and because the License Agreements indicate that Utah law governs, the parties' relationship is centered in Utah. Further, Larada alleges that when the parties entered into negotiations related to the License Agreements, the parties met in Park City, Utah. (*See* FAC ¶¶ 37–38, ECF No. 86 at 11.) Because the injury occurred in Utah, because Larada is based in Utah, and because the parties' relationship is centered in Utah, Utah law governs here.

**B. Trespass to Chattels is Very Likely Not Even a Recognized Claim in Utah**

As noted above, Larada's fifth claim is for "trespass to chattels." (*See* FAC ¶¶ 103–109, ECF No. 86 at 20–21.) But as recently as August of this year, a Utah district court expressed doubt as to whether Utah even recognizes that tort. *Vox Mktg. Grp. v. Promos*, No. 2:18-CV-632, 2021 WL 3710130, at *8 (D. Utah Aug. 20, 2021) ("It is unclear, for example, whether Utah

5

even recognizes the tort of trespass to chattels, let alone what the elements of this tort might be under Utah law."). "It is elementary that in a civil action, the plaintiff bears the burden of proof on all essential elements of a claim." *Ruggiero v. Krzeminski*, 928 F.2d 558, 562 (2d Cir. 1991). Where, as here (as Judge Nielson recently recognized), the elements of a claim are unknown, a plaintiff can never meet its burden. Because Utah law governs here, and because the elements of a trespass to chattels claim are unknown under Utah law, there can be no viable claim against Defendants for trespass to chattels. The Court should therefore DISMISS Larada's fifth claim with prejudice. "To hold otherwise would essentially force" Defendants to defend themselves "against a non-existent claim." *C.f. Evans v. Avista Corp.*, No. 10-473-N-REB, 2012 WL 4140649, at *4 (D. Idaho Sept. 19, 2012).

### C. Whatever the Elements of Trespass to Chattels Are in Utah, Larada Has Not Adequately Pled at Least One Essential Element

As discussed above, one Utah district judge recently acknowledged that the full list of elements of a trespass to chattels claim is something of a mystery. *Vox*, 2021 WL 3710130 at *8. Whatever the full list of elements is, at least one thing is known—Larada must allege that there was some damage to the chattel in question. *Walker v. Union Pac. R. Co.*, 844 P.2d 335, 343 n. 9 (Utah Ct. App. 1992) ("However, the doctrine of trespass to chattels has fallen into general disuse, and even when applied requires that there be some damage to the chattel in question."). But Larada did not allege that there was any "damage to the chattel in question." (*See* FAC ¶¶ 103–109, ECF No. 86 at 20–21.) Because Larada did not allege what amounts to a necessary element, the Court should DISMISS Larada's fifth cause of action.

## II. The Court Should Dismiss Larada's Breach of Implied Covenant and Good Faith and Fair Dealing Claim (Second Cause of Action)

Larada's second claim for relief, breach of the implied covenant of good faith and fair dealing, should be dismissed because Larada's breach of contract claim redresses the conduct complained of and because Larada fails to explicitly allege a separate implied promise. A breach of the covenant of good faith and fair dealing may not be premised on a breach of the express terms of a contract. *See St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 200 (Utah 1991) ("An examination of express contract terms alone is insufficient to determine whether there has been a breach of the implied covenant of good faith and fair dealing."); *Stewart v. Stoller*, No. 2:07-CV-552-DB-EJF, 2014 WL 4851861, at *6 (D. Utah Sept. 29, 2014) ("Ms. Stewart cannot recover on a separate claim for breach of the covenant of good faith and fair dealing, because her breach of contract claim redresses the conduct complained of in both claims, and she fails to plead a separate implied promise; thus, the good faith and fair dealing claim duplicates the breach of contract claim."); *Canopy Corp., v. Symantec Corp.*, 395 F. Supp. 2d 1103, 1111 (D. Utah 2005) (applying Utah law and noting that to state separate claims for breach of contract and breach of the implied covenant of good faith and fair dealing plaintiff must "demonstrate some implied promise" apart from contract terms).

