Romaine C. Marshall (9654)
Jose A. Abarca (12762)
Nicolas C. Wilde (15768)
ARMSTRONG TEASDALE LLP
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone: (801) 401-1600
rmarshall@atllp.com
jabarca@atllp.com
nwilde@atllp.com

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina Corporation, et al.<br><br>Defendants. | **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:18-cv-00551-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Defendants hereby submit this Reply Memorandum in support of their Motion for Judgment on the Pleadings, (ECF No. 154). Pursuant to Local Rule 7-1(b)(2)(A), Defendants' Reply Memorandum is limited to rebuttal of matters raised in Plaintiff Larada Sciences, Inc.'s ("Larada") Response, (ECF No. 157).

## ARGUMENT

Defendants address Larada's arguments (**I**) that "trespass to chattels is recognized in both Utah and North Carolina, and Larada has adequately alleged that claim;" (**II**) that "Larada has alleged an implied covenant of good faith and fair dealing distinct from its contract claims;" and (**III**) that "Larada has adequately alleged all elements of trademark infringement." (ECF No. 157 at 3–8.)

    **I.**    **The Court Should Dismiss Larada's Trespass to Chattels Claim Because Utah Law Applies and Because Larada Has Failed to Articulate the Elements of its Claim Under Utah Law.**

Larada argues that "it is not at all clear that Utah law would necessarily apply to Larada's trespass to chattels claim," and argues that North Carolina law may apply based on Section 147 of the Restatement (Second) Conflict of Laws. (*See* ECF No. 157 at 4.) Larada, without citing to the operative pleading, argues that the injury to property "occurred in North Carolina," and argues that "[t]he conduct causing the injury was done by Defendants who are all located in North Carolina, and they have failed to return Larada's chattel which was being used by the North Carolina defendants." (ECF No. 157 at 4.) By failing to cite to the operative pleading, Larada fails to demonstrate that the injury to the property in question occurred exclusively in North Carolina. A careful examination of the language of the First Amended Complaint demonstrates—even when viewing the facts in the light most favorable to Larada—that Larada alleged that some of the injury to the Devices occurred in states outside of North Carolina.

As an initial matter, it is worth noting that Larada's trespass to chattels claim is premised on Defendants' alleged interference with Larada's Device**s** (plural). (*See* FAC ¶ 106, ECF No. 86 at 21 ("Defendants failed to return the Device**s** to Larada and therefore willfully interfered with

Larada's possession of the Devices without lawful justification.") (emphasis added).) Larada alleged that it provided a second-generation device (singular) to Defendants. (*See* FAC ¶¶ 33, 51, ECF No. 86 at 10, 13.) Because Larada alleged that it only provided a single second-generation device to Defendants, and because Larada's trespass to chattels claim is premised on interference with multiple Devices, it follows that Larada's claim includes both first-generation and second-generation Devices.

Larada ignores that it alleged that it allowed "PHS to use Larada's [first-generation] Devices at numerous Clinics operated by PHS in Georgia, South Carolina, North Carolina, and Ohio," (FAC ¶ 22, ECF No. 86 at 6) and ignores that it alleged that "PHS continued to use Larada's Devices through April 2017 . . . ." (FAC ¶ 50, ECF No. 86 at 13.) Even when viewing the evidence in the light most favorable to Larada, Larada's allegations, read as a whole, are that Defendants continued to use Larada's Devices in states outside of North Carolina past the deadline Larada imposed in its March 17, 2017 letter. (*See* FAC ¶ 51, ECF No. 86 at 13.) Larada's premise—that the injury occurred exclusively in North Carolina—is therefore false. On this basis alone, the Court should reject Larada's arguments related to Section 147 and should weigh the factors of the most significant relationship test. As has already been explained, "[b]ecause the [financial] injury occurred in Utah, because Larada is based in Utah, and because the parties' relationship is centered in Utah, Utah law governs here." (ECF No. 154 at 5.)

