Douglas C. Smith (#10805)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1218 East 7800 South, Suite 300
Sandy, UT 84094
tel: (801) 251.7341
fax: (801) 562.5510
douglas.smith@lewisbrisbois.com

Peter Stasiewicz (IL No. 6290832) (*pro hac vice* forthcoming)
**ARCTURUS LAW FIRM**
211 West Wacker Drive # 323
Chicago, Illinois, 60606
tel: (312) 957-6194
fax: (312) 489-8307
pete.stasiewicz@arcturuslaw.com

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **LARADA SCIENCES, INC.**, a Delaware Corporation,<br><br>**Plaintiffs,**<br><br>v.<br><br>**PEDIATRIC HAIR SOLUTIONS CORPORATION**, a North Carolina Corporation, **JOHN E. FASSLER, M.D., SHEILA M. FASSLER,** and **FLOSONIX VENTURES, LLC,** a Wyoming LLC.<br><br>**Defendants.** | **MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br><br>Case No.: 2:18-cv-00551-RJS-PMW<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Paul M. Warner |

Pursuant to Rules 15(a)(2), 16, and 21 of the Federal Rules of Civil Procedure, Plaintiff Larada Sciences, Inc. ("Larada"), through its undersigned of record, respectfully submits this Motion for Leave to File a Second Amended Complaint.

## BACKGROUND

Larada seeks leave to amend the Complaint to add FloSonix Ventures, LLC ("FSV") as a defendant. FSV was founded by PHS's owner, Defendant Sheila Fassler, with assistance from her husband Defendant Dr. John Fassler, but Larada alleges that FSV and PHS are alter egos of each other and the Fasslers personally, and operate essentially as a single entity.

Plaintiff filed its original Complaint against PHS in this matter on July 11, 2018.[1] Defendant PHS answered and counterclaimed on September 21, 2018. Larada filed a motion to dismiss the counterclaims which this Court granted in part and denied in part on April 2, 2019.[2]

On April 20, 2020, following a stay, this Court granted leave for Larada to file its first amended complaint.[3] (The same order allowed PHS to file amended answer and counterclaims). Among other things, the First Amended Complaint added FloSonix Ventures, LLC ("FSV"), as a defendant in this matter. FSV is a Wyoming LLC with its principal place of business in North Carolina, and was created by PHS's owner, Sheila Fassler, ostensibly to develop and market the FloSonix device.

Following amendment, FSV moved for dismissal for lack of personal jurisdiction.[4] On September 3, 2020, this Court granted that motion, finding that FSV lacked minimum contacts with Utah, and that FloSonix had not expressly aimed its actions at Utah sufficient to give rise to jurisdiction under Utah's long-arm statute.[5]

---

[1] Dkt. # 2.

[2] Dkt. # 45.

[3] Dkt. # 73.

[4] Dkt. # 118

[5] Dkt. # 126 at 10-11.

Discovery continued as to the remaining defendants. During depositions of defendants Sheila Fassler, John Fassler, and PHS employee Dana Buffo, and based on documents produced pursuant to subpoenas issued to FSV and other entities, Larada learned additional facts which provide new rationales for exerting personal jurisdiction over FSV. Larada brings this motion to place these facts before the court.

## ARGUMENT

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Under that rule, a party may amend its complaint automatically within 21 days of service. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.[6] Rule 15 requires a court to "freely give leave when justice so requires."[7] Indeed, "[t]he purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on the merits rather than on procedural niceties."[8]

In general, a court may refuse leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[9] Whether to provide a party leave to amend pleadings "is within the discretion of the trial court."[10]

---

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Id*.

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (additional quotations and citation omitted).

[9] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (citation omitted)

[10] *See Minter*, 451 F.3d at 1204.

3

Rule 16 also guides this Court's analysis in the context of counterclaims asserted after the scheduling order deadline.[11] Rule 16 requires the movant show good cause to amend.[12]

Rule 21 provides that this Court may "at any time, on just terms, add…a party" Fed. R. Civ. P. 21. The Tenth Circuit has held that when new parties are to be added via an amended complaint, the addition of parties is governed by Rule 15(a).[13]

Here, leave to amend should be granted because the new allegations underlying the proposed amended complaint are related to issues already raised in the case, and the new party to be added – FSV – is not only on notice of this action but also has participated in discovery, producing documents pursuant to subpoena. FSV's President Sheila Fassler has been deposed, as has one of the two allegedly shared employees between PHS and FSV, Dana Buffo.

The new allegations Larada proposes relate to the business practices of PHS and FSV, notably, their shared offices and "employees," their lack of documentation of loans and other agreements between the Fasslers, PHS and FSV (including the agreement between PHS and FSV for the use of the FloSonix device, which was made "orally" by Sheila with herself as a head of PHS and FSV respectively), and their frequent payment of obligations incurred by the other.

**I. There Is No Undue Delay in Bringing This Motion.**

While some of the facts in the proposed new allegations were known to Larada previously (such as PHS and FSV's shared address and PHS's failure to file timely annual reports resulting in dissolution twice), Larada did not have a sufficient understanding of the relationship between the Fasslers, PHS and FSV until depositions were completed. For example, Sheila Fassler had

---

[11] *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518-19 (10th Cir. 1990).

[12] Fed. R. Civ. P. 16.

