Romaine C. Marshall (9654)
Jose A. Abarca (12762)
Nicolas C. Wilde (15768)
ARMSTRONG TEASDALE LLP
201 South Main Street, Suite 750
Salt Lake City, UT 84111
Telephone: (801) 401-1600
rmarshall@atllp.com
jabarca@atllp.com
nwilde@atllp.com

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina Corporation, et al.<br><br>Defendants. | **OPPOSITION TO LARADA SCIENCES INC.'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Case No. 2:18-cv-00551-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Defendants hereby submit this Opposition to Larada Sciences, Inc.'s ("Larada") Motion for Leave to File Second Amended Complaint, (ECF No. 160).

**INTRODUCTION**

Larada's Motion for Leave to File Second Amended Complaint should be DENIED because it is procedurally improper. This Court already held that it lacks personal jurisdiction over FloSonix Ventures Inc. ("FloSonix"). Because Larada seeks to add FloSonix to this case

1

after the Court already concluded that it lacks jurisdiction over FloSonix, Larada's Motion constitutes a Motion for Reconsideration. But Larada has not moved under the appropriate Federal Rule of Civil Procedure to have this Court consider Larada's request. The Court should not tolerate Larada's failure to move under the appropriate Rule and should DENY Larada's Motion outright. But even if Larada had appropriately moved the Court to reconsider its previous ruling, Larada is not entitled to the relief it seeks.

Even if a Motion to Amend were the appropriate framework for this Court to consider Larada's request, (again, it is not) the Court should still DENY Larada's Motion because Larada has failed to meet its burden of demonstrating good cause under Rule 16(b)(4). And because it unduly delayed in bringing its Motion, it failed to satisfy Rule 15.

Alternatively, the Court should exercise its discretion under the law of the case doctrine and decline Larada's invitation to reconsider whether Larada can meet its burden of demonstrating the Court's jurisdiction over FloSonix.

## RELEVANT BACKGROUND

The operative deadline to Amend Pleadings has passed. (ECF No. 73 at 4 ("The scheduling order in this case set April 1, 2019 as the deadline for filing motions to amend pleadings or add parties.").)

On February 28, 2020, Larada filed a Motion for Leave to File First Amended Complaint. (ECF No. 61.) On April 20, 2020, the Court granted that Motion, finding that Larada satisfied both Rule 15 and Rule 16. (*See* ECF No. 73 at 3–6.)

On April 24, 2020, Larada filed a Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 74.) On May 29, 2020, the Court held a Zoom Hearing on

Larada's Motion. (*See* ECF No. 115.) During this May 29, 2020 hearing, Larada's (current) counsel made statements indicating his belief that FloSonix Ventures ("FloSonix") may be an alter ego of Pediatric Hair Solutions ("P.H.S."). (*See* ECF No. 123 at 59 ("I think there is some suggestion in the testimony that P.H.S. has not done certain things, and I think we know that those things were done and we think what the defendants are trying to get at is that P.H.S. didn't do them but FloSonix did. I am not here to prove an **alter ego claim**, and I wouldn't try to do that today, Your Honor, but Rule 65 does provide that injunctions can extend to persons acting in concern with the parties that are subject to the motion.") (bold added).) At this hearing, the Court also rightfully recognized that ours is an adversarial system under which parties can waive arguments if not timely made. (*See* ECF No. 123 at 113 ("The parties can waive arguments and it is incumbent on the parties to choose what motions they file, what arguments they rely on, what evidence they submit and what legal authorities the present.").)

On July 13, 2020, FloSonix filed a Motion to Dismiss for lack of jurisdiction. (ECF No. 118.) On August 10, 2020, Larada filed its Response to FloSonix's Motion. (ECF No. 122.) Rather than requesting that the Court permit it to conduct jurisdictional discovery based on an alter ego theory between FloSonix and the other Defendants, Larada elected to attempt to meet its burden of demonstrating the Court's personal jurisdiction over FloSonix through its pleading and certain declarations. (*See* ECF No. 122 at 1 ("Larada's First Amended Complaint . . . along with declarations of Defendants John and Sheila Fassler, show that [FloSonix] had the requisite minimum contacts with Utah for this Court to exercise personal jurisdiction over [FloSonix].").) On September 3, 2020, the Court entered an Order granting FloSonix's Motion to Dismiss. (ECF

3

No. 126.) The Court "conclude[d] that it lacks personal jurisdiction over FloSonix." (ECF No. 126 at 11.)

