Douglas C. Smith (#10805)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1218 East 7800 South, Suite 300
Sandy, UT 84094
tel: (801) 251.7341
fax: (801) 562.5510
douglas.smith@lewisbrisbois.com

Peter Stasiewicz (IL No. 6290832) (*pro hac vice* forthcoming)
**ARCTURUS LAW FIRM**
211 West Wacker Drive # 323
Chicago, Illinois, 60606
tel: (312) 957-6194
fax: (312) 489-8307
pete.stasiewicz@arcturuslaw.com

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **LARADA SCIENCES, INC.**, a Delaware Corporation,<br><br>**Plaintiffs,**<br><br>v.<br><br>**PEDIATRIC HAIR SOLUTIONS CORPORATION**, a North Carolina Corporation, **JOHN E. FASSLER, M.D., SHEILA M. FASSLER,** and **FLOSONIX VENTURES, LLC,** a Wyoming LLC.<br><br>**Defendants.** | **REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**Case No.: 2:18-cv-00551-RJS-JCB**<br><br>**Judge Robert J. Shelby**<br><br>**Magistrate Judge Jared C. Bennett** |

Defendants opposition to Larada's Motion to Amend ("Motion") mostly boils down to the

suggestion that Larada should have somehow been aware of all the facts supporting an alter ego

or related theories of jurisdiction prior to learning these facts in discovery.  In doing so, Defendants

ignore the difficulty of securing jurisdictional discovery on mere suspicion, and further ignore

misleading sworn testimony by Defendant Sheila Fassler. Larada has acted reasonably and has established good cause for the amendments, and should be allowed leave to file its Second Amended Complaint.

## I. The Motion is Properly Considered Under Rule 15 and 16, But Even The Standards of Rule 54(b) Are Met.

Contrary to Defendants' assertion, Larada's Motion should not be considered a motion for reconsideration, because it does not ask the Court to reconsider its legal analysis from Larada's previous attempt to assert personal jurisdiction over FSV, which was based on FSV causing injury in Utah under Utah's long-arm statute. Nor does Larada's Motion attempt to argue that the Court erred in applying the law to the facts, nor does it argue that there are new facts relating to the theory advanced in that motion (such as FSV actually transacting business in Utah) that would reconsider reconsideration of that ruling.

But even if this Motion is considered one for reconsideration under Rule 54(b), that Rule provides, in relevant part, that any non-final ruling "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." And under Rule 54(b), reconsideration is warranted "when substantially different, new evidence has been introduced."[1] The evidence presented in the Second Amended Complaint is clearly "substantially different, new evidence" warranting reconsideration under the Rule 54 standard.

Defendants misleadingly cite *Servants of Paraclete v. Does*[2] to argue that motions to reconsider are improper when they "advance arguments that could have been raised in prior briefing." First, *Servants of Paraclete* addressed a motion to reconsider under Rule 60; granting

---

[1] *Surgenex, Ltd. Liab. Co. v. Predictive Therapeutics, Ltd. Liab. Co.*, No. 2:19-cv-295-RJS-DAO, 2020 U.S. Dist. LEXIS 250169, at *4 (D. Utah July 17, 2020).

[2] 204 F.3d 1005 (10th Cir. 2000).

motions under that Rule "is warranted only in exceptional circumstances."[3]   Defendants acknowledge that even if this is a motion for reconsideration, it would not be brought under Rule 60. More importantly, as Larada explains in its Motion and below, the argument could not have been raised, because Larada could not have been aware of key facts relating to the relationships between the existing Defendants and FSV, and in fact had been misled as to some of those facts by Defendants.

## II.   Jurisdictional Discovery Is Not Granted On Hunches.

Defendant argues that Larada could have presented its alter ego claim if Larada had sought jurisdictional discovery last year. Defendants cite no authority that suggests that the failure to request jurisdictional discovery into unknown facts would preclude later amendments when such facts come through light in the regular course of discovery.

