Douglas C. Smith (#10805)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1218 East 7800 South, Suite 300
Sandy, UT 84094
tel: (801) 251.7341
fax: (801) 562.5510
douglas.smith@lewisbrisbois.com

Peter Stasiewicz (IL No. 6290832) (*pro hac vice*)
**ARCTURUS LAW FIRM**
211 West Wacker Drive # 323
Chicago, Illinois, 60606
tel: (312) 957-6194
fax: (312) 489-8307
pete.stasiewicz@arcturuslaw.com

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **LARADA SCIENCES, INC.**, a Delaware Corporation,<br><br>**Plaintiffs,**<br><br>v.<br><br>**PEDIATRIC HAIR SOLUTIONS CORPORATION**, a North Carolina Corporation, **JOHN E. FASSLER, M.D., SHEILA M. FASSLER,** and **FLOSONIX VENTURES, LLC,**<br><br>**Defendants.** | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br><br>**Case No.: 2:18-cv-00551-RJS-JCB**<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

There is no statute of limitations bar to Larada's claims. They are clearly timely, even without relying on the relation-back doctrine. Defendants simply ignore that the limitations period could not begin until Larada's *discovery* of Defendant's misappropriation in July 2017, even though Defendants had secretly begun misappropriating Larada's trade secrets earlier. Moreover, Defendants fail to recognize that Larada sought leave to file the First Amended Complaint in

1

February 2020, prior to the earliest date Defendants suggest could give rise to a limitations bar. The limitations period was tolled while Larada's motion for leave was being decided.

Defendants also are mistaken as to the application of the economic loss doctrine and unjust enrichment doctrines. In this case, some Defendants are not subject to contractual duties, while others have varying contractual duties. Defendants' repeated attempts to unwind or rescind at least one of the agreements that do exist mean that Larada should be able to maintain its conversion and unjust enrichment claims as alternative bases for relief as to those injuries that may not be covered by a valid contractual duty.

Defendants are correct, however, that Larada's trespass to chattels claim has already been dismissed, and should remain so.

## ADDITIONAL FACTUAL BACKGROUND

### I. First Amended Complaint.

Larada filed its original Complaint on July 11, 2018.[1] Although this case was stayed in May 2019, discovery in related North Carolina litigation continued. During the course of that discovery, Larada discovered significant new information relating to Defendants' misappropriation of Larada's trade secrets. Larada moved for leave to file its First Amended Complaint on February 20, 2020.[2]

The motion was granted on April 20, 2020.[3] Having been granted leave, Larada filed the First Amended Complaint on May 7, 2020.[4] The First Amended Complaint describes Larada's

---

[1] Dkt # 2, Complaint, July 11, 2018.

[2] Dkt # 61, Motion for Leave to File First Amended Complaint, Feb. 28, 2020.

[3] Dkt # 73, Order Granting Motion for Leave to File, Apr. 20, 2020.

[4] Dkt # 86.

discovery that Defendants may have misappropriated Larada's trade secrets in July of 2017.[5] The First Amended Complaint also provided facts regarding Defendants' misappropriation that Larada learned from discovery in this case and the related North Carolina litigation.[6] Larada had not been aware of that information at the time of its initial filing, because Defendants had hidden it from Larada.

## II. Trespass to Chattels and the Second Amended Complaint.

Larada's trespass to chattels claim was included in the Second Amended Complaint because Larada moved for leave to file the Second Amended Complaint on December 10, 2021, before that claim was dismissed.[7] Defendants had filed a Rule 12(c) motion on October 29, 2021.[8] That motion was denied in part, but granted as to the trespass to chattels claim on September 22, 2022.[9] This Court granted Larada leave to file the Second Amended Complaint on February 16, 2023.[10] Larada's filed Second Amended Complaint is identical in substance to the proposed version attached to the December 2021 motion for leave, but Larada agrees that the trespass to chattels claim in the Second Amended Complaint should remain dismissed for the same reasons as those in this Court's order of September 22, 2022.[11]

---

[5] Dkt # 86, ¶ 53. "In July 2017, Larada became aware for the first time of a device under the name FloSonix being used by PHS in PHS' clinics."

