Romaine C. Marshall (9654)
Jose A. Abarca (12762)
Charles M. Seby (admitted *pro hac vice*)
POLSINELLI PC
2825 E. Cottonwood Parkway, Suite 500
Salt Lake City, UT 84104
rmarshall@polsinelli.com
jabarca@polsinelli.com
cseby@polsinelli.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware corporation,<br><br>        Plaintiff/Counter Defendant,<br><br>vs.<br><br>PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina corporation, et al.,<br><br>        Defendants/Counterclaimants. | **DEFENDANT PEDIATRIC HAIR SOLUTIONS CORPORATION'S MOTION FOR PROTECTIVE ORDER**<br><br>Case No. 2:18-cv-00551-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br>Magistrate Judge Jared C. Bennett |

Pursuant to Section 10 of the Stipulated Protective Order (the "SPO"[1]), Defendant Pediatric Hair Solutions Corporation ("PHS" or "Defendant"), hereby moves this Court for a protective order upholding its "CONFIDENTIAL—ATTORNEYS EYES ONLY ("AEO") designations for the following documents: PHS182974, PHS188573, PHS189118, PHS189164–189167, PHSPHS190540–190542, PHS190590–190591, PHS190662–190663, PHS190665–190666,

---

[1] ECF 44.

1

PHS190667, PHS190674–190676, PHS190687, PHS190699–190700, PHS190727, and PHS190845 (the "Documents").[2]

## RELIEF SOUGHT AND GROUNDS THEREOF

PHS seeks a protective order to maintain the designation of the Documents as AEO. Larada seeks to re-designate the Documents as "Confidential Information" ("CI") because PHS allegedly "over-designated" them and Larada wishes to use the Documents in another case. PHS used reasonable care to properly designate the Documents as AEO. The Documents contain sensitive and technical information, and de-designation of the Documents would cause harm to PHS because Larada is a direct competitor of PHS. PHS respectfully requests the Court grant its motion and enter a protective order upholding the AEO designations.

## RELEVANT FACTUAL BACKGROUND

On March 4, 2019, the Court entered the SPO (ECF 44) to govern the record of information produced in this case, which includes the designation of documents and discovery material. The terms of the SPO dictate that documents or other materials produced may be designated by the producing party as AEO, CI, or "Confidential Source Code—Attorneys Eyes Only."[3]

On December 22, 2023, and pursuant to Section 10(b) of the SPO, Larada requested a de-designation of the Documents from AEO to CI.[4] Larada's request baldly asserts that the Documents were over designated as AEO.[5] Larada's request also states that its counsel is involved in "various other legal matters" including a "breach of contract and legal malpractice action in

---

[2] True and correct copies of these documents are attached as Exhibits 1–14.
[3] *See* SPO § 4.
[4] A true and correct copy of Larada Counsel's December 22, 2023, letter is attached as Exhibit 14.
[5] *Id.* at 1.

California [(the "California Action")], which involves Larada's former counsel in this matter."[6] Larada, at least in part, seeks the de-designation of the Documents so it can use them in the California Action.[7] On December 29, 2023, PHS notified Larada that it persists in the designation of the Documents as AEO and intended to file this motion pursuant to Section 10(c).[8]

## ARGUMENT

A.  **PHS Properly Designated the Documents as AEO**

PHS followed the SPO and used reasonable care to ensure each produced document or information in this litigation bore the appropriate designation.[9] When interpreting the SPO, "[t]he starting point . . . lies in its plain language."[10] Section 2 makes clear the designation of AEO may be applied to the following documents or information:

> (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution, (2) sensitive business information, including highly sensitive financial or marketing information and the identify of suppliers, distributors, and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to [the SPO] the producing party reasonably and in good faith believes would likely cause harm.[11]

---

[6] *Id*. at 1. The December 22 letter claims the California Action involves "certain claims that were not previously asserted by Larada's former counsel in this matter"—assumedly against PHS.

[7] *Id*. at 2. Section 10(c) of the SPO allows for a receiving party to challenge the designation of materials if done in writing and by "*stating with particularity the reasons for that request*, and specifying the category to which the challenged document(s) should be designated" (emphasis added). Larada's request for de-designation lacks the particularity required by the SPO.

[8] A true and correct copy of PHS' rejection of Larada's request for re-designation is attached as Exhibit 15.

[9] *See* SPO, at § 4(g).

[10] *S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (citations omitted).

[11] SPO, at § 2(c).

A party seeking a protective order must first show the "information sought is a trade secret or other confidential research, development, or commercial information"—namely, that the information originally designated as AEO is appropriately designated as such.[12] Designating materials with "[a]ttorney's-eyes-only protection is usually employed to protect against business harm that would result from disclosure of sensitive documents to a competitor."[13] To this end, "[c]ourts routinely allow documents containing confidential information and trade secrets to be designated as "attorneys' eyes only" in litigation between competitors."[14]

Specifically, materials containing sensitive technical information, such as information related to product development or proprietary technology are rightfully classified as AEO.[15] The SPO is consistent with these principles. Its plain language ensures information that would otherwise be sensitive or valuable in the hands of a competitor is kept at arms-length, with the designation of AEO. This expressly includes "technical information, including . . . research, development and manufacturing information" and the "identify of suppliers."

