Douglas C. Smith (#10805)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
1218 East 7800 South, Suite 300
Sandy, UT 84094
tel: (801) 251.7341
fax: (801) 562.5510
douglas.smith@lewisbrisbois.com

Peter Stasiewicz (IL No. 6290832) (*pro hac vice*)
**ARCTURUS LAW FIRM**
211 West Wacker Drive # 323
Chicago, Illinois, 60606
tel: (312) 957-6194
fax: (312) 489-8307
pete.stasiewicz@arcturuslaw.com

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **LARADA SCIENCES, INC.**, a Delaware Corporation,<br><br>**Plaintiffs,**<br><br>v.<br><br>**PEDIATRIC HAIR SOLUTIONS CORPORATION**, a North Carolina Corporation, **JOHN E. FASSLER, M.D., SHEILA M. FASSLER,** and **FLOSONIX VENTURES, LLC,**<br><br>**Defendants.** | **PLAINTIFF'S SUR-REPLY TO DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br><br>**Case No.: 2:18-cv-00551-RJS-JCB**<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

**I. Defendants' New Theory of Inquiry Notice Does Not Establish That The Limitations Period Expired.**

In their Motion to Dismiss, Defendants took the position that "interpreting the SAC in the light most favorable to Larada," Larada's DTSA trade secret claim "accrued no later than March

1

2017 (if not earlier.)"[1] In response, Larada pointed out that its motion for leave to file the First Amended Complaint was filed in February of 2017, and that the limitations period on the federal DTSA claim was tolled by the filing of that motion.[2] On reply, Defendants have shifted their argument to suggest that the limitations clock started running earlier than they claimed in their opening brief. Specifically, Defendants now assert that Larada should have been on inquiry notice of trade secret misappropriation in February 2017, prior to the termination of the License Agreements.[3] Defendants again wrongly suggest that the allegations regarding misappropriation occurring in 2016 were known to Larada – Larada has already explained, in its Response, how Defendants actually concealed that information from Larada until discovery in this case revealed it.[4] In addition, Defendants misleadingly represent Larada's allegation that, in February 2017, "Dr. Fassler told [Larada CEO] Ms. Roberts that the license fees were indefensible because the Devices were little more than "heated air" and could not be patented because they were simply a 'law of nature.'"[5] Defendants claim that this statement should have put Larada on notice of misappropriation, even though Dr. Fassler did not mention Larada's trade secrets, only patents. Defendants also point to an allegation that Dr. Fassler threatened the possibility of competition with Larada – but neglect to mention that Dr. Fassler conditioned that possibility on Larada not agreeing to PHS's demands in the context of the parties' ongoing negotiations at that time.[6]

---

[1] Dkt # 215, Mot. to Dismiss, at 9.

[2] Defendants do not dispute that the DTSA claim was tolled by the filing of that motion. *See* Dkt # 223, Reply at 7.

[3] Reply at 4.

[4] Resp. at 5-6.
[5] Dkt # 213, SAC, ¶ 37.

[6] Dkt # 213, SAC, ¶ 39.

Importantly, Larada's allegations as a whole show that Larada still believed that Defendants were negotiating in good faith. Negotiations between Larada and PHS continued through February 2017 until the March 10, 2017 termination notice.[7] It should also be noted that Defendants were purposely misleading Larada about the reason for their failure to make payments, representing to Larada that they were "trying to get a loan."[8]

Even if Larada somehow should have known to launch an investigation in February (or even March) of 2017, there is no allegation in the First or Second Amended Complaints that suggests that there was anything for Larada to discover at that time. Larada could not have known the identity of the design firms Defendants were working with; those were concealed from Larada until they were revealed via discovery in this case. The Flosonix website would not be registered, and the entity FSV would not be founded, until May 2017. There is no allegation that any Flosonix device was available in the public marketplace at the time that the License Agreements were terminated or for some months thereafter.[9] Furthermore, Defendants were actively concealing their use of Larada's trade secrets.

This Court has already ruled, in the context of Larada's 2020 preliminary injunction motion, that Larada's obligations to investigate began when PHS began marketing the FloSonix device, after the termination of the License Agreements:

> Thus, when P.H.S. allegedly began marketing a competing device and one that bore striking similarities to Larada's own device, no less -- shortly after its termination of the Larada license, Larada was under an obligation to begin diligently

---

[7] Dkt # 213, SAC ¶¶ 41-46. (Detailing continued negotiations through February 2017 until March 10, 2017 termination notice).

[8] *Id.*, ¶ 36.

[9] Discovery has suggested that it was the termination of the License Agreements by Larada that forced PHS to accelerate the FloSonix project from a design phase to production.

investigating the matter, but at least on the record before me I do not see evidence that it did.[10]

Larada does not allege that PHS began marketing the FloSonix device earlier than May, 2017.

The cases Defendants cite are consistent with Larada's position. For example, in *Innovasis, Inc. v. Michael Francis English*,[11] an employee copied plaintiff's trade secrets prior to his departure from employment. The Court found that the plaintiff had reason to investigate the employee "upon departure."[12] Similarly, the court in *Alta Devices v. LG Elecs., Inc*.[13] held that a plaintiff should have been on inquiry notice when defendant breached the duty to return confidential information. In both *Innovasis* and *Alta Devices*, inquiry notice arose where some confidential relationship was breached or terminated. Here, PHS did not publicly breach the duty to return Larada's confidential information until at least March 15, 2017, when it failed to return all the FloSonix devices.[14] Until that point, Larada was continuing to negotiate in good faith with PHS into March of 2017, and operating on the belief that a resolution might still be found. It was not until Defendants' failure to return Larada's devices that Larada would have any basis for believing misappropriation was currently underway.[15]

---

[10] Dkt # 123, May 29, 2020 Hearing Tr., at 188:2-188:7.

