# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware corporation,<br><br>**Plaintiff/Counter Defendant**<br><br>v.<br><br>**PEDIATRIC HAIR SOLUTIONS CORPORATION**, a North Carolina corporation; JOHN E. FASSLER, M.D.; SHEILA M. FASSLER; and FLOSONIX VENTURES, a Wyoming LLC,<br><br>**Defendants/Counter Claimants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-cv-00551-RJS-JCB<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Chief District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(A).[1] Due to Judge Warner's retirement, this case is now referred to Magistrate Judge Jared C. Bennett.[2] Before the court is Defendant Pediatric Hair Solutions Corporation's ("PHS") Motion for Protective Order[3] in which PHS seeks to maintain a "Confidential—Attorneys Eyes Only" ("CAEO") designation for 25 documents produced in discovery to Plaintiff Larada Sciences, Inc. ("Larada"). The court has carefully reviewed the parties' written memoranda and concludes that oral argument is not necessary.[4] Based upon the

---

[1] ECF No. 27

[2] ECF No. 116.

[3] ECF No. 224.

[4] DUCivR 7-1(g).

analysis set forth below, the court grants in part and denies in part PHS's motion. To provide context for the court's ruling, the court first provides its view of the legal standards for protecting documents. Thereafter, the court applies these standards to the materials PHS argues are entitled to CAEO designation. Finally, the court provides a spreadsheet denoting its specific rulings as to each document.

## LEGAL STANDARDS

Fed. R. Civ. P. 26(c)(1) allows a court "for good cause" to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[5] As an example of this type of information, Rule 26(c)(1) provides that the court can order that "trade secret or other confidential research, development, or commercial information . . . be revealed only in a specified way."[6] Courts interpreting this provision under Rule 26 require that "[w]hen a party seeks such a protective order, it 'must first establish that the information sought is a trade secret [or confidential information] and then demonstrate that its disclosure might be harmful.'"[7]

Under Rule 26(c), the court adopted the parties' Stipulated Protective Order ("SPO").[8] Thus, to address the propriety of PHS's CAEO designations, the court relies on the requirements of the SPO. The court must review whether the documents PHS has designated as CAEO meet

---

[5] Fed. R. Civ. P. 26(c)(1).

[6] Fed. R. Civ. P. 26(c)(1)(G).

[7] *In re Cooper Tire & Rubber, Co.*, 568 F.3d 1180, 1190 (10th Cir. 2009) (citation omitted) (alteration added).

[8] ECF No. 44.

the definition of "Protected Information" under the SPO[9] and whether the information in the disputed documents contains:

> (1) sensitive technical information, including current research, development and manufacturing information and patent prosecution information, (2) sensitive business information, including highly sensitive financial or marketing information and the identity of suppliers, distributors and potential or actual customers, (3) competitive technical information, including technical analyses or comparisons of competitor's products, (4) competitive business information, including non-public financial or marketing analyses or comparisons of competitor's products and strategic product planning, or (5) any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Protective Order the producing party reasonably and in good faith believes would likely cause harm.[10]

## ANALYSIS

The court upholds PHS's CAEO designations for all but two documents filed with their motion as sealed Exhibits 1-14.[11] PHS represents that the documents Larada seeks to de-designate are internal communications between Defendants John and Sheila Fassler, PHS employees, and PHS's engineers regarding sensitive information including, but not limited to: research, development, and manufacturing information of the PHS's FloSonix device; the design, competitive technical information, and analyses of the FloSonix device; and the procurement of materials necessary for product development and planning of the FloSonix device, including discussions relevant to the identification of suppliers.[12] Upon review, the court agrees with PHS's

---

[9] "The term PROTECTED INFORMATION shall mean confidential or proprietary technical, scientific, financial, business, health, or medical information designated as such by the producing party." *Id.* at 2, § 2(a).

[10] *Id.* at 2-3.

[11] ECF No. 226-1—ECF No. 226-13.

