IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware corporation,<br><br>　　　　Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina corporation, et al.,<br><br>　　　　Defendants/Counterclaimants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:18-cv-00551-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

　　　　Now before the court is Defendants Pediatric Hair Solutions (PHS), Dr. John Fassler, Sheila Fassler, and FloSonix Ventures, LLC's (FSV) partial Motion to Dismiss.[1] Defendants move the court to dismiss portions of Plaintiff Larada Sciences, Inc.'s Second Amended Complaint (SAC)[2] under Federal Rule of Civil Procedure 12(b)(6).[3] Specifically, Defendants move to dismiss Larada's fifth, sixth, and seventh claims in their entirety and ninth claim against John Fassler, Sheila Fassler, and FSV.[4] Because Defendants submitted the Motion after the deadline to file dispositive or potentially dispositive motions, the Motion is DENIED.

## BACKGROUND[5]

　　　　On December 12, 2018, the court entered a Scheduling Order imposing various deadlines

---

[1] *See* ECF 215, *Defendants' Motion to Partially Dismiss Plaintiff's Second Amended Complaint*.

[2] *See* ECF 213, *Second Amended Complaint*.

[3] ECF 215 at 1.

[4] *Id.* at 5; *see also* ECF 213 ¶¶ 132–150, 167–175.

[5] The court only recounts facts relevant to the present Motion. For a more complete narrative, see ECF 186, *Memorandum Decision and Order Granting Motion for Leave to File Second Amended Complaint* at 2–13.

1

for the efficient management of this case, including a deadline for the parties to file dispositive or potentially dispositive motions.[6] Thereafter, the parties jointly requested, and the court granted, several modifications to this deadline.[7] Most recently, on June 6, 2022, the parties asked the court to extend the deadline until sixty (60) days after the court's ruling on Larada's then-pending Motion for Leave to File a Second Amended Complaint and Defendants' then-pending Motion for Judgment on the Pleadings.[8] The court issued an Order consistent with the parties' request,[9] and resolved the final pending Motion on February 16, 2023.[10] Accordingly, the deadline for the parties to file dispositive or potentially dispositive motions became April 17, 2023.

On March 17, 2023, Defendants filed a Motion to extend the deadline an additional thirty (30) days, until May 17, 2023.[11] However, Magistrate Judge Bennett denied the Motion.[12] In a Docket Text Order issued April 4, 2023, he concluded Defendants had not demonstrated "good cause to modify the current scheduling order" and affirmed the April 17, 2023 deadline.[13]

Since then, neither party has filed any additional motions to extend the dispositive

---

[6] *See* ECF 35, *Scheduling Order* at 4 (setting October 21, 2019 as the original deadline to file dispositive or potentially dispositive motions).

[7] *See, e.g.*, ECF 66, *Order Granting Stipulated Motion to Lift Stay and Set Proposed Briefing Schedule*; ECF 133, *Order Granting Stipulated Motion Regarding Case Schedule*; ECF 153, *Amended Scheduling Order*; ECF 156, *Order Granting Stipulated Motion to Modify Scheduling Order*; ECF 164, *Order Granting Stipulated Motion to Amend Scheduling Order*; ECF 169, *Order Granting Stipulated Motion Regarding Case Schedule*.

[8] *See* ECF 174, *Stipulated Motion to Modify Case Schedule*; *see also* ECF 160, *Motion for Leave to File Second Amended Complaint*; ECF 154, *Motion for Judgment on the Pleadings.*

[9] *See* ECF 175, *Order Granting Stipulated Motion to Modify Case Schedule.*

[10] *See* ECF 186; *see also* ECF 184, *Minute Order.*

[11] ECF 187, *Defendants' Motion to Extend Deadline for Dispositive Motions and Motions to Exclude Expert Witnesses* at 3. Defendants argued they needed an extension to allow them to contemplate filing for bankruptcy. *Id.* at 1–2.

[12] *See* ECF 190, *Docket Text Order.*

[13] *See id.*

2

motions deadline.[14]  Nevertheless, Defendants filed the present Motion to Dismiss on November 13, 2023.[15]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 16(b)(1), a judge overseeing a case "must issue a scheduling order" which "limit[s] the time to . . . file motions."  Once a judge does so, the scheduling order "may be modified only for good cause and with the judge's consent."[16]  In practice, this means a party wishing to retroactively extend a scheduling deadline must show the deadline "[could not] be met despite [their] diligent efforts,"[17] and "provide an adequate explanation for any delay."[18]  Likewise, Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."[19]

Under Federal Rule of Civil Procedure 72(a), a magistrate judge may issue a written order on a "pretrial matter not dispositive of a party's claim or defense," and when a magistrate does so, "[a] party may serve and file objections to the order within 14 days after being served

---

[14] On October 31, 2023, the court entered a Trial Order setting a trial date and imposing trial-related deadlines. *See* ECF 214, *Trial Order*.  On December 18, 2023, the parties filed a Stipulated Motion to Modify Trial Date, citing an expert witness' unavailability. *See* ECF 220, *Stipulated Motion to Modify Trial Date*.  The court issued an Order granting the Stipulated Motion, resetting the trial date and associated deadlines. *See* ECF 221, *Order Granting Stipulated Motion to Modify Trial Date and Vacating Trial Order*.  Neither the parties' Motion nor the court's Order concerned the long-past deadline to file dispositive motions.

[15] *See* ECF 215.

[16] Fed. R. Civ. P. 16(b)(4).

[17] *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotations, citations, and alterations omitted); *see also Candelaria v. Molina Healthcare, Inc.*, No. 18-725, 2019 WL 4643946, at *3 (D.N.M. Sept. 24, 2019).

[18] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006); *see also Gorsuch*, 771 F.3d at 1240 ("Rule 16's good cause requirement may be satisfied, for example, if a [party] learns new information through discovery or if the underlying law has changed.").

[19] "The Tenth Circuit has implicitly held that the same good-cause standard applies when analyzing under either [Rule 16 or 6]." *Boulder Falcon, LLC v. Brown*, No. 2:22-cv-00042, 2022 WL 3082909, at *3 n.18 (D. Utah Aug. 3, 2022).

with a copy." "A party may not assign as error a defect in the order not timely objected to." [20]

## ANALYSIS

Defendants filed the present Motion to Dismiss on November 13, 2023, approximately seven months after the court-imposed April 17, 2023 deadline to file dispositive or potentially dispositive motions. Nevertheless, Defendants have neither performed the essential step of moving the court to retroactively allow their out-of-time Motion under Federal Rules of Civil Procedure 16 and 6, nor provided the court any analysis indicating good cause justifies their delay. Accordingly, the court cannot conclude good cause justifies modifying the April 17, 2023 deadline and does not consent to modifying the deadline to allow Defendants' Motion.[21]

Separately, Defendants did not object to Magistrate Judge Bennett's Order denying their request to extend the April 17, 2023 to May 17, 2023. By failing to object within fourteen days as provided by Federal Rule of Civil Procedure 72, Defendants waived their right to seek an extension of the time to file dispositive or potentially dispositive motions.[22]

## CONCLUSION

For the foregoing reasons, the court DENIES Defendants' Motion to Dismiss.[23]

---

[20] Fed. R. Civ. P. 72(a).

[21] *See Lucero v. Olivas*, No. 14-393, 2015 WL 13650072, at *2 (D.N.M. Nov. 20, 2015) (listing cases in which courts "denied untimely-filed dispositive motions where the filing party failed to demonstrate good cause for the untimeliness").

[22] The court acknowledges Larada did not file its Second Amended Complaint, re-adding FSV as a Defendant, until approximately eight months after the court granted them leave to do so. *See* ECF 213, *Second Amended Complaint*. Nevertheless, the court observes Defendants began treating FSV as if it were an active party to this matter shortly after the court granted Larada leave to file its Second Amended Complaint. *See, e.g.*, ECF 187 at 1 ("Defendants [PHS], John E. Fassler, M.D., and Sheila M. Fassler, and [FSV] (collectively, 'Defendants') submit this Motion to Extend Deadline for Dispositive Motions . . . .").

[23] ECF 215.

SO ORDERED this 13th of May 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge