Romaine C. Marshall (9654)
Jose A. Abarca (12762)
Charles Seby (admitted *pro hac vice*)
**POLSINELLI PC**
2825 E Cottonwood Parkway, Suite 500
Salt Lake City, UT 84121
rmarshall@polsinelli.com
jabarca@posinelli.com
cseby@polsinelli.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware corporation,<br><br>    Plaintiff/Counter Defendant,<br><br>vs.<br><br>PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina corporation, et al.,<br><br>    Defendants/Counterclaimants. | **DEFENDANTS SHEILA FASSLER, JOHN FASSLER, AND PEDIATRIC HAIR SOLUTION'S ANSWERS TO SECOND AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Case No. 2:18-cv-00551-RJS-JCB<br>Chief Judge Robert J. Shelby<br>Magistrate Judge Jared C. Bennett |

Defendants Sheila Fassler ("Mrs. Fassler"), John Fassler, M.D. ("Dr. Fassler") (together, the "Fasslers"), and Pediatric Hair Solutions Corporation ("PHS") (collectively, "Answering Defendants") hereby answer the Second Amended Complaint ("SAC") (Dkt. 213) and assert their affirmative defenses.  Except where expressly admitted, the Fasslers deny each allegation in the SAC and deny that Plaintiff is entitled to any relief requested.

95259865.1

## INTRODUCTORY STATEMENT

Plaintiff's introductory statement purports to broadly summarize the allegations and claims described in the body of its SAC.   Therefore, Answering Defendants will respond to each enumerated allegation and claim rather than the collective summary.   In the event an admission or denial is required, Answering Defendants deny the allegations in the Introductory Statement.

## PARTIES

1.      Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 1, and therefore deny the same.

2.      Answering Defendants admit only that PHS is a corporation incorporated under the laws of North Carolina with its principal address at 6923 Shannon Willow Rd., Ste. 100, Charlotte, NC 28226-1331.  PHS further admits only that PHS operates head lice treatment centers in North Carolina and South Carolina but denies the remaining allegations in paragraph 2.  The Fasslers are without knowledge sufficient to admit or deny the remaining allegations in paragraph 2, and therefore deny the same.

3.      Answering Defendants admit only that FloSonix Ventures, LLC ("FSV") is a Wyoming limited liability company. Answering Defendants deny the remaining allegations in paragraph 3.

4.      Paragraph 4 is directed to Mrs. Fassler and asserts a legal conclusion to which no factual admission or denial is necessary.   To the extent a response is required, Answering Defendants admit the allegations in paragraph 4.

95259865.1

5.      Paragraph 5 is directed to Dr. Fassler and asserts a legal conclusion to which no factual admission or denial is necessary.  To the extent a response is required, Answering Defendants admit the allegations in paragraph 5.

## JURISDICTION AND VENUE

6.      Paragraph 6 asserts a legal conclusion to which no factual admission or denial is necessary.  To the extent a response is required, Answering Defendants admit the allegations in paragraph 6.

7.      Paragraph 7 asserts a legal conclusion to which no factual admission or denial is necessary.  To the extent a response is required, Answering Defendants admit the allegations in paragraph 7.

8.      Paragraph 8 asserts a legal conclusion to which no factual admission or denial is necessary.  To the extent a response is required, Answering Defendants admit the allegations in paragraph 8.

9.      Paragraph 9 asserts a legal conclusion to which no factual admission or denial is necessary.  To the extent a response is required, Answering Defendants deny that PHS has consented to any jurisdiction over FSV.  Answering Defendants admit the allegations in paragraph 9 as to jurisdiction over PHS only.

10.      Paragraph 10 asserts a legal conclusion to which no factual admission or denial is necessary.  To the extent a response is required, Answering Defendants admit the License Agreements entered between Plaintiff and PHS provide that the jurisdiction and venue for any proceeding related to the Agreements shall be in a court of competent jurisdiction in Salt Lake City, Utah.  Answering Defendants deny that the Court has any jurisdiction over FSV.  Answering

Defendants deny that PHS has consented to jurisdiction over FSV, and Answering Defendants deny the remaining allegations in paragraph 10.

11.     Paragraph 11 asserts a legal conclusion to which no factual admission or denial is necessary.  To the extent a response is required, the Fasslers admit that Dr. Fassler traveled to Utah for meetings related to the business relationship between PHS and Plaintiff.   Answering Defendants deny the remaining allegations in paragraph 11.

12.     Paragraph 12 asserts a legal conclusion to which no factual admission or denial is necessary.  To the extent a response is required, Answering Defendants deny the allegations in paragraph 12.

13.     Paragraph 13 asserts a legal conclusion to which no factual admission or denial is necessary.   To the extent a response is required, the Fasslers admit the Lousebuster Lease Agreement between Plaintiff and PHS provides that the jurisdiction and venue shall be in a court of competent jurisdiction in the State of Utah, but only for disputes not subject to arbitration as set forth in Section 17.3 of the Lease Agreement.  Answering Defendants are without knowledge sufficient to admit or deny the remaining allegations in paragraph 13, and therefore deny the same.

14.     Paragraph 14 asserts a legal conclusion to which no factual admission or denial is necessary.  To the extent a response is required, Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 14, and therefore deny the same.

## **GENERAL ALLEGATIONS**

15.     Answering Defendants deny the allegations in paragraph 15.

16.     Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 16, and therefore deny the same.

95259865.1

17.     Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 17, and therefore deny the same.

18.     Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 18, and therefore deny the same.

19.     Answering Defendants admit that Sheila Fassler signed the agreement PHS entered in or around November 2010, but deny the remaining allegations in this paragraph 19.

20.     Paragraph 20 purports to excerpt a selection of text from a contract.  Answering Defendants deny that the excerpt contains the full language or complete context of the contract terms cited, but Answering Defendants admit that the text quoted appears in the Lease Agreement.

21.     Answering Defendants admit only that the Lousebuster Service Provider Lease Agreement term was two years.  PHS also admits only that it entered into a Medical Device Rental Agreement with Larada on or around January 1, 2013.  Answering Defendants deny the remaining allegations in paragraph 21.

22.     Answering Defendants admit the allegations in paragraph 22.

23.     Paragraph 23 purports to excerpt a selection of text from a contract. Answering Defendants deny that the excerpt contains the full language or complete context of the contract terms cited, but Answering Defendants admit only that the text quoted appears in some, but not all, of the Lease Agreements. Answering Defendants deny the remaining allegations in paragraph 23.

24.     The Fasslers admit only that Larada entered into a Consulting Agreement with Dr. Fassler appointing Dr. Fassler as a Consultant.  The Fasslers further admit only that Exhibit A to the Consulting Agreement provides the Consultant will have the title of "Medical Director, Lice

95259865.1

Clinics of America Network." The Fasslers further admit only that Dr. Fassler signed the Consulting Agreement, but deny the remaining allegations in paragraph 24. PHS is without knowledge sufficient to admit or deny the allegations in paragraph 24, and therefore denies the same.

25.     Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 25, and therefore deny the same.

26.     Paragraph 26 purports to excerpt a selection of text from a contract. The Fasslers deny that the excerpt contains the full language or complete context of the contract terms cited, but the Fasslers admit only that the text quoted appears in the Consulting Agreement. The Fasslers deny the remaining allegations in paragraph 26. PHS is without knowledge sufficient to admit or deny the allegations in paragraph 26, and therefore denies the same.

27.     Plaintiff omitted paragraph 27. Thus, no response is required.

28.     The Fasslers admit only that Dr. Fassler was engaged as a Consultant for Larada for the scope of services identified in the Consulting Agreement. The Fasslers deny the remaining allegations in paragraph 28. PHS is without knowledge sufficient to admit or deny the allegations in paragraph 28, and therefore deny the same.

29.     Answering Defendants admit only that in late 2014, Mrs. Fassler was appointed to the LCA Network Affiliate Advisory Board, but deny that it was at her request. The Fasslers further admit only that the Advisory Board was made up of approximately seven representatives from Clinics across the county plus Larada's team. The Fasslers deny the remaining allegations in paragraph 29. PHS is without knowledge sufficient to admit or deny the remaining allegations in paragraph 29, and therefore denies the same.

95259865.1

30.     The Fasslers admit only that Mrs. Fassler attended an Affiliated Advisory Board meeting in January 2015, and received certain information from Plaintiff related to marketing and the handheld consumer device, but deny the remaining allegations in paragraph 30.  PHS admits only that Mrs. Fassler attended an Affiliated Advisory Board meeting in January 2015, and received certain information from Plaintiff, but PHS is without knowledge sufficient to admit or deny the allegations in paragraph 30, and therefore denies the same.

31.     Answering Defendants admit only that they entered into certain agreements with Plaintiff.  The Fasslers further admit only that they received certain information from Larada, but deny the remaining allegations in paragraph 31.  PHS denies the remaining allegations in paragraph 31.

32.     Answering Defendants deny the allegations in paragraph 32.

33.     Answering Defendants admit only that Larada sent PHS a non-functioning, non-testable device that Larada refers to as the "beta version of its second generation device," but deny all remaining allegations in paragraph 33.

34.     Answering Defendants deny the allegations in paragraph 34.

35.     The Fasslers admit only that they were invited by some of Larada's licensees to meet in Nashville, Tennessee.  The Fasslers deny the remaining legations in paragraph 35.  PHS is without knowledge sufficient to admit or deny the allegations in paragraph 35, and therefore denies the same.

36.     Paragraph 36 purports to excerpt a selection of text from an email.  Answering Defendants deny that the excerpt contains the full language or complete context of the email cited,

but Answering Defendants admit only that the text quoted appears in a February 1, 2017 email to Claire Roberts.  Answering Defendants deny the remaining allegations in paragraph 36.

37.     The Fasslers admit only that they attended a February 10, 2017 meeting with Larada and that Dr. Fassler stated the devices were little more than heated air because they were a law of nature, but deny the remaining allegations in paragraph 37.  PHS is without knowledge sufficient to admit or deny the allegations in paragraph 37, and therefore denies the same.

38.     Answering Defendants admit only that they attended a February 10, 2017 meeting with Larada to discuss renegotiating the per-treatment use fee, but deny the remaining allegations in paragraph 38.

39.     Answering Defendants deny the allegations in paragraph 39.

40.     Answering Defendants deny the allegations in paragraph 40.

41.     Answering Defendants admit the allegations in paragraph 41.

42.     PHS admits only that on or about February 17, 2017, counsel for PHS sent a letter to propose an amendment to the License Agreements to Claire Roberts to reflect a lower per-use fee calculation structure under the License Agreements "to represent a compromise position" which would allow Plaintiff "to avoid the substantial financial liability of refunding [PHS] its license fees" due to Plaintiff's anticipated breach of the License Agreements, but denies the remaining allegations in paragraph 42.  The Fasslers are without knowledge sufficient to admit or deny the allegations in paragraph 42, and therefore deny the same.

43.     PHS admits only that on or around February 22, 2017, Ms. Roberts informed PHS that Larada would respond to PHS's proposal if PHS were to bring its account(s) current and pay all of the amounts presented as due, but denies the remaining allegations in paragraph 43.  The

95259865.1

Fasslers are without knowledge sufficient to admit or deny the allegations in paragraph 43, and therefore deny the same.

44.      PHS admits only that, due to PHS's good-faith belief that Larada breached the License Agreements, PHS offered depositing the January 2017 fees in escrow in its counsel's law firm's trust account while the parties finalized an agreement on the new proposed rate structure to be retroactively applied to January 1, 2017, but denies the remaining allegations in paragraph 44. The Fasslers are without knowledge sufficient to admit or deny the allegations in paragraph 44, and therefore deny the same.

45.      Answering Defendants deny the allegations in paragraph 45.

46.      Answering Defendants admit the allegations in paragraph 46.

47.      Paragraph 47 purports to excerpt a selection of text from a March 10, 2017 letter. Answering Defendants deny that the excerpt contains the full language or complete context of the letter cited, but Answering Defendants admit only that the text quoted appears in the March 10, 2017 letter.  Answering Defendants deny the remaining allegations in paragraph 47.

48.      Answering Defendants deny the allegations in paragraph 48.

49.      Answering Defendants deny the allegations in paragraph 49.

50.      Answering Defendants admit only that PHS has not paid the amounts Plaintiff alleges are due and owing, but deny the remaining allegations in paragraph 50.

51.      Answering Defendants admit only that PHS began returning the Larada devices shortly after the March termination letter.  The remaining allegations in paragraph 51 state a legal conclusion to which no answer is required.  To the extent a response is required, Answering Defendants deny the same.

52.     Answering Defendants deny the allegations in paragraph 52.

53.     Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 53, and therefore deny the same.

54.     Answering Defendants deny the allegations in paragraph 54.

55.     Answering Defendants deny the allegations in paragraph 55.

56.     Answering Defendants admit the allegations in paragraph 56.

57.     Answering Defendants deny the allegations in paragraph 57.

58.     Answering Defendants deny the allegations in paragraph 58.

59.     Answering Defendants admit only that FloSonix Ventures, LLC, is a Wyoming limited liability company, was formed on May 4, 2017, and is owned by Sheila Fassler, its sole member.  Answering Defendants deny the remaining allegations in paragraph 59.

60.     Answering Defendants admit the allegations in paragraph 60.

61.     Answering Defendants admit the allegations in paragraph 61.

62.     The Fasslers admit the allegations in paragraph 62.  PHS is without knowledge sufficient to admit or deny the allegations in paragraph 62, and therefore denies the same.

63.     The Fasslers admit the allegations in paragraph 63.  PHS admits only that Mrs. Fassler is president of PHS, but PHS is without knowledge sufficient to admit or deny the remaining allegations in paragraph 63, and therefore denies the same.

64.     Answering Defendants admit the allegations in paragraph 64.

65.     The Fasslers admit only that Mrs. Fassler is the sole officer of FSV.  PHS is without knowledge sufficient to admit or deny the remaining allegations in paragraph 65, and therefore denies the same.

95259865.1

66.     Answering Defendants admit the allegations in paragraph 66.

67.     Mrs. Fassler admits the allegations in paragraph 67.  Dr. Fassler and PHS are without knowledge sufficient to admit or deny the allegations in paragraph 67, and therefore deny the same.

68.     Answering Defendants deny the allegations in paragraph 68.

69.     The Fasslers admit the allegations in paragraph 69.  PHS is without knowledge sufficient to admit or deny the remaining allegations in paragraph 69, and therefore denies the same.

70.     Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 70, and therefore deny the same.

71.     Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 71, and therefore deny the same.

72.     Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 72, and therefore deny the same.

73.     Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 73, and therefore deny the same.

74.     Answering Defendants admit only that PHS operates out of 6923 Shannon Willow Road, Suite 100, Charlotte, North Carolina.  The Fasslers deny the remaining allegations in paragraph 74.  PHS is without knowledge sufficient to admit or deny the remaining allegations in paragraph 74, and therefore denies the same.

75.     Answering Defendants deny the allegations in paragraph 75.

76.     Answering Defendants deny the allegations in paragraph 76.

95259865.1

77.     Answering Defendants deny the allegations in paragraph 77.

78.     Answering Defendants deny the allegations in paragraph 78.

79.     Answering Defendants deny the allegations in paragraph 79.

80.     Answering Defendants deny the allegations in paragraph 80.

81.     Answering Defendants deny the allegations in paragraph 81.

82.     Answering Defendants deny the allegations in paragraph 82.

83.     Answering Defendants deny the allegations in paragraph 83.

84.     Answering Defendants admit the allegations in paragraph 84.

85.     Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 85, and therefore deny the same.

86.     Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 86, and therefore deny the same.

87.     Answering Defendants admit the allegations in paragraph 87.

88.     Answering Defendants deny the allegations in paragraph 88.

89.     Answering Defendants deny the allegations in paragraph 89.

90.     Answering Defendants deny the allegations in paragraph 90.

91.     Answering Defendants deny the allegations in paragraph 91.

92.     Answering Defendants deny the allegations in paragraph 92.

93.     Answering Defendants deny the allegations in paragraph 93.

94.     Answering Defendants deny the allegations in paragraph 94.

95.     Answering Defendants deny the allegations in paragraph 95.

96.     Answering Defendants deny the allegations in paragraph 96.

95259865.1

97.     Answering Defendants deny the allegations in paragraph 97.

98.     Answering Defendants deny the allegations in paragraph 98.

99.     Answering Defendants deny the allegations in paragraph 99.

100.    Answering Defendants deny the allegations in paragraph 100.

## FIRST CAUSE OF ACTION

### (*Breach of Contract against PHS and FSV*)

101.    Answering Defendants incorporate each of their answers to the allegations in the SAC as though fully set forth herein.

102.    Answering Defendants admit only that PHS entered into License Agreements with Plaintiff on or around August 31, 2015.  The remaining allegations in paragraph 102 state a legal conclusion to which no answer is required.  To the extent a further answer is required, Answering Defendants deny the same.

103.    Answering Defendants deny the allegations in paragraph 103.

104.    Answering Defendants deny the allegations in paragraph 104.

105.    Answering Defendants deny the allegations in paragraph 105.

106.    Answering Defendants deny the allegations in paragraph 106.

107.    Answering Defendants deny the allegations in paragraph 107.

108.    Answering Defendants deny the allegations in paragraph 108.

109.    Answering Defendants deny the allegations in paragraph 109.

110.    Answering Defendants deny the allegations in paragraph 110.

111.    Answering Defendants deny the allegations in paragraph 111.

95259865.1

## SECOND CAUSE OF ACTION

### (*Breach of Implied Covenant of Good Faith and Fair Dealing against PHS*)

112.    Answering Defendants incorporate each of their answers to the allegations in the SAC as though fully set forth herein.

113.    Answering Defendants admit only that PHS entered into License Agreements with Plaintiff on or around August 31, 2015.  The remaining allegations in paragraph 113 state a legal conclusion to which no answer is required.  To the extent a further answer is required, Answering Defendants deny the same.

114.    Answering Defendants deny the allegations in paragraph 114.

115.    Answering Defendants deny the allegations in paragraph 115.

116.    Answering Defendants deny the allegations in paragraph 116.

117.    Answering Defendants deny the allegations in paragraph 117.

118.    Answering Defendants deny the allegations in paragraph 118.

## THIRD CAUSE OF ACTION

### (*Breach of Lease Agreement against Sheila Fassler*)

119.    Answering Defendants incorporate each of their answers to the allegations in the SAC as though fully set forth herein.

120.    Answering Defendants admit Mrs. Fassler signed the Lousebuster Lease Agreement entered between Larada and PHS on or about November 10, 2010, but deny the remaining allegations in paragraph 120.

121.    Answering Defendants deny the allegations in paragraph 121.

122.    Answering Defendants deny the allegations in paragraph 122.

95259865.1

123.    Answering Defendants deny the allegations in paragraph 123.

124.    Answering Defendants deny the allegations in paragraph 124.

125.    Answering Defendants deny the allegations in paragraph 125.

## FOURTH CAUSE OF ACTION

### (*Breach of Consulting Agreement against Dr. John Fassler*)

126.    Answering Defendants incorporate each of their answers to the allegations in the SAC as though fully set forth herein.

127.    The Fasslers admit only that Larada entered into a Consulting Agreement with Dr. Fassler appointing Dr. Fassler as a Consultant. PHS is without knowledge sufficient to admit or deny the allegations in paragraph 127, and therefore denies the same.

128.    Answering Defendants deny the allegations in paragraph 128.

129.    Answering Defendants deny the allegations in paragraph 129.

130.    Answering Defendants deny the allegations in paragraph 130.

131.    Answering Defendants deny the allegations in paragraph 131.

## FIFTH CAUSE OF ACTION

### (*Trespass to Chattels*)

132.    Answering Defendants incorporate each of their answers to the allegations in the SAC as though fully set forth herein.

133.    Answering Defendants admit only that under the License Agreements, Plaintiff licensed the right to use one or more of its devices.  Answering Defendants deny the remaining allegations in paragraph 133.

134.    Answering Defendants deny the allegations in paragraph 134.

135.     Answering Defendants deny the allegations in paragraph 135.

136.     Answering Defendants deny the allegations in paragraph 136.

137.     Answering Defendants deny the allegations in paragraph 137.

138.     Answering Defendants deny the allegations in paragraph 138.

## SIXTH CAUSE OF ACTION

### (*Conversion*)

139.     Answering Defendants incorporate each of their answers to the allegations in the SAC as though fully set forth herein.

140.     Answering Defendants admit only that under the License Agreements, Plaintiff licensed the right to use one or more of its devices.  Answering Defendants deny the remaining allegations in paragraph 140.

141.     Answering Defendants deny the allegations in paragraph 141.

142.     Answering Defendants deny the allegations in paragraph 142.

143.     Answering Defendants deny the allegations in paragraph 143.

144.     Answering Defendants deny the allegations in paragraph 144**.**

## SEVENTH CAUSE OF ACTION

### (*Unjust Enrichment*)

145.     Answering Defendants incorporate each of their answers to the allegations in the SAC as though fully set forth herein.

146.     Answering Defendants deny the allegations in paragraph 146.

147.     Answering Defendants deny the allegations in paragraph 147.

148.     Answering Defendants deny the allegations in paragraph 148.

95259865.1

149.    Answering Defendants deny the allegations in paragraph 149.

150.    Answering Defendants deny the allegations in paragraph 150.

## **EIGHTH CAUSE OF ACTION**

### (*Trademark Infringement and Unfair Competition*

### *under the Lanham Act, 15 U.S.C. §§ 1051. et seq.*)

151.    Answering Defendants incorporate each of their answers to the allegations in the SAC as though fully set forth herein.

152.    Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 152, and therefore deny the same.

153.    Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 153, and therefore deny the same.

154.    Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 154, and therefore deny the same.

155.    Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 155, and therefore deny the same.

156.    Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 156, and therefore deny the same.

157.    Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 157, and therefore deny the same.

158.    Answering Defendants deny the allegations in paragraph 158.

95259865.1

159.     PHS admits that it undertakes commercial marketing efforts related to its services. Answering Defendants are without knowledge sufficient to admit or deny the remaining allegations in paragraph 159, and therefore deny the same.

160.     Answering Defendants are without knowledge sufficient to admit or deny the allegations in paragraph 160, and therefore deny the same.

161.     Answering Defendants deny the allegations in paragraph 161.

162.     Answering Defendants deny the allegations in paragraph 162.

163.     Answering Defendants deny the allegations in paragraph 163.

164.     Answering Defendants deny the allegations in paragraph 164.

165.     Answering Defendants deny the allegations in paragraph 165.

166.     Answering Defendants deny the allegations in paragraph 166.

## NINTH CAUSE OF ACTION

### (*Misappropriation of Trade Secrets under 18 U.S.C. § 1836*)

167.     Answering Defendants deny the allegations in paragraph 167.

168.     Answering Defendants deny the allegations in paragraph 168.

169.     Answering Defendants deny the allegations in paragraph 169.

170.     Answering Defendants deny the allegations in paragraph 170.

171.     Answering Defendants deny the allegations in paragraph 171.

172.     Answering Defendants deny the allegations in paragraph 172.

173.     Answering Defendants deny the allegations in paragraph 173.

174.     Answering Defendants deny the allegations in paragraph 174.

175.     Answering Defendants deny the allegations in paragraph 175.

95259865.1

## TENTH CAUSE OF ACTION

### (*Declaratory Judgment against PHS*)

176.    Answering Defendants deny the allegations in paragraph 176.

177.    Answering Defendants deny the allegations in paragraph 177.

178.    Answering Defendants deny the allegations in paragraph 178.

179.    Answering Defendants deny the allegations in paragraph 179.

## PRAYER FOR RELIEF

The remainder of the SAC consists of Plaintiff's request for relief, to which no response is necessary.  To the extent a response is required, Answering Defendants deny that Plaintiff has sustained any damage and deny that Plaintiff is entitled to the relief sought in the SAC (including the Prayer for Relief and its subparts A, B, C, D, E, F, and G) or any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiff's claims are barred by every applicable affirmative, legal, or other equitable defense available to the Answering Defendants under Utah and Federal law, including, but not limited to, those defenses set forth under Federal Rule of Civil Procedure 8(c).

2.    Plaintiff's claims fail to state a claim for which relief can be granted.

3.    Plaintiff has sustained no damages, and Plaintiff cannot prove that any act by Answering Defendants caused damages to Plaintiff.

4.    No trade secret information held by Plaintiff was acquired through improper means.

5.    Plaintiff cannot recover any damages from Answering Defendants based on allegations of FSV's direct actions or transgressions, as Plaintiff's claims against FSV rest on alter ego liability only.

95259865.1

6.      Plaintiff's claims are barred by the economic loss rule.

7.      Plaintiff's equitable claims fail because an enforceable contract covers the subject matter of this litigation, and/or Plaintiff has an adequate remedy at law.

8.      Plaintiff's claims fail because Plaintiff cannot show abuse of a corporate or company form that resulted in a fraud, injustice, or inequitable result, or that veil-piercing is necessary.

9.      Plaintiff has failed to identify or establish any cognizable trade secret.

10.     The alleged misappropriation in the SAC does not constitute misappropriation under Federal law.

11.     Plaintiff's claims fail because they have been dismissed by the Court and/or Plaintiff has withdrawn the same.

12.     Plaintiff's claims are barred or limited by the doctrine of *res judicata* or claim preclusion.

13.     Plaintiff's request for exemplary or punitive damages is barred due to lack of evidence showing malice, intent, or any other necessary scienter.

14.     Plaintiff's request for exemplary or punitive damages is barred under the Utah and/or United States Constitutions.

15.     Any award of exemplary or punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to the Answering Defendants under the Constitution of the United States and/or the laws of the State of Utah.

16.     Plaintiff's claims are barred by their failure to relate back to a timely pleading under Federal Rule of Civil Procedure 15 or under any other applicable rule, provision, or law.

95259865.1

17.     Plaintiff's claims are barred or must be reduced by Plaintiff's failure to avoid or mitigate any damages.

18.     Plaintiff's claims are barred under the doctrine of unclean hands/*in pari delicto*.

19.     Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to satisfy the legal and factual requirements sufficient to maintain its causes of action.

20.     Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, justification, waiver, and/or equitable estoppel.

21.     Plaintiff, by its acts, conduct, communications, and/or omissions, has ratified the acts, conduct, communications, and omissions, if any, of Answering Defendants.  Thus, Plaintiff is barred from seeking or recovering any relief.

22.     Plaintiff's claims may be barred or precluded due to spoliation of evidence.

23.     Plaintiff's claims may be barred or limited by contractual terms.

Answering Defendants reserve the right to rely on any additional defenses that become available or apparent during the proceedings in this action and specifically reserve the right to amend their answers and affirmative defenses.  Answering Defendants hereby place Plaintiff on notice that the above defenses listed are not exhaustive and may be amended, supplemented, or clarified at any time based on new or other information.

## <u>DEMAND FOR JURY TRIAL</u>

Answering Defendants demand a jury trial on all issues so triable. Answering Defendants hereby exercise their rights under the United States Constitution, Federal Rule of Civil Procedure 38, and any other applicable Federal or Utah law entitling Answering Defendants to a trial by jury.

95259865.1

DATED this 28th day of May 2024.

POLSINELLI PC


*/s/ Jose A. Abarca*
Romaine C. Marshall
Jose A. Abarca
Charles M. Seby (*pro hac vice*)
*Attorney for Defendants*

22

## CERTIFICATE OF SERVICE

I hereby certify that on May 28th, 2024, I caused a true and correct copy of **DEFENDANTS SHEILA FASSLER, JOHN FASSLER, AND PEDIATRIC HAIR SOLUTION'S ANSWERS TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**, to be served *via* CM/ECF.


 /s/ *Kaitlin Morgan*