Within its second cause of action, Larada alleges that "PHS unfairly interfered with Larada's right to receive the benefits of the License Agreements by [1] defaulting on the past-due Use Fees and [2] knowingly maintaining wrongful possession of the Devices and unused Consumables without payment thereof." (FAC ¶ 86, ECF No. 86 at 18.) These are precisely the same injuries that Larada alleges it is entitled to recovery from under the terms of the License Agreements. A comparison of the injuries alleged in Larada's breach of contract claim

7

demonstrates that the "breach of contract claim redresses the conduct complained of in both claims . . . ." *Stewart*, 2014 WL 4851861, at *6. In other words, Larada's implied covenant claim is duplicative of its breach of contract claim.

| **Breach of Contract Claim** | **Breach of Implied Covenant of Good Faith and Fair Dealing** |
|---|---|
| "PHS breached the terms of the License Agreements by . . . . | "PHS unfairly interfered with Larada's right to receive the benefits of the License Agreements by . . . |
| [1] failing to make payments required pursuant to the License Agreements[2] . . . | [1] defaulting on the past-due Use Fees and . . . . |
| [2] failing to timely return the Devices and unused Consumables upon the termination of the License Agreements . . . ." (FAC ¶ 75, ECF No. 86 at 17.) | [2] knowingly maintaining wrongful possession of the Devices and unused Consumables without payment thereof." (FAC ¶ 86, ECF No. 86 at 18.) |

The amount of damages that Larada alleges it is entitled to under both claims also demonstrates that the breach of contract claim redresses the conduct complained of in both claims. (*Compare* FAC ¶ 79 *with* FAC ¶ 88 (both alleging that Larada suffered damages "no less than $ 84,810.00 plus interest at the statutory rate.").)

Further, Larada fails to explicitly allege an implied promise. (*See* FAC ¶¶ 83–89, ECF No. 86 at 18–19.) An examination of *ClearOne, Inc. v. RSM US LLP*, No. 2:16-CV-00736-DN, 2017 WL 923949, at *5 (D. Utah Mar. 6, 2017)—and the detailed allegations that the plaintiff in that case made regarding an implied promise—demonstrate why Larada's First Amended Complaint fails to adequately allege an implied promise separate from the contracts at issue. In

---

[2] Larada alleges that under the License Agreement, the Licensee was obligated to make payments for "[p]er-treatment **Use Fee** of $25 for each Treatment." (FAC ¶ 23, ECF No. 86 at 6 (bold added).) Thus, as has been demonstrated, Larada's breach of contract claim adequately redresses the injury alleged in the breach of the implied covenant of good faith and fair dealing claim for "defaulting on the past-due **Use Fees** . . . ." (FAC ¶ 86, ECF No. 86 at 18 (bold added).)

*ClearOne*, the defendant argued that the plaintiff's breach of implied covenant claim should be dismissed because the "'breach of implied covenant claim rests on allegations that are identical to its breach of contract claim.'" *ClearOne, Inc. v. RSM US LLP*, No. 2:16-CV-00736-DN, 2017 WL 923949, at *4 (D. Utah Mar. 6, 2017). "To support the breach of implied covenant claim," the plaintiff pointed to its complaint, wherein it alleged "that there were certain duties [the defendant] was impliedly obligated to fulfill by virtue of the Agreements, but which [the defendant] failed to fulfill." *Id*. at *5. More specifically, in the plaintiff's complaint, it alleged:

- "RSM's failure to identify the potential threat to its independence and the abrupt resignation constitute a breach of RSM's contractual, **ethical, and other duties** to ClearOne, including the Internal Controls Duty, the Conflict Check Duty, and the Timely Notice Duty." (2:16-cv-736, Compl. ¶ 55, ECF No. 2 at 11 (bold added).)
- "RSM **impliedly promised** it would not intentionally or purposefully do anything which would destroy or injure ClearOne's right to receive the fruits of the Agreements." (2:16-cv-736, Compl. ¶ 88, ECF No. 2 at 11 (bold added).)
- "RSM's conduct, including its failure to perform customary, periodic, and appropriate conflict checks prior to incurring substantial fees for work performed, and to provide timely notice to ClearOne of a potential conflict impairing its qualification, is inconsistent with the agreed common purpose of the Agreements with ClearOne, and ClearOne's justified expectations." (2:16-cv-736, Compl. ¶ 55 ECF No. 2 at 11).

Because the plaintiff's breach of contract claim "stem[med] from [the defendant's] failure to provide auditing services," but its implied covenant claim stemmed from a separate, implied obligation of the defendant to "perform customary, periodic, and appropriate conflict checks," the court denied defendant's motion to dismiss the implied covenant of good faith and fair dealing claim. *See ClearOne*, 2017 WL 923949 at *5.

Here, Larada's implied covenant claim is duplicative of its breach of contract claim because both claims stem from Defendants' express duties under the contract—to make payment and to return the Devices. Because Larada fails to plead a separate implied promise, the Court should DISMISS Larada's Second Cause of Action.

### III. The Court Should Dismiss Plaintiff's Trademark Infringement and Unfair Competition Claim (Eighth Cause of Action)

Larada's eighth claim for relief, trademark infringement and unfair competition under the Lanham Act, should be dismissed because the allegations supporting the second and third elements of that claim are conclusory and are not entitled to a presumption of truth. Larada alleges that "Larada is the owner of a federal registration of the mark, AIRALLE . . . ." (FAC ¶ 123, ECF No. 86 at 23.)

"Trademark infringement is a type of unfair competition; the two claims have virtually identical elements and are properly addressed together as an action brought under 15 U.S.C. § 1125(a)(1)(B), commonly known as section 43 of the Lanham Act." *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Rsch.*, 527 F.3d 1045, 1050 (10th Cir. 2008). "To succeed on its claim for trademark infringement under the Lanham Act, [Larada] must demonstrate (1) it has a protectable mark; (2) [Defendants] used [Larada's] trademark in connection with any goods or services; and (3) [Defendants'] use creates a likelihood of confusion." *Equitable Nat'l Life Ins. Co., Inc. v. AXA Equitable Life Ins. Co.*, 434 F. Supp. 3d 1227, 1239 (D. Utah 2020).

Based on Defendants' review of the First Amended Complaint, it appears that the only allegation in support of the second element of Larada's eighth cause of action is paragraph 132. As can be seen, paragraph 132 amounts to a mere recitation of the second element of the claim and may therefore be disregarded:

| Second Element of Claim | Paragraph 132 |
|---|---|
| "Defendant used Plaintiff's trademark in connection with any goods or services." | "PHS continued to use the AIRALLE mark in connection with its products and services, even after the termination of the License Agreements." |

Larada provides no specific facts demonstrating how or when Defendants used the AIRALLE trademark. Nor does Larada provide any specific facts demonstrating which of Defendants' products or services Defendants used the AIRALLE trademark in connection with. Because the allegation contained in paragraph 132 is wholly conclusory, and because it is the only allegation supporting the second element of the trademark infringement claim, this Court should DISMISS the eighth cause of action.

Just like the second element, Larada's allegation supporting the third element of its eighth cause of action is nothing more than a recitation of the element of the claim:

| Third Element of Claim | Paragraph 133 |
|---|---|
| "(3) that Defendants' use 'is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.'" *One Man Band Corp. v. Smith*, No. 2:14-CV-221 TS, 2014 WL 12622274, at *9 (D. Utah Aug. 19, 2014) (quoting 15 U.S.C. § 1125(a)(1)). | "PHS's use of the AIRALLE mark is likely to cause confusion or mistake among ordinary consumers about the source, sponsorship, affiliation, connection, association, and/or approval of the goods and services offered by PHS, by creating false, deceiving, and/or misleading impression(s) that such goods and services are created by Larada, and/or are sponsored by, affiliated with, or approved by Larada. Such confusingly similar use constitutes trademark infringement . . . ." |

Because the allegation contained in paragraph 133 is wholly conclusory, and because it is the only allegation supporting the third element of the trademark infringement claim, this Court should DISMISS the eighth cause of action.

### IV.     The Court Should Dismiss the Claims with Prejudice

For the reasons articulated, the Court should DISMISS Larada's second, fifth and eighth claims. The Court should dismiss these claims with prejudice because Larada will be unable to demonstrate good cause justifying amendment of its pleading.

The Court's original Scheduling Order set April 1, 2019 as the "[l]ast day to file Motion to Amend Pleadings." (ECF No. 35 at 4.) The Court's subsequent Amended Scheduling Orders have not changed that deadline. (*See* ECF Nos. 133 and 153.) As this Court previously recognized in this case, "[w]hen a party moves for leave to amend a pleading after the scheduling order deadline has passed, [a] moving party bears the burden of satisfying Rule 16(b)(4), which states 'a schedule may be modified only for good cause and with the judge's consent.'" (ECF No. 73 (citing Fed. R. Civ. P. 16(b)(4) and *Gorsuch*, *Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). "In the Tenth Circuit, good cause 'requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *McCubbin v. Weber Cty.*, No. 1:15-CV-132, 2017 WL 3411910, at *2 (D. Utah Aug. 7, 2017) (quoting *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015). "If the plaintiff knew of the underlying conduct but simply failed to raise the appropriate claims . . . the claims are barred." *Id*. (citation omitted). Here, Larada has learned no new information that would justify its failure to adequately plead its claims. Larada cannot demonstrate good cause under Rule 16. The Court should therefore GRANT Defendants' Motion and DISMISS the second, fifth and eighth claims with prejudice.

## **CONCLUSION**

For the reasons stated, the Court should therefore GRANT Defendants' Motion and DISMISS the second, fifth and eighth claims with prejudice.

DATED: October 29, 2021.

                                      ARMSTRONG TEASDALE LLP

                                      /s/ *Jose A. Abarca*
                                      Romaine Marshall
                                      Jose A. Abarca
                                      Nicolas C. Wilde
                                      *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2021, the foregoing **DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** was sent via the Court's electronic filing system to all parties on record.

                                                             */s/ Jose A. Abarca*