But even assuming that Larada had alleged that the injury to the Devices occurred exclusively in North Carolina, Utah law would still apply to the trespass to chattels claim. "Utah courts apply the 'most significant relationship' analysis to determine the choice of law in a tort cause of action." *Rocky Mountain Helicopters, Inc. v. Bell Helicopter Textron, Inc.*, 24 F.3d 125,

3

128 (10th Cir. 1994). "In cases involving injury to tangible property, the law of the state where the injury occurred **usually** governs the cause of action, unless 'some other state has a more significant relationship . . . to the occurrence, the thing and the parties.'" *Id*. (bold added) (citing Restatement (Second) of Conflict of Laws § 147). Here, even if the injury to the tangible property occurred exclusively in North Carolina, Utah law would still govern because it has a more significant relationship to the occurrence, Devices, and to the parties. In its Response, Larada failed to address Defendants' argument that the parties' relationship is centered in Utah because "Larada's trespass to chattels claim is dependent on its ownership rights under the License Agreements and because the License Agreements indicate that Utah law governs . . . ." (ECF No. 154 at 5.) By failing to address Defendants' argument, Larada has failed to address the exception to Section 147. Based on the License Agreements' connection to Utah, the Devices and the parties' most significant relationship is with Utah. Therefore, even assuming that the injury to the Devices occurred exclusively in North Carolina, this Court should hold that the most significant relationship of the occurrence, property, and parties is with a state other than where the injury occurred—as the Tenth Circuit did in *Rocky Mountain Helicopters*.[1] Utah law applies.

Larada argues that "regardless of whether Utah or North Carolina law applies, it should be clear that trespass to chattels remains a valid cause of action in either state." (ECF No. 157 at 4.) Larada, citing caselaw from North Carolina, then recites the elements of a trespass to chattels

---

[1] Defendants of course acknowledge that the parties in *Rocky Mountain Helicopters* agreed that the most significant relationship was with a state other than where the injury to the property occurred. But *Rocky Mountain Helicopters* nevertheless demonstrates that courts within the Tenth Circuit are not strictly bound by Section 147's general rule. Indeed, the Tenth Circuit's guidance demonstrates that the threshold for finding an exception to Section 147 is not high.

claim under North Carolina law. (ECF No. 157 at 4.) Larada then attempts to discuss Utah law. But unlike how it did for North Carolina law, Larada fails to cite a *single* Utah case that sets forth the elements of trespass to chattels under Utah law. (*See* ECF No. 157 at 4–5.) Larada's failure to point to any Utah caselaw setting forth the elements of its claim proves Defendants' argument. Larada—as the party bearing the burden of proof on all elements of its claim—can never come forward with facts to support the elements of an undefined claim.

In its Response Larada does not even attempt to directly address Judge Nielson's recent guidance that "[i]t is unclear, for example, whether Utah even recognizes the tort of trespass to chattels, let alone what the elements of this tort might be under Utah law." *Vox Mktg. Grp. v. Promos*, No. 2:18-CV-632, 2021 WL 3710130, at *8 (D. Utah Aug. 20, 2021); *see* (ECF No. 157 at 3–5 (wherein Larada does not address *Vox* despite Defendants having raised it in their Motion).) Instead, Larada—unable to find a single Utah case that lists the elements of its claim—attempts to rely on three treatises to define the elements of trespass to chattels. (*See* ECF No. 157 at 4–5.) Larada's argument ignores the obvious—a treatise is not a pronouncement of Utah law.

As this Honorable Court is well aware, courts within the Tenth Circuit are "generally reticent to expand state law without clear guidance from the state's highest court for it is not a federal court's place to expand state law beyond the bounds set by the highest court of the state." *Amparan v. Lake Powell Car Rental Companies*, 882 F.3d 943, 948 (10th Cir. 2018) (internal quotation marks omitted). Larada provides no *Erie* analysis regarding what the Utah Supreme Court would say the elements of trespass to chattels are under Utah law. As this Court provided at the May 29, 2020 preliminary injunction hearing: "[P]arties can waive arguments and it is incumbent on the parties to choose . . . what arguments they rely on . . . and what legal

authorities they present." (ECF No. 123 at 113–14.) Not having provided an *Erie* analysis, Larada has waived its right to argue that this Court should endeavor to predict what the Utah Supreme Court would hold. Defendants respectfully submit that this Court—under our adversarial system and under our system of federalism—should decline to unnecessarily expand state law when Larada has given the Court no reason to do so.

Because the elements of a claim for trespass to chattels remain unknown under Utah law, this Court should DISMISS Larada's fifth cause of action because Larada will never be able to meet its burden of coming forward with facts to prove the elements of its claim.

II.  **The Court Should Dismiss Larada's Implied Covenant of Good Faith and Fair Dealing Claim Because Larada's Belated Attempt to Plead an Implied Promise Must Be Rejected and Because Larada's Argument Demonstrates that the Claim is a Duplication of its Breach of Contract Claim.**

Larada does not dispute that a breach of the implied covenant of good faith and fair dealing may not be premised on a breach of the express terms of a contract. (*See* ECF No. 157 at 6–7.) Nor does Larada dispute that it is required to plead a separate implied promise. (*See* ECF No. 157 at 6–7.)

But rather than cite to a paragraph in its pleading wherein it pled a separate implied promise, Larada instead cobbles together various allegations of Defendants' (alleged) misconduct in a tortured effort to articulate an implied promise. (*See* ECF No. 157 at 6–7.) Larada argues that "[t]aken together, these allegations evidence an implied duty to not have PHS manipulate the relationship with Larada to buy time to develop a competing device, based on Larada's Device, without notice to Larada, and funded in part by money that was owed to Larada." (ECF No. 157 at 7.) The problem for Larada is that it did not plead this implied promise in its First Amended Complaint. It is axiomatic that this Court's role under Rule 12(c) is to only

6

examine the facts actually alleged in a pleading. Defendants respectfully submit that this Court should not tolerate Larada's attempt to inject new facts not actually alleged. Unlike the plaintiff in *ClearOne, Inc., v. RSM US LLP*, No. 2:16-CV-00736-DN, 2017 WL 923949 (D. Utah March. 6, 2017), Larada did not explicitly allege an implied promise. By failing to plead a separate implied promise, Larada is faced with the reality that its implied covenant claim stems from the express duties under the contract—to make payment and to return the Devices. (FAC ¶ 86, ECF No. 86 at 18 ("PHS unfairly interfered with Larada's right to receive the benefits of the License Agreements by defaulting on the past-due Use Fees and knowingly maintaining wrongful possession of the Devices . . . without payment thereof.").) The Court should DISMISS Larada's second cause of action.

### III.  The Court Should Dismiss Larada's Trademark Infringement Claim.

In a desperate attempt to save its claim, Larada resorts to mischaracterizing both its own pleading and Defendants' argument.

First, Larada argues that "Defendants ignore the allegations in Paragraph 52 of the First Amended Complaint, which alleges that PHS failed to remove references to Larada's Marks (*including its Trademark, AIRALLÉ*) on its 'online marketing materials and internet websites.'" (ECF No. 157 at 7 (emphasis added).) The immediately preceding italicized language is significant. Nowhere in paragraph 52 did Larada actually mention the AIRALLÉ trademark:

> PHS has failed to take the required steps to dissociate itself from Larada including, but not limited to, failing to remove all references to Larada and/or its Marks, Devices, and/or other Intellectual Property from its online marketing materials and internet websites for which PHS has the authority to do so.

(FAC ¶ 52, ECF No. 86 at 13.) Not only did paragraph 52 fail to even mention the AIRALLÉ trademark, but the paragraph lacks any specific detail. Larada does not specify which reference,

7

Mark, Device, or Intellectual Property Defendants failed to remove. Nor does Larada specify where or when these references, Marks, Devices, or Intellectual property appeared. Further, by alleging that PHS failed to "remove all references to Larada and/**or** its Marks," Larada's allegation is potentially made in the disjunctive—making it unclear whether Larada even alleged in paragraph 52 that Defendants used *any* Mark. In short, "[t]hese allegations are vague and conclusory and thus not entitled to the presumption of truth." *Kachadoorian v. United Airlines, Inc.*, No. 18-CV-01205-RBJ, 2019 WL 1953399, at *3 (D. Colo. May 2, 2019) (citation omitted).

Next, Larada quotes the language of paragraph 130 of its pleading in an apparent attempt to argue that that paragraph "expands on PHS's use of Larada's trademarks in their online materials . . . ." (ECF No. 157 at 7.[2]) Larada argues that paragraph 130 "not[es] that PHS's social media sites are 'offered in the same channels of commerce and to the same class of consumers as the services associated with the AIRALLÉ mark.'" (ECF No. 157 at 7 (citation omitted).) But paragraph 130 does not allege that PHS used the AIRALLÉ mark. Rather, paragraph 130 only alleges that the parties used the same channels of commerce. Alleging that PHS advertised its services in the same channels of commerce as those associated with the AIRALLÉ mark is not an allegation that PHS used the AIRALLÉ mark. Paragraph 130 does not support the second element of Larada's claim. To the extent Larada is attempting to argue that paragraph 130 supports the third element of its claim, that argument fails because paragraph 130 is conclusory and therefore not entitled to a presumption of truth. Larada does not specifically identify what

---

[2] Larada mistakenly cites to paragraph 133 but the language quoted is from paragraph 130 of the First Amended Complaint.

PHS's services are. Nor does Larada identify which social media sites PHS used. By failing to identify which sites PHS used, Larada necessarily fails to identify which "channels of commerce" PHS and Larada had in common. The allegation is entirely conclusory.

Next, Larada represents that "Defendants argue that they do not know 'which of Defendants' products or services' they are alleged to have used the AIRALLÉ trademark in connection with—but Defendants offer only one service—the treatment of lice with a heated air device that looks remarkably similar to Larada's (FAC ¶ 39, 56)." (ECF No. 157 at 7.) Larada's argument mischaracterizes both its own pleading and Defendants' argument. Defendants never argued that "they do not know 'which of Defendants' products or services' they are alleged to have used the AIRALLÉ trademark in connection with . . . ." (ECF No. 157 at 7.) What Defendants argued was that Larada does not "provide any specific facts demonstrating which of Defendants' products or services Defendants used the AIRALLÉ trademark in connection with." (ECF No. 154 at 11.) Defendants were simply using the language that Larada itself had pled to demonstrate that Larada's allegation amounted to a mere recitation of the element of the claim. (*See* ECF No. 154 at 10–11.) Larada's mischaracterization of Defendants' argument is a classic straw man fallacy to distract from the fact that paragraph 132 of the First Amended Complaint is a recitation of the second element of a trademark infringement claim. As Defendants previously argued, paragraph 132 is not entitled to a presumption of truth and should be disregarded. (*See* ECF No. 154 at 10–11.)

Larada's arguments fail. Because the only allegations in support of the second and third element of the claim are wholly conclusory, they are not entitled to a presumption of truth and

should be disregarded. Without any allegations to support these elements, Larada's trademark infringement claim necessarily fails. The Court should DISMISS Larada's eighth cause of action.

## CONCLUSION

Defendants previously argued that the Court should dismiss the second, fifth, and eighth claims with prejudice. (ECF No. 154 at 12.) If the Court elects to dismiss any of the three claims, it should do so with prejudice because Larada has waived any argument that the dismissal should be without prejudice. *Northcutt v. Fulton*, No. CIV-20-885-R, 2020 WL 7380967, at *2 (W.D. Okla. Dec. 15, 2020) ("Courts routinely deem an issue 'waived' when a party fails to respond to a movant's substantive argument.").

For the reasons argued, the Court should GRANT Defendants' Motion and DISMISS the second, fifth and eighth claims with prejudice.

DATED: December 7, 2021.

        ARMSTRONG TEASDALE LLP

        */s/ Jose A. Abarca*
        Romaine Marshall
        Jose A. Abarca
        Nicolas C. Wilde
        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2021, the foregoing **REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** was sent via the Court's electronic filing system to all parties on record.

                                                    */s/ Sarah Nielsen*