[13] *U.S. ex rel. Precision Co. v. Koch Indus., Inc.*, 31 F.3d 1015, 1018 (10th Cir. 1994)(citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993)).

previously maintained that FSV had no employees; in her deposition, she revealed that FSV "shared" two employees with PHS, although FSV did not have any payroll or compensate these employees while they worked to develop the FloSonix device.[14] Moreover, Larada did not know that the development of the FloSonix device was funded at various times by PHS, FSV, or the Fasslers personally.[15] Larada did not know that obligations incurred by PHS were paid by FSV and vice versa.[16] Larada was unaware that the Fasslers, PHS, and FSV frequently move money between themselves personally and those entities until the depositions of Sheila Fassler and Dr. John Fassler.[17] Nor was Larada aware that there was no written assignment of the FloSonix Device to FSV, no written loan agreement between Dr. John Fassler and FSV, and no written lease or other agreement under which PHS provided the FloSonix Device to FSV until depositions were completed at the end of October.[18] Deposition transcripts were not available until mid-November 2021.

      Larada also proposes some other minor amendments, related to allegations about existing, all clarifying the factual development of the FloSonix device and Defendants' breaches. These clarifications are also based on facts discovered during depositions.[19]

---

[14] Ex. A, Proposed Second Amended Complaint ("SAC") ¶ 66. Exhibit B is a redline version pursuant to DUCivR 15-1.

[15] Ex. A, SAC, ¶ 77.

[16] Ex. A, SAC, ¶¶ 83-84.

[17] Ex. A, SAC, ¶ 82.

[18] *Id.*, ¶¶ 81-85.

[19] Ex. A, SAC, ¶¶ 50-51, 55.

5

Good cause exists for granting this motion because this information simply was not known, nor could it have been known, to Larada, until depositions of key PHS and FSV personnel were completed.

No trial date has been set in this matter. It is unlikely any further discovery is necessary with regard to this issue, but to the extent Defendants request additional discovery, it would be limited in scope.

## II. There Is No Undue Prejudice to FSV Or Other Defendants.

FSV is not a stranger to this case. It has already been subpoenaed and produced documents. FSV's only officer and official employee, Sheila Fassler, is already a named defendant. FSV's role would have been an important issue in the case regardless of whether it was a named defendant. Only FSV's status in the case is changing.[20]

While PHS will naturally be prejudiced by being named as a defendant; there is no undue prejudice. Nor is there any prejudice to other Defendants Fact discovery is complete. If further discovery is requested by Defendants, it could be limited to the issue of FSV's liability.

## III. This Motion is Brought in Good Faith.

Larada seeks leave to amend in good faith. Larada does not bring this motion to cause delay. Allowing amendment will also promote judicial efficiency as all claims arising out of Defendants' contractual breaches and misappropriation of confidential information and trade secrets will be resolved in a single action.

## IV. The Amendment is Not Futile Because FSV is Subject to Personal Jurisdiction.

The proposed amendment is not futile. A proposed amendment is futile only where "it is patently obvious that the plaintiff could not prevail on the facts alleged and allowing him an

---

[20] *See e.g. Energy XXI, GOM, LLC v. New Tech Eng'g, L.P.*, 787 F. Supp. 2d 590, 627 (S.D. Tex. 2011).

opportunity to amend his complaint would be futile."[21] "When amendments raise colorable claims, especially where they are based upon disputed facts, they should be allowed, and a comprehensive legal analysis deferred to subsequent motions to dismiss or for summary judgment."[22]

Although FSV was previously dismissed for lack of personal jurisdiction, Larada's proposed Second Amended Complaint alleges new facts and asserts personal jurisdiction on legal theories that were not previously available.

The Fasslers disregarded PHS' corporate form – not only in failing to file annual reports, resulting in PHS's administrative dissolution twice, but moving funds between themselves personally and PHS and FSV. Furthermore, FSV "shares" employees with PHS, but does not compensate them. PHS and FSV enter into agreements with each other and the Fasslers, the terms of which are unwritten and undocumented. PHS and FSV at various times owe unknown sums to each other and the Fasslers. FSV is thus an alter ego of PHS and the Fasslers individually. PHS and FSV are essentially a single enterprise development of the FloSonix device, as both are 100% owned by Sheila Fassler and run by her in consultation with her husband, Dr. John Fassler. FSV's sole purpose, even according to the Fasslers, is to develop and market the FloSonix device. Its true purpose is to create a separate entity, theoretically unrestricted by the other Defendants' contractual obligations to Larada, to continue to exploit the information gained from Larada by those Defendants. To allow Defendants to succeed in that scheme would promote a grave injustice.

---

[21] *Prop. Sols. Int'l, Inc. v. Yardi Sys., Inc.*, No. 2:15-CV-102, 2016 WL 1411357, at *1 (D. Utah Apr. 8, 2016) (quoting *Cohen v. Longshore*, 621 F.3d 1311, 1314-15 (10th Cir. 2010)).

[22] *Zisumbo v. Convergys Corp.*, No. 1:14-cv-134, 2019 WL 1170766, at *5 (Mar. 13, 2019)(citations and internal quotations omitted).

## **CONCLUSION**

For the foregoing reasons, Plaintiff Larada Sciences, Inc. respectfully asks this Court to grant Larada leave to file its Second Amended Complaint, and grant the motion to join Defendants FloSonix Ventures, LLC.

DATED this 10th day of December, 2021

/s/ Peter Stasiewicz
Douglas C. Smith
LEWIS BRISBOIS BISGAARD & SMITH LLP

Peter Stasiewicz (*pro hac vice*)
ARCTURUS LAW FIRM

*Attorneys for Plaintiff Larada Sciences, Inc.*