On December 10, 2021—approximately 560 days after Larada's counsel expressed his belief at the preliminary injunction hearing that FloSonix may be an alter ego of P.H.S.—Larada moved for leave to amend its pleading. Larada's Proposed Second Amended Complaint demonstrates that Larada's basis for the Court's jurisdiction over FloSonix is based on an alter ego theory. (*See* ECF No. 160-2 at 4 ("This Court has personal jurisdiction over FSV pursuant to FSV's existence as an alter ego of the Fasslers and PHS, is operated as a single enterprise with PHS, and the doctrine of veil piercing or reverse veil piercing.").)

**ARGUMENT**

As an initial matter, Defendants note that Larada has not cited any authority establishing which state's laws this Court should apply in determining whether FloSonix is an alter ego of the other Defendants. By failing to identify which state's laws apply, Larada has necessarily failed to show that the "newly" discovered facts demonstrate that FloSonix is an alter ego of the other Defendants. Further, an underlying premise of Larada's Motion is that courts may exercise jurisdiction over a corporation that would not ordinarily be subject to personal jurisdiction in that court if the corporation is an alter ego of a defendant that would be subject to personal jurisdiction in that court. But Larada has not provided any authority establishing this principle. These failures alone justify the Court's denial of Larada's Motion.

But even assuming Larada had presented the Court with a choice of law analysis, and assuming under the correct state's laws that FloSonix is considered an alter ego of the other Defendants, and assuming this would normally entitle the Court to exercise jurisdiction over a

party like FloSonix, the Court should nevertheless DENY Larada's Motion to Amend because **(I)** Larada's Motion constitutes a Motion for Reconsideration and Larada failed to move under the appropriate Federal Rule of Civil Procedure;  **(II)** Larada fails to meet its burden of demonstrating good cause under Rule 16(b)(4) and failed to satisfy Rule 15; and**,** alternatively, **(III)** the Court should exercise its discretion under the law of the case doctrine to decline Larada's invitation to reconsider whether it can meet its burden of demonstrating the Court's jurisdiction over FloSonix.

### I. Larada's Motion Constitutes a Motion for Reconsideration and Larada Cannot Satisfy the Standard Needed to Have this Court Reconsider Its Previous Ruling

As noted above, on September 3, 2020, the Court entered an Order concluding that "it lacks personal jurisdiction over FloSonix." (ECF No. 126 at 11.) Larada, by its own admission, "seeks leave to amend the Complaint to [again] add FloSonix . . . as a defendant." (ECF No. 160 at 2.) Larada "makes clear that [it] wants the Court to consider new evidence to reach a different conclusion than it had previously." *George on behalf of Bradshaw v. Cty. by & through Beaver Cty. Bd. of Commissioners*, No. 2:16-CV-1076 TS-CMR, 2020 WL 3404928, at *2 (D. Utah June 19, 2020). Indeed, in its own words, "Larada brings this motion to place these facts before the court." (ECF No. 160 at 3.) Placing (allegedly) new facts before the Court to have the Court reconsider whether it has jurisdiction over FloSonix "is the precise definition of a motion to reconsider." *C.f. George*, 2020 WL 3404928.

"Although not formally recognized by the Federal Rules of Civil Procedure, motions to reconsider are generally construed under Rule 54(b), Rule 59, or Rule 60(b), depending on when the motion is filed." *Surgenex, LLC v. Predictive Therapeutics, LLC*, No. 2:19-CV-295-RJS-DAO, 2020 WL 8514831, at *1 (D. Utah July 17, 2020). "Motions to

reconsider filed prior to entry of final judgment . . . are construed under Rule 54(b)." *Id*. But Larada did not move under Rule 54(b). This failure alone justifies denial of Larada's Motion.

But even if Larada had moved under the correct rule, the Court should still DENY Larada's Motion because Larada cannot demonstrate that it is entitled to have the Court reconsider its previous ruling. "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Importantly here, "[i]t is not appropriate to revisit issues already addressed or *advance arguments that could have been raised in prior briefing*." *Id*. (emphasis added). As explained below, Larada bore the burden of demonstrating the Court's jurisdiction over FloSonix. And, as explained below, Larada possessed sufficient facts to request jurisdictional discovery in response to FloSonix's Motion to Dismiss. Because Larada could have requested jurisdictional discovery, and could have raised the arguments it raises now, it is not entitled to have the Court revisit its previous ruling.

As this Honorable Court is well-aware, "plaintiffs bear the burden of establishing personal jurisdiction." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). "When a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975). "[J]urisdictional discovery motions are liberally granted . . . ." *See Alvord v. Fluent Inc.*, No. 2:19-CV-885-DBB-CMR, 2020 WL 4346960, at *5 (D. Utah July 29, 2020).

As noted above, on July 13, 2020, FloSonix filed a Motion to Dismiss for lack of jurisdiction. (ECF No. 118.) On August 10, 2020, Larada filed its Response to FloSonix's

Motion. (ECF No. 122.) Rather than requesting that the Court permit it to conduct jurisdictional discovery based on an alter ego theory between FloSonix and the other Defendants, Larada elected to attempt to meet its burden of demonstrating the Court's personal jurisdiction over FloSonix through its pleading and certain declarations. (*See* ECF No. 122 at 1.)

Considering the facts known to Larada at the time FloSonix filed its Motion to Dismiss, and the liberal standard that governs jurisdictional discovery motions, the argument that Larada raises now could have been raised in prior briefing. Indeed, this argument could have been raised in response to FloSonix's Motion to Dismiss. Larada itself concedes that "some of the facts in the proposed new allegations were known to Larada previously (such as PHS and FSV's shared address and PHS's failure to file timely annual reports resulting in dissolution twice) . . . ." (ECF No. 160 at 4.) But that is not all that Larada was aware of. Larada also knew that Ms. Fassler was "the sole owner and sole member" of FloSonix. (ECF No. 122 at 3.) And Larada itself alleged in the First Amended Complaint that FloSonix "was founded by the Fasslers for 'the express purpose of using Larada's trade secrets and Confidential or Proprietary Information to develop the FloSonix Device, bring it to market, and compete with Larada.'" (ECF No. 122 at 3 (citation omitted).) Further, Larada knew that FloSonix had the same attorneys as the other Defendants. Larada possessed sufficient facts to request jurisdictional discovery based on alter ego status but failed to do so. *C.f. Blockchain Mining Supply & Servs. Ltd. v. Super Crypto Mining, Inc.*, No. 18-CV-11099 (ALC), 2020 WL 7128968, at *1 (S.D.N.Y. Dec. 4, 2020).[1] What's more, the

---

[1] *Bloackchain*, 2020 WL 7128968 at *1 ("The Court finds that Plaintiff is entitled to limited jurisdictional discovery regarding personal jurisdiction and alter ego status. . . . Regarding the allegation that DPW acted as Super Crypto's alter ego, Plaintiff alleges that (1) DPW is the sole shareholder of Super Crypto; (2) DPW and Super Crypto are located at the same address, share common office space, and have the same attorneys; (3) DPW and Super Crypto made no distinction between themselves regarding their

transcript of the May 29, 2020 hearing demonstrates that Larada's counsel believed that FloSonix may be an alter ego of P.H.S. (*See* ECF No. 123 at 59.) Larada cannot argue that it lacked sufficient facts to move for jurisdictional discovery.

Because Larada could have raised its alter ego argument in prior briefing but failed to do so, it cannot satisfy the standard to have this Court reconsider its previous ruling. This is especially true where Larada bore the burden in the first instance of demonstrating this Court's jurisdiction over FloSonix. The Court should DENY Larada's Motion.

## II. Larada Falls Far Short of Meeting Its Burden of Demonstrating Good Cause Under Rule 16

As explained above, a Motion to Amend is not appropriate because the Court has already held that it lacks jurisdiction over FloSonix. But even if a Motion to Amend were the correct mechanism to request the relief it seeks, Larada's Motion for Leave to File Second Amended Complaint should still be DENIED because Larada fails to meet its burden of demonstrating good cause under Rule 16(b)(4) of the Federal Rules of Civil Procedure.

As an initial matter, Defendants note that Larada does not address Rule 16 and Rule 15's distinct standards separately—despite clear guidance from courts within the Tenth Circuit that those standards should be addressed separately. *See StorageCraft Tech. Corp. v. Persistent Telecom Sols., Inc.*, No. 2:14-CV-76-DAK, 2016 WL 3435189, at *8 (D. Utah June 17, 2016) ("District courts in the Tenth Circuit have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend that is filed beyond the scheduling order deadline."). Instead, Larada argues that (1) "there is no undue delay in bringing this

---

obligations to Plaintiff; and (4) DPW exercised complete domination over Super Crypto with regard to the Agreement.").

motion," (2) "there is no undue prejudice to FSV or other defendants," (3) "this motion is brought in good faith," and (4) "the amendment is not futile because FSV is subject to personal jurisdiction." (ECF No. 160 at 4–8.) As can be seen, Larada's arguments focus on Rule 15's more lenient standard. But "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party." *McCubbin v. Weber Cty.*, No. 1:15-CV-132, 2017 WL 3411910, at *2 (D. Utah Aug. 7, 2017) (citation omitted). "Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Id*. (citation omitted). Larada's failure to specifically address Rule 16, alone, justifies denial of its Motion.

Regardless, Larada cannot satisfy Rule 16. "Rule 16 of the Federal Rules of Civil Procedure requires a good cause showing." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). "[T]his standard requires the movant to show the 'scheduling deadlines cannot be met despite the movant's diligent efforts.'" *Id*. (citation omitted). "Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial." *Woolsey v. Marion Lab'ys, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). Indeed, "[g]ood cause to amend does not exist where a party fails to bring an available claim due to an error of law or fact, a strategic decision, or a mere oversight." *McCubbin v. Weber Cty.*, No. 1:15-CV-132, 2017 WL 3411910, at *2 (D. Utah Aug. 7, 2017).

Considering the facts known to Larada at the time FloSonix filed its Motion to Dismiss, and the liberal standard that governs jurisdictional discovery motions, Larada's failure to seek jurisdictional discovery constitutes "mere oversight," and a poor "strategic decision"

demonstrating Larada's lack of diligence. Larada itself concedes that "some of the facts in the proposed new allegations were known to Larada previously (such as PHS and FSV's shared address and PHS's failure to file timely annual reports resulting in dissolution twice) . . . ." (ECF No. 160 at 4.) But that is not all that Larada was aware of. Larada also knew that Ms. Fassler was "the sole owner and sole member" of FloSonix. (ECF No. 122 at 3.) And Larada itself alleged in the First Amended Complaint that FloSonix "was founded by the Fasslers for 'the express purpose of using Larada's trade secrets and Confidential or Proprietary Information to develop the FloSonix Device, bring it to market, and compete with Larada.'" (ECF No. 122 at 3 (citation omitted).) Further, Larada knew that FloSonix had the same attorneys as the other Defendants. Larada possessed sufficient facts to request jurisdictional discovery based on alter ego status but failed to do so. *C.f. Blockchain Mining Supply & Servs. Ltd. v. Super Crypto Mining, Inc.*, No. 18-CV-11099 (ALC), 2020 WL 7128968, at *1 (S.D.N.Y. Dec. 4, 2020). What's more, the transcript of the May 29, 2020 hearing demonstrates that Larada's counsel believed that FloSonix may be an alter ego of P.H.S. (*See* ECF No. 123 at 59.) Larada cannot argue that it lacked sufficient facts to move for jurisdictional discovery. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *See Colorado Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

As explained above, Larada possessed sufficient facts to move for jurisdictional discovery but failed to do so. The delay in acquiring facts that it argues justify amendment is a result of its own delay. This undue delay also justifies denial of Larada's Motion under Rule 15.

### III. The Court Should Exercise its Discretion Under the Law of the Case Doctrine to Decline Larada's Invitation to Reconsider Whether Larada Can Meet Its Burden of Demonstrating the Court's Jurisdiction Over FloSonix

"Law of the case doctrine permits a court to decline the invitation to reconsider issues already resolved earlier in the life of a litigation." *Entek GRB, LLC v. Stull Ranches, LLC*, 840 F.3d 1239, 1240 (10th Cir. 2016). "It's a pretty important thing too." *Id*. "Without something like it, an adverse judicial decision would become little more than an invitation to take a mulligan, encouraging lawyers and litigants alike to believe that if at first you don't succeed, just try again." *Id*. Importantly here, "[a] system like that would *reduce the incentive for parties to put their best effort into their initial submissions on an issue*, waste judicial resources, and introduce even more delay into the resolution of lawsuits that today often already take long enough to resolve." *Id*. (emphasis added). Defendants respectfully submit that the Court should exercise its discretion under the law of the case doctrine and decline Larada's invitation to reconsider the Court's previous ruling because doing so would incentivize future plaintiffs to not "put their best effort" into seeking jurisdictional discovery to meet their burden of demonstrating courts' jurisdiction over defendants.

### CONCLUSION

For the foregoing reasons, the Court should DENY Larada's Motion, (ECF No. 160).

DATED: December 20, 2021.

ARMSTRONG TEASDALE LLP

*/s/ Jose A. Abarca*
Romaine Marshall
Jose A. Abarca
Nicolas C. Wilde
*Attorneys for Defendants*

11

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2021, the foregoing **OPPOSITION TO LARADA'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** was sent via the Court's electronic filing system to all parties on record.

  <u>/s/ Sarah Nielsen</u>