Although Defendants suggest that jurisdictional discovery is easily obtained, that is not necessarily the case. A party seeking jurisdictional discovery bears the burden of establishing a right to that discovery, and prejudice if the request for discovery is denied.[4]   Larada's suspicions alone would not have been a sufficient basis to grant jurisdictional discovery.[5]

---

[3] *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

[4] *Breakthrough Mgmt. Grp., Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1189 n.11 (10th Cir. 2010).

[5] *See id.* (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)) (no abuse of discretion in denying jurisdictional discovery where request was based on "little more than a hunch that it might yield jurisdictionally relevant facts.") *See also Thruline Mktg. v. Delta Career Educ. Corp.*, No. 18-2141-JWL, 2018 U.S. Dist. LEXIS 107460, at *6 (D. Kan. June 27, 2018) (denying request for jurisdictional discovery for alter ego claim).

Defendants *cite Blockchain Mining Supply & Servs. Ltd. v. Super Crypto Mining, Inc.*[6] to support their assertion that jurisdictional discovery would have been granted. Putting aside the fact that *Blockchain* is a case from the Southern District of New York, it still shows the difficulty in obtaining jurisdictional discovery. In *Blockchain*, the court allowed limited discovery "only to verify the allegations of specific facts" and denied a request for broader discovery, stating "[d]iscovery need not be granted to allow a plaintiff to engage in an unfounded fishing expedition for jurisdictional facts."[7] Here, the new facts learned by Larada that support its alter ego were not related to matters subject to simple verification – they required a detailed understanding of many of the same facts that underlie the core claims in this matter.

*Blockchain* can be further distinguished on a factual basis – the plaintiff in *Blockchain* was able to allege that the two entities in question "made no distinction between themselves regarding their obligation" to plaintiff.[8] Here, Larada could not make such an allegation, because Larada had no business interactions with FSV. Relying merely on allegations such as shared office space would have been unlikely to establish an alter ego claim. Even the allegation that FSV's founding was made for the use of trade secrets would have no bearing on whether corporate formalities were observed, or whether FSV, PHS or the Fasslers transferred money between the entities.

Other cases cited by Defendants further show the difficulty in obtaining jurisdictional discovery. *Budde v. Ling-Temco-Vought, Inc.*[9] affirmed the denial of further jurisdictional

---

[6] No. 18-CV-11099 (ALC), 2020 WL 7128968, at *1 (S.D.N.Y. Dec. 4, 2020)

[7] *Id.* at •4.

[8] *Id.* at

[9] 511 F.2d 1033, 1035 (10th Cir. 1975),

discovery.[10] *Alvord v. Fluent Inc*.[11] denied a request for jurisdictional discovery in part for failing

to demonstrate a legal entitlement to jurisdictional discovery.

Defendants also ignore the efforts made by Sheila Fassler to purposely mislead Larada

regarding FSV. For example, Sheila Fassler testified in the preliminary injunction hearing in this

matter that FSV had no employees except herself.[12] Ms. Fassler repeated that claim in a declaration

supporting FSV's motion to dismiss.[13] In depositions, however, Ms. Fassler testified that FSV

shared employees with PHS, a fact corroborated by PHS employee Dana Buffo. However, those

depositions also revealed that FSV had no payroll of its own, and that FSV and PHS employees

were variously carrying on the development of the FloSonix Device using both FSV and PHS

email accounts, and the design firms involved in the development were unclear on whether PHS

or FSV was the client. The sharing of employees between related entities without sufficient

formalities is precisely the kind of key fact necessary to maintain jurisdiction on alter ego claims,

and  Larada could not have known to investigate the issue because Ms. Fassler had already testified

to the contrary, under oath. Nor would knowledge of FSV's true employee list revealed the fact

that PHS and FSV "employees" worked on the FloSonix project interchangeably.

Ms. Fassler further testified at the preliminary injunction hearing that the FloSonix device

had "always" belonged to FSV.[14] Ms. Fassler also submitted a declaration stating that FSV owned

all rights and interest in the FloSonix device.[15] Depositions have revealed that the FloSonix

---

[10] *Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975).

[11] No. 2:19-CV-885-DBB-CMR, 2020 WL 4346960, at *5 (D. Utah July 29, 2020).

[12] *See* Dkt. # 123 at 27, 28.

[13] *See* Dkt. # 119 at 2.

[14] *See* Dkt. # 123 at 27, 28.

[15] *See* Dkt. # 101 at 17.

development process began well before the founding of FSV, and that apparently no assignment or transfer of the FloSonix project was made to FSV, one of several instances where rights or transactions related to the FloSonix Device between the Defendants and FSV were not evidenced by any written documents. The only people with knowledge about the nature of these transactions are the Defendants themselves. Defendants should not be able to benefit from their own concealment of key facts relating to the relationship among entities that they themselves set up to wrongfully use Larada's confidential information and trade secrets to develop the FloSonix device.

### III.   Larada has Demonstrated Good Cause For the Amendment.

To the extent Defendants claim Larada's Motion does not address Rule 16, that argument is plainly wrong. Larada cites Rule 16 numerous times in its motion, and specifically argues that "Good cause exists for granting this motion because this information simply was not known, nor could it have been known, to Larada, until depositions of key PHS and FSV personnel were completed."[16] It is beyond question that the good cause requirement may be satisfied when new evidence is discovered.[17]

However, Defendants return to their argument that Larada *should* have known about Defendants' alter ego status earlier by requesting jurisdictional discovery. Defendants cite no case where a request to amend a complaint was denied because of a failure to request jurisdictional discovery into unknown facts. On the other hand, Larada has cited numerous cases where jurisdictional discovery is denied when it is merely based on a suspicion.

---

[16] Mot. at 5-6

[17] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)("Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed.")

A similar argument, regarding discovery that might have been undertaken, was raised and rejected in *Allstate Ins. Co. v. Regions Bank*[18]. The court found that good cause was not defeated when new facts were obtained in discovery even when the opposing party suggested that discovery against a third party could have been initiated earlier. The court noted that the "test under Rule 16(b)(4) is not whether the movant exhausted every conceivable avenue to obtain the new information prior to the applicable Scheduling Order deadline; rather, the pertinent inquiry is whether the party undertook reasonable effort to do so."[19]

Here, Larada acted reasonably. Jurisdictional discovery is not granted on hunches, and Defendants made misleading sworn statements regarding the structure of and relationships between Defendants which were later contradicted in depositions during fact discovery. Additional facts that could not reasonably have been known to Larada were also learned during fact discovery. Having satisfied the good cause requirement under Rule 16, Larada should be allowed to amend under Rule 15. Indeed, Rule 15(a)'s purpose is "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[20]

## CONCLUSION

For the foregoing reasons and those in its Motion, Plaintiff Larada Sciences, Inc. respectfully asks this Court to grant Larada leave to file its Second Amended Complaint.

---

[18] No. 14-0067-WS-C, 2014 U.S. Dist. LEXIS 115540, at *34 (S.D. Ala. Aug. 19, 2014)

[19] *Allstate Ins. Co. v. Regions Bank*, No. 14-0067-WS-C, 2014 U.S. Dist. LEXIS 115540, at *34 n.11 (S.D. Ala. Aug. 19, 2014)" The court also noted the strictures of Rule 11 and the threat of sanctions for bringing potentially baseless claims without sufficient evidence to support them.

[20] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

DATED this 4th day of January, 2022

/s/ Peter Stasiewicz
Douglas C. Smith
LEWIS BRISBOIS BISGAARD & SMITH LLP

Peter Stasiewicz (*pro hac vice*)
ARCTURUS LAW FIRM

*Attorneys for Plaintiff Larada Sciences, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of copy of the foregoing  **REPLY IN SUPPORT OF MOTION FOR  LEAVE TO FILE SECOND AMENDED COMPLAINT**w as served to the following this 4th day of January 2022, in the manner set forth below:

[ x]     Through the CM/ECF System for the U.S. District Court
[   ]     Hand Delivery
[   ]     U.S. Mail, postage prepaid
[   ]     E-mail

Romaine C. Marshall
Jose A. Abarca
Nicolas C. Wilde
Armstrong Teasdale LLP
201 South Main Street, Suite 2400
Salt Lake City, Utah 84111
Telephone: (720) 200-0676
rmarshall@atllp.com
jabarca@atllp.com

/s/ Peter M. Stasiewicz