[6] Dkt # 86, ¶ 40.

[7] Dkt # 160, Motion to Amend, Dec. 10, 2021.

[8] Dkt # 154, Motion for Judgment on the Pleadings, Oct. 29, 2021.

[9] Dkt # 184.

[10] Dkt # 186.

[11] Dkt # 184.

**STANDARD**

In ruling on a Rule 12(b)(6) motion, the Court must accept well-pled factual allegations as true, and draw all reasonable inferences in a light most favorable to the non-moving party, *i.e.*, Larada.[12] For statute of limitations defenses, the issue of when a plaintiff knew or should have known of a cause of action is generally a question of fact for the jury.[13]

**ARGUMENT**

I. **Larada's Complaint Clearly Alleges That It Discovered Defendants' Trade Secret Misappropriation in July 2017.**

As a threshold issue, Defendants' motion is procedurally improper. Each Defendant has already brought a Rule 12 motion – FSV moved for lack of personal jurisdiction under Rule 12(b)[14] the other Defendants moved for judgment on the pleadings under Rule 12(c).[15] The statute of limitations issue could have been raised on those motions but was not. Under Rule 12(g)(2), Defendants' raising of the issue here is improper.[16] The proper method would be under a new Rule 12(c) motion or at trial.[17]

Regardless, Defendants' limitations argument is meritless. The Defend Trade Secrets Act ("DTSA") provides for a three-year statute of limitations from the ***discovery*** of the

---

[12] *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

[13] *McKinnon v. Tambrands*, 815 F. Supp. 415, 418 (D. Utah 1993) (The court notes at the outset the majority rule that when a plaintiff knew or with reasonable diligence should have known of a cause of action is a question of fact for the jury.)

[14] Dkt # 118, July 13, 2020 Motion to Dismiss.

[15] Dkt # 154, Oct. 29, 2021 Motion for Judgment on the Pleadings.

[16] FRCP 12(g)(2) ("Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.")

[17] *See* FRCP 12(h)(2).

misappropriation, not from the date that misappropriation began. "[a] civil action under subsection (b) may not be commenced later than 3 years *after the date on which the misappropriation . . . is discovered* or by the exercise of reasonable diligence should have been discovered."[18] This rule is supported by common sense: misappropriation should not be excused because a defendant was also skillful at hiding it.

Larada's First Amended Complaint was filed earlier than three years from the date of the discovery of Defendants' misappropriation. The First Amended Complaint clearly alleges that Larada first discovered the existence of the FloSonix Device in ***July*** of 2017.[19] That is the earliest date on which Larada can be said to have been put on notice of its DTSA claims in Claim 9. Defendants' argument that the statute of limitations ran by May 2020 is simply false. The limitations period could not have elapsed until July of 2020 at the earliest.[20]

Defendants misguidedly focus on those allegations relating to the actual timeline of Defendants' misappropriation, rather than on Larada's discovery of those actions. Those allegations were added to the First Amended Complaint based on discovery received from PHS following the filing of the Original Complaint. Defendants had concealed those facts from Larada

---

[18] 18 U.S.C. § 1836(d); *see Applied Predictive Techs., Inc. v. MarketDial, Inc.*, 598 F.Supp.3d 1264 (D. Utah 2022) (applying discovery rule to DTSA claim)

[19] Dkt # 86 (FAC) ¶ 53; Dkt #213 (SAC) ¶ 53.

[20] Even if Defendants' misguided argument was accepted, their motion should be denied because it would not be clear from the face of the Complaint that the May 7, 2020 filing date was in fact three years of the dateless "May 2017" trigger that Defendants propose.

until after the filing of the Original Complaint.[21] The FAC is clear that Larada did not know about Defendants' pre-July 2017 activities at the time they were occurring.[22]

## II. The Limitations Period Was Tolled in February 2020, When Larada Filed For Leave to Amend.

The allegations in the First Amended Complaint clearly show that Defendants' statute of limitations argument has no merit. But even if the limitations period ended in March 2017, as Defendants also argue with respect to Claims 5 and 6,[23] dismissal would still be inappropriate.

While Larada officially filed its First Amended Complaint on May 7, 2020, it filed its motion for leave to file that amended pleading on February 28, 2020.[24] The proposed First Amended Complaint was an exhibit to that motion.[25] Under Tenth Circuit law, the statute of limitations is tolled while a motion for leave to file an amended complaint is pending.[26] Thus, the actual filing of the complaint following leave in May 2020 is not the relevant date for a statute of limitations analysis. Defendants do not argue that any limitations period ran prior to the end of

---

[21] As Larada explained when seeking leave to file: "Those documents also allowed Larada to establish that the design of the FloSonix Device had been substantially completed, in secret, prior to the termination of the License Agreements, something Larada would have been unable to know without the benefit of discovery. Larada did not know about the first FloSonix Device until several months after terminating the License Agreements." Dkt # 71, Reply in Support of Motion for Leave to Amend, at 6.

[22] *See e.g.* Dkt # 86, ¶ 32 "Larada was not aware that by Late 2014, [Defendants] had begun planning to use Larada's Device to create a competing duplicate. Larada was also not aware that before the end of 2016 PHS had sent at least one of Larada's Devices to an engineering firm to use to design a competing device."

[23] Resp. at 9.
[24] Dkt # 61, Motion for Leave to File First Amended Complaint, Feb. 28, 2020.
[25] Dkt # 61-1.

[26] *May v. Segovia*, 929 F.3d 1223, 1232 (10th Cir. 2019); *Plott v. Advanced Comfort Techs., Inc.*, Case No. 1:18-cv-00048-TC (D. Utah Dec 30, 2019); *See Kane Cty., Utah v. United States* , 934 F. Supp. 2d 1344, 1363 (D. Utah 2013) (because "plaintiff[s] ha[ve] no way of controlling or even predicting the time at which any permission to amend . . . will be granted, and thus no ability to control the date on which the amended complaint itself may be filed," statute of limitations would be arbitrarily shortened).

February, 2020. Their motion to dismiss should thus be denied to the extent it rests on statute of limitations grounds.

### III. The Economic Loss Rule Does Not Bar Those Conversion Claims That Do Not Overlap With Contract Claims.

Defendants next challenge Larada's conversion and trespass to chattels claims on economic loss grounds. As Larada acknowledges, the trespass to chattels claim has already been dismissed.

As with the statute of limitations arguments, Defendants motion is improper because this argument was available to Defendants at the time of filing the previous Rule 12 motions. Defendant's arguments regarding the conversion claim, unchanged in substance since Larada's Original Complaint, were available to them at the time they brought those initial Rule 12 motions.[27] FSV's Rule 12(b) motion in fact challenged whether Larada had stated a claim for conversion, but did not mention the economic loss rule.[28]

Larada understands it cannot recover on both a conversion claim and a breach of contract claim to the extent the contract claim covers the return of the Larada devices. But it is not clear that contracts cover that issue with regard to all Defendants.

Specifically with regard to FSV, Defendants misunderstand this court's ruling on Larada's alter ego theory of personal jurisdiction over FSV. This Court specifically noted that it was *not* making the determination that the Defendants' contracts were necessarily being imputed to FSV for liability purposes: "There is an important distinction between a party relying on an alter ego theory to establish liability on the underlying claims and borrowing alter ego principles for

---

[27] *See* Dkt # 118; Dkt # 154.
[28] *See* Dkt # 118 at 15.

jurisdictional purposes."[29] While it may be the case that such imputation is established at trial, for pleading purposes, the economic loss rule cannot bar any claim against FSV.

As such, the conversion claims must stand against FSV, with whom Larada had no express contract whatsoever. To the extent that the Consulting Agreement with Dr. Fassler, who entered into his contract with Larada in his role as Larada's National Medical Director, did not create a duty to return the Larada devices (for example, given that the Larada devices were provided pursuant to the License Agreements, not the Consulting Agreement), that independent duty would also support a conversion claim. Larada alleges that Sheila Fassler is personally liable on the Lease Agreement for breaching its confidentiality provisions, but not necessarily for failure to return the Larada Devices, which were also provided subject to two other agreements to which she was not a personal guarantor. This would again be a separate duty that supports a conversion claim. And in the same vein, PHS received Larada devices under three separate agreements.[30] To the extent the validity of any of those agreements is contested (as at least one has been, *see* Part IV below), the conversion claim should survive dismissal. In short, with inferences drawn in Larada's favor, Defendants have not demonstrated that Larada is not entitled to relief on conversion claims in this case to the extent that contracts do not overlap with the issue of the return of the Larada devices.

## IV. Larada May Plead Unjust Enrichment In the Alternative.

As with the conversion claim, Larada is aware it cannot recover on both unjust enrichment and contract claims for the same injury. However, the existence of valid contracts is at least partially disputed by Defendants. In their summary judgment opposition (and at other points in

---

[29] Dkt #186, ¶ 36.

[30] License Agreements, Lease Agreements, and Rental Agreements, *see* SAC ¶ 145-50.

this litigation), Defendants have argued that paragraph 5 of Exhibit C allows PHS to "unwind" the License Agreements.[31]

Second, there is no contract explicitly formed between Larada and FSV under that name. It may be true that the contracts between Larada and other defendants may turn out to be imputable to FSV, but in the event that such imputation is not established, the unjust enrichment claim should survive. As explained in a case cited by Defendants, *Preventive Energy Sols., LLC v. nCap Ventures 5 LLC*,[32] claims of unjust enrichment can survive where challenges to the validity of an agreement exist. In *Preventive Energy*, such a challenge was found in an attempt to rescind the agreements in that case.[33] Here, Defendants have repeatedly argued that the License Agreements should be rescinded under paragraph 5 of Exhibit C, and thus have contested the validity of those agreements. Accordingly, Larada's alternative claim for unjust enrichment should therefore survive Defendants' motion to dismiss.

## CONCLUSION

For the foregoing reasons, Larada respectfully requests that this Court deny Defendant's Motion to Dismiss, except to the extent necessary to confirm this Court's previous dismissal of Larada's trespass to chattels claims, and for such other and further relief as may be just and proper.

DATED this 11th day of December 2023.

/s/Peter M. Stasiewicz
Peter Stasiewicz
ARCTURUS LAW FIRM.

Douglas C. Smith
LEWIS BRISBOIS BISGAARD & SMITH LLP

---

[31] *See e.g.* Dkt # 199, Response to Partial Summary Judgment, at 12.

[32] Case No. 2:16-cv-809-PMW, at (D. Utah Jan 9, 2017) at 17 (plaintiff attempted to rescind contract).

[33] *Id.*

*Attorneys for Plaintiff Larada Sciences, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of copy of the foregoing **RESPONSE TO DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT was** served to the following this 11th day of December, 2023, in the manner set forth below:

[ x ]     Through the CM/ECF System for the U.S. District Court
[   ]     Hand Delivery
[   ]     U.S. Mail, postage prepaid
[   ]     E-mail

    Romaine C. Marshall
    Jose A. Abarca
    Charles M. Seby

    POLSINELLI PC
    2825 E Cottonwood Pkwy Ste 500
    Salt Lake City, UT 84121
    Telephone: 801-999-3504
    rmarshall@polsinelli.com
    jabarca@polsinelli.com
    cseby@polsinelli.com

                                                        /s/ Peter M. Stasiewicz