---

[12] *See C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:17-cv-00754-HCN-DAO, 2020 WL 5107632, at *2 (D. Utah Aug. 31, 2020) (deciding a Motion for Entry of a Protective Order to prevent a de-designation of documents previously designated as AEO).
[13] *Martinez v. City of Odgen*, No. 1:08-cv-00087, 2009 WL 424785, at *2 (D. Utah Feb. 18, 2009).
[14] *Mitchell Int., Inc. v. Healthlift Pharma. Servs., LLC*, No. 2021 WL 1599247, at *2 (D. Utah April 23, 2021) (citing *Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1202-03 (10th Cir. 2014) ("The disclosure of confidential information on an 'attorneys' eyes only' basis is a routine feature of civil litigation involving trade secrets"); *Netquote, Inc. v. Byrd*, No. 07-cv-630, 2007 WL 9814460, at *2 (D. Colo. 2007) ("With regard to an attorney's-eyes-only provision, confidential information that may be used against the company by a direct competitor in the lawsuit is generally afforded more protection.").
[15] *See e.g.*, *C.R. Bard, Inc*, 2020 WL 5107632, at *2; *Mod. Font Applications v. Alaska Airlines*, No. 2:19-cv-00561-DBB-CMR, 2021 WL 364189, at *4–5 (D. Utah Feb. 3, 2021) (upholding an "attorneys-eyes-only" designation for material considered to be "highly sensitive technical information including extremely valuable operations, functions, and know-how" (citations omitted)).

Here, the Documents sought to be de-designated by Larada fit the definition of AEO in the SPO. The Documents consist of internal communications between Defendants John and Sheila Fassler (the "Fasslers"), PHS employees, and PHS' engineers regarding sensitive information including, but not limited to, research, development, and manufacturing information of the FloSonix device; the design, competitive technical information, and analyses of the FloSonix device; and the procurement of materials necessary for product development and planning of the FloSonix device, including discussions relevant to the identification of suppliers.

De-designation of the Documents would subject PHS to harm as a competitor to Larada. By Larada's own admission, PHS and the FloSonix device are "in direct competition with Larada" and its AirAllé device.[16] Given the nature of the Documents and the fact that PHS and Larada are competitors, the Documents are properly designated as AEO.

## B. Larada Cannot Use Materials Designated as CI in the California Action

Even if this Court denies this motion and allowed the Documents to be de-designated to CI, Larada would still be unable to use the Documents in the California Action. The SPO clearly identifies the individuals who may be privy to documents or information designated as either CI or AEO. Materials designated as AEO may only be viewed by the "[o]utside counsel of records for the parties in this action . . . Court officials involved in this action . . . [a]ny person designated by the Court in the interest of justice . . . [a]ny outside TECHNICAL ADVISOR employed by the outside counsel of record . . . [or] [a]ny designated arbitrator or mediator who is assigned [or

---

[16] *See* Pl.'s Second Am. Compl., ECF 213 ("SAC"), at 1. The legitimacy of Larada's allegations have not been decided. Nevertheless, Larada is challenging the designations of the materials as AEO, and the factual allegations in the SAC are binding on Larada. *See Farmland Indus., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 359 F. Supp. 2d 1144, 1150 (D. Kan. 2005) ("As a general rule, a party is bound by allegations . . . of fact in his own pleadings.").

selected] to hear this matter . . . ."[17] Conversely, materials designated as CI are limited to be viewed by the following: outside counsel of record for this action, Court officials in this action, "[i]n-house counsel for a party of this action . . . [t]he insurer of a party to this litigation . . . [and] [r]epresentatives, officers, or employees of a party as necessary to assist outside counsel with this litigation."[18] Per counsel's December 22 letter, a major reason for Larada's de-designation request is to use them in the California Action. Even if the Documents were CI, Larada could not use the Documents outside this litigation. The SPO does not allow Larada to sidestep the limitations of who may view materials designated as CI absent a Court order, subpoena, or document demand.[19]

## CONCLUSION

For the foregoing reasons, PHS respectfully requests this Court grant its Motion for Protective Order and uphold the AEO designations for Exhibits 1–14.

DATED this 5th day of January 2024.

POLSINELLI

*/s/ Jose A. Abarca*
Romaine C. Marshall
Jose A. Abarca
Charles M. Seby

*Attorney for Defendants*

---

[17] SPO, at § 6(b).
[18] *Id*. at § 6(c).
[19] *See id*. at § 16. Section 16 affords a receiving party who is "subpoenaed in another action or proceeding or served with a document or testimony demand or a court order, and such subpoena or demand or court order seeks Confidential Information" to give notice to the producing party and "allow the producing party an opportunity to oppose such subpoena or demand or court order." Larada makes no mention of such a device to warrant compulsory disclosure of CI—let alone AEO—materials from this case in the California Action.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 5, 2024, I caused a true and correct copy of the foregoing to be served *via* CM/ECF.

/s/ *Kaitlin Morgan*