[11] *Innovasis, Inc. v. Michael Francis English, et al*., No. 2:23-CV-00228-DAK, 2023 WL 8627757, at *3 (D. Utah Dec. 13, 2023)

[12] *Id.*

[13] *Alta Devices, Inc. v. LG Elecs., Inc.*, No. 18-CV-00404-LHK, 2019 WL 1924992 at *13 (N.D. Cal. Apr. 30, 2019)

[14] Dkt # 213, SAC, ¶¶ 46, 47, 51.

[15] *See Dallakian v. IPG Photonics Corp*., No. 13-11863-TSH, 2014 WL 3109964, at *11 (D. Mass. July 7, 2014)(applying Uniform Trade Secrets Act, finding that plaintiff was not necessarily on inquiry notice even where he knew defendant was creating competing device, because he did not know at that time that his trade secrets were being misappropriated).

## II. Claims Against FSV In The Second Amended Complaint Relate Back To Claims Against FSV In The First Amended Complaint Under Rule 15(C)(1)(B).

On reply, Defendants also raise for the first time the argument that Larada's trade secret claim against FSV in the Second Amended Complaint is time-barred on the basis that it cannot relate back to the essentially identical claim in the First Amended Complaint.[16]

Defendants' argument is based on the erroneous belief that claims against FSV in the Second Amended Complaint are governed by 15(c)(1)(C), which applies when "an amendment changes the party or the naming of the party against whom a claim is asserted." However, the Second Amended Complaint does not change a party or the naming of a party against whom a claim was asserted. FSV was named as a trade secret defendant in both the First Amended Complaint and the Second Amended Complaint, based on the same conduct. FSV was dismissed for lack of personal jurisdiction, but the action as a whole was not dismissed.

The issue is thus governed by Rule 15(c)(1)(B), which allows relation back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—*or attempted to be set out*—in the original pleading."[17] The claim against FSV was "attempted to be set out" in the First Amended Complaint as required by Rule 15(c)(1)(B). The lack of personal jurisdiction was cured by the later Second Amended Complaint. This is precisely the kind of amendment contemplated by Rule 15(c)(1)(B).[18]

---

[16] Defendants originally argued that the claims against FSV had to relate back to the original complaint, because of their argument that the limitations period had already run. *See* Mot. at 11.

[17] Fed. R. Civ. P. 15(c)(1)(B)(emphasis added).

[18] *See Farr v. Designer Phosphate And Premix Intern.*, 804 F.Supp. 1190, 1195 (D. Neb. 1992) ("Moreover, there is nothing in the text of Rule 15 which requires that the court have personal jurisdiction over a defendant prior to the expiration of the statute of limitations for the relation-back doctrine to apply."); *see also MacGowan v. Barber*, 127 F.2d 458, 459-60 (2d Cir. 1942) (amendment curing defective personal jurisdiction).

This Court did *not* dismiss the Complaint in its entirety, so the proposition advanced by FSV – that a dismissed complaint does not toll the limitations period – is irrelevant.[19]

Defendants again fail to recognize on reply that PHS's jurisdictional contacts have been imputed to FSV. The claim against FSV remains "direct," *i.e.*, based on actions FSV took.[20]

## **CONCLUSION**

For the foregoing reasons and those in Larada's Response to Defendants' Motion to Dismiss, Larada respectfully requests that this Court deny Defendants' Motion to Dismiss and for such other and further relief as may be just and proper.

DATED this 12th day of January 2024.

/s/Peter M. Stasiewicz
Peter Stasiewicz
ARCTURUS LAW FIRM.

Douglas C. Smith
LEWIS BRISBOIS BISGAARD & SMITH LLP

---

[19] *See Farr*, 804 F. Supp at 1195 (although Rule 15 does not apply to previously dismissed case, it did apply where case was not dismissed but transferred after personal jurisdiction over some defendants was lacking).

[20] *See, e.g.*, Dkt # 213, SAC, ¶¶ 88, 89. It should be noted that FSV was not even formed until May, 2017. Thus, FSV could not have violated the DTSA until the Fasslers provided FSV with Larada's trade secret.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct of copy of the foregoing **SURREPLY IN OPPOSITION TO DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** was served to the following this 12th day of January, 2024, in the manner set forth below:

[ x ]   Through the CM/ECF System for the U.S. District Court
[  ]    Hand Delivery
[  ]    U.S. Mail, postage prepaid
[  ]    E-mail

    Romaine C. Marshall
    Jose A. Abarca
    Charles M. Seby

    POLSINELLI PC
    2825 E Cottonwood Pkwy Ste 500
    Salt Lake City, UT 84121
    Telephone: 801-999-3504
    rmarshall@polsinelli.com
    jabarca@polsinelli.com
    cseby@polsinelli.com

                                                     */s/* Peter M. Stasiewicz