[12] ECF No. 224 at 5.

characterization of these documents and concludes that, for this reason, most are appropriately designated CAEO. However, the court finds that the documents labeled as sealed Exhibits 9 and 13 are not CAEO, as their contents do not fall into any of the five categories warranting this designation under the SPO. Accordingly, Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 10, 11, 12, and 14 shall retain their CAEO status and Exhibits 9 and 13 shall be designated as Confidential.

Larada argues that *none* of the information contained in these documents reflect trade secrets or protective competitive information belonging to PHS because the documents support Larada's allegation that PHS "reverse engineered" Larada's AirAllé device and misappropriated Larada's trade secrets.[13] However, this is not a proper de-designation argument, as Larada's allegations of reverse engineering or trade-secret misappropriation have not been proven, and, to the extent that the documents contain comparisons of Larada's product, § 2(c) of the SPO specifically allows for protection of this information.[14]

Finally, this court's decision regarding the CAEO or Confidential status of these documents has no bearing on whether the documents can be used in the California Action. In other words, the court will not opine on whether these documents can be used in another proceeding because the fact that these documents are subject to a protective order in this court does not render this court the nationwide master of the documents. Indeed, as a matter of comity, this court's order cannot foreclose another court from issuing its process to compel the production of documents or testimony. Along these lines, neither the SPO nor Rule 26 preclude another court's process from seeking or compelling production or use of documents protected

---

[13] ECF No. 234 at 2.
[14] ECF No. 44 at 2-3, § 2(c)(3)-(4).

under the SPO in another action. Consequently, if a process is available in the California action to require production of these documents therein, it would not be a violation of this SPO.[15] The court in that action has to approve a protective order to address the trade secrets concerns of the parties. Therefore, in the interest of comity, the court declines to address the issue of whether these documents can be used in the California action.

| Exhibit | PHS Arguments for CAEO Designation | Larada Arguments Against CAEO Designation | Court's Disposition |
|---|---|---|---|
| 1 | SPO 2(c)(1) | Using Larada parts? No. | SPO 2(c)(1) |
| 2 | SPO 2(c)(3) | Evidence of reverse engineering | SPO 2(c)(3) |
| 3 | SPO 2(c)(1), (3) | Larada product shown? | SPO 2(c)(1), (3) |
| 4 | SPO 2(c)(1), (2), (3) | Larada product shown? | SPO 2(c)(1), (2), (3) |
| 5 | SPO 2(c)(1), (2), (3) | Evidence of reverse engineering | SPO 2(c)(1), (2), (3) |
| 6 | SPO 2(c)(1), (3) | Evidence of reverse engineering | SPO 2(c)(1), (3) |
| 7 | SPO 2(c)(1), (3) | Evidence of reverse engineering | SPO 2(c)(1), (3) |
| 8 | SPO 2(c)(1), (2) | Evidence of reverse engineering | SPO 2(c)(1), (2) |
| 9 | SPO 2(c)(1) | Evidence of reverse engineering | Not CAEO |
| 10 | SPO 2(c)(1), (2) | ? | SPO 2(c)(1) (talks tech problems), SPO 2(c)(2) (mentions supplier) |
| 11 | SPO 2(c)(1), (3) | Evidence of reverse engineering | SPO 2(c)(1), (3) |
| 12 | SPO 2(c)(1), (3) | Evidence of reverse engineering | SPO 2(c)(1), (3) |
| 13 | SPO 2(c)(1) | ? | Not CAEO |
| 14 | SPO 2(c)(1), (3) | Evidence of reverse engineering | SPO 2(c)(1), (3) |

---

[15] ECF No. 44 at 25-26, § 16.

## CONCLUSION AND ORDER

Based upon the foregoing, the court GRANTS IN PART AND DENIES IN PART PHS's Motion for Protective Order.[16]

IT IS SO ORDERED.

DATED this 1st day of March 2024.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[16] ECF No. 224.