Romaine C. Marshall (9654)
Jose A. Abarca (12762)
Charles Seby (admitted *pro hac vice*)
**POLSINELLI PC**
2825 E Cottonwood Parkway, Suite 500
Salt Lake City, UT 84121
rmarshall@polsinelli.com
jabarca@posinelli.com
cseby@polsinelli.com

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware corporation,<br><br>Plaintiff/Counter Defendant,<br><br>vs.<br><br>PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina corporation, et al.,<br><br>Defendants/Counterclaimants. | **DEFENDANT FLOSONIX VENTURES, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED**<br><br>Case No. 2:18-cv-00551-RJS-JCB<br>Chief Judge Robert J. Shelby<br>Magistrate Judge Jared C. Bennett |

Defendant FloSonix Ventures, LLC ("FSV") hereby answers the Second Amended Complaint ("SAC") (Dkt. 213) and asserts its affirmative defenses.[1]  Except where expressly admitted, FSV denies each and every allegation in the SAC and denies that Plaintiff is entitled to any relief requested.

---

[1] By filing this answer, FSV does not concede that Plaintiff has alleged any claims that subject FSV to personal jurisdiction in Utah. FSV likewise does not concede that Plaintiff may obtain any liability against FSV for its claims or that Plaintiff has made any adequate showing of alter ego liability.

95259982.1

## INTRODUCTORY STATEMENT

Plaintiff's introductory statement purports to broadly summarize the allegations and claims described in the body of its SAC. Therefore, FSV will respond to each enumerated allegation and claim rather than the collective summary. In the event an admission or denial is required, FSV denies the allegations in the Introductory Statement.

## PARTIES

1. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 1, and therefore denies the same.

2. Paragraph 2 is directed to Defendant Pediatric Hair Solutions Corporation ("PHS"). FSV is without knowledge sufficient to admit or deny the allegations in paragraph 2, and therefore denies the same.

3. FSV admits only that it is a Wyoming limited liability company. FSV denies the remaining allegations in paragraph 3.

4. Paragraph 4 is directed to Defendant Sheila Fassler ("Mrs. Fassler") and asserts a legal conclusion to which no factual admission or denial is necessary. To the extent a response is required, FSV admits the allegations in paragraph 4.

5. Paragraph 5 alleges facts concerning Defendant John Fassler ("Dr. Fassler") and asserts a legal conclusion to which no factual admission or denial is necessary. To the extent a response is required, FSV is without knowledge sufficient to admit or deny the allegations in paragraph 5.

## JURISDICTION AND VENUE

6. Paragraph 6 asserts a legal conclusion to which no factual admission or denial is necessary. To the extent a response is required, FSV admits the allegations in paragraph 6.

7. Paragraph 7 asserts a legal conclusion to which no factual admission or denial is necessary. To the extent a response is required, FSV admits the allegations in paragraph 7.

8. Paragraph 8 asserts a legal conclusion to which no factual admission or denial is necessary. To the extent a response is required, FSV admits the allegations in paragraph 8.

9. Paragraph 9 asserts a legal conclusion to which no factual admission or denial is necessary. To the extent a response is required, FSV denies that PHS has consented to any jurisdiction over FSV. FSV admits only the allegations in paragraph 9 as to jurisdiction over PHS only.

10. Paragraph 10 asserts a legal conclusion to which no factual admission or denial is necessary. To the extent a response is required, FSV denies that the Court has any jurisdiction over FSV. FSV is without knowledge sufficient to admit or deny the remaining allegations in paragraph 10.

11. Paragraph 11 asserts a legal conclusion to which no factual admission or denial is necessary. To the extent a response is required, FSV is without knowledge sufficient to admit or deny the allegations in paragraph 11, and therefore denies the same.

12. Paragraph 12 asserts a legal conclusion to which no factual admission or denial is necessary. To the extent a response is required, FSV denies the allegations in paragraph 12.

13. Paragraph 13 asserts a legal conclusion to which no factual admission or denial is necessary. To the extent a response is required, FSV is without knowledge sufficient to admit or deny the allegations in paragraph 13, and therefore denies the same.

14. Paragraph 14 asserts a legal conclusion to which no factual admission or denial is necessary. To the extent a response is required, FSV is without knowledge sufficient to admit or deny the allegations in paragraph 14, and therefore denies the same.

## GENERAL ALLEGATIONS

15. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 15, and therefore denies the same.

16. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 16, and therefore denies the same.

17. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 17, and therefore denies the same.

18. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 18, and therefore denies the same.

19. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 19, and therefore denies the same.

20. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 20, and therefore denies the same.

21. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 21, and therefore denies the same.

22. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 22, and therefore denies the same.

23. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 23, and therefore denies the same.

24. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 24, and therefore denies the same.

25. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 25, and therefore denies the same.

26. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 26, and therefore denies the same.

27. Plaintiff omitted paragraph 27. Thus, no response is required.

28. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 28, and therefore denies the same.

29. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 29, and therefore denies the same.

30. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 30, and therefore denies the same.

31. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 31, and therefore denies the same.

32. FSV denies the allegations in paragraph 32.

33. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 33, and therefore denies the same.

95259982.1

34. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 34, and therefore denies the same.

35. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 35, and therefore denies the same.

36. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 36, and therefore denies the same.

37. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 37, and therefore denies the same.

38. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 38, and therefore denies the same.

39. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 39, and therefore denies the same.

40. FSV denies the allegations in paragraph 40.

41. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 41, and therefore denies the same.

42. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 42, and therefore denies the same.

43. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 43, and therefore denies the same.

44. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 44, and therefore denies the same.

95259982.1

45. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 45, and therefore denies the same.

46. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 46, and therefore denies the same.

47. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 47, and therefore denies the same.

48. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 48, and therefore denies the same.

49. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 49, and therefore denies the same.

50. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 50, and therefore denies the same.

51. FSV denies the allegations in paragraph 51.

52. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 52, and therefore denies the same.

53. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 53, and therefore denies the same.

54. FSV denies the allegations in paragraph 54.

55. FSV denies the allegations in paragraph 55.

56. FSV admits the allegations in paragraph 56.

57. FSV denies the allegations in paragraph 57.

58. FSV denies the allegations in paragraph 58.

59. FSV admits only that FloSonix Ventures, LLC, is a Wyoming limited liability company, was formed on May 4, 2017, and is owned by Sheila Fassler, its sole member. FSV denies the remaining allegations in paragraph 59.

60. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 60, and therefore denies the same.

61. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 61, and therefore denies the same.

62. FSV admits the allegations in paragraph 62.

63. FSV admits only that Mrs. Fassler is the president of FSV. FSV is without knowledge sufficient to admit or deny the remaining allegations in paragraph 63, and therefore denies the same.

64. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 64, and therefore denies the same.

65. FSV admits only that Mrs. Fassler is the sole officer of FSV. FSV is without knowledge sufficient to admit or deny the remaining allegations in paragraph 65, and therefore denies the same.

66. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 66, and therefore denies the same.

67. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 67, and therefore denies the same.

68. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 68, and therefore denies the same.

95259982.1

69. FSV admits the allegations in paragraph 69.

70. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 70, and therefore denies the same.

71. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 71, and therefore denies the same.

72. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 72, and therefore denies the same.

73. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 73, and therefore denies the same.

74. FSV admits only that it operates out of 6923 Shannon Willow Road, Suite 200, Charlotte, North Carolina. FSV is without knowledge sufficient to admit or deny the remaining allegations in paragraph 74, and therefore denies the same.

75. FSV denies the allegations in paragraph 75.

76. FSV denies the allegations in paragraph 76.

77. FSV denies the allegations in paragraph 77.

78. FSV denies the allegations in paragraph 78.

79. FSV denies the allegations in paragraph 79.

80. FSV denies the allegations in paragraph 80.

81. FSV denies the allegations in paragraph 81.

82. FSV denies the allegations in paragraph 82.

83. FSV denies the allegations in paragraph 83.

84. FSV admits the allegations in paragraph 84.

95259982.1

85. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 85, and therefore denies the same.

86. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 86, and therefore denies the same.

87. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 87, and therefore denies the same.

88. FSV denies the allegations in paragraph 88.

89. FSV denies the allegations in paragraph 89.

90. FSV denies the allegations in paragraph 90.

91. FSV denies the allegations in paragraph 91.

92. FSV denies the allegations in paragraph 92.

93. FSV denies the allegations in paragraph 93.

94. FSV denies the allegations in paragraph 94.

95. FSV denies the allegations in paragraph 95.

96. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 96, and therefore denies the same.

97. FSV denies the allegations in paragraph 97.

98. FSV denies the allegations in paragraph 98.

99. FSV denies the allegations in paragraph 99.

100. FSV denies the allegations in paragraph 100.

## FIRST CAUSE OF ACTION
(*Breach of Contract against PHS and FSV*)

101. FSV incorporates each of its answers to the allegations in the SAC as though fully set forth herein.

102. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 102, and therefore denies the same.

103. FSV denies the allegations in paragraph 103.

104. FSV denies the allegations in paragraph 104.

105. FSV denies the allegations in paragraph 105.

106. FSV denies the allegations in paragraph 106.

107. FSV denies the allegations in paragraph 107.

108. FSV denies the allegations in paragraph 108.

109. FSV denies the allegations in paragraph 109.

110. FSV denies the allegations in paragraph 110.

111. FSV denies the allegations in paragraph 111.

## SECOND CAUSE OF ACTION
(*Breach of Implied Covenant of Good Faith and Fair Dealing against PHS*)

112. FSV incorporates each of its answers to the allegations in the SAC as though fully set forth herein.

113. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 113, and therefore denies the same.

114. FSV denies the allegations in paragraph 114.

115. FSV denies the allegations in paragraph 115.

95259982.1

116. FSV denies the allegations in paragraph 116.

117. FSV denies the allegations in paragraph 117.

118. FSV denies the allegations in paragraph 118.

## THIRD CAUSE OF ACTION
*(Breach of Lease Agreement against Sheila Fassler)*

119. FSV incorporates each of its answers to the allegations in the SAC as though fully set forth herein.

120. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 120, and therefore denies the same.

121. FSV denies the allegations in paragraph 121.

122. FSV denies the allegations in paragraph 122.

123. FSV denies the allegations in paragraph 123.

124. FSV denies the allegations in paragraph 124.

125. FSV denies the allegations in paragraph 125.

## FOURTH CAUSE OF ACTION
*(Breach of Consulting Agreement against Dr. John Fassler)*

126. FSV incorporates each of its answers to the allegations in the SAC as though fully set forth herein.

127. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 127, and therefore denies the same.

128. FSV denies the allegations in paragraph 128.

129. FSV denies the allegations in paragraph 129.

130. FSV denies the allegations in paragraph 130.

131. FSV denies the allegations in paragraph 131.

## **FIFTH CAUSE OF ACTION**
(*Trespass to Chattels*)

132. FSV incorporates each of its answers to the allegations in the SAC as though fully set forth herein.

133. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 133, and therefore denies the same.

134. FSV denies the allegations in paragraph 134.

135. FSV denies the allegations in paragraph 135.

136. FSV denies the allegations in paragraph 136.

137. FSV denies the allegations in paragraph 137.

138. FSV denies the allegations in paragraph 138.

## **SIXTH CAUSE OF ACTION**
(*Conversion*)

139. FSV incorporates each of its answers to the allegations in the SAC as though fully set forth herein.

140. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 140, and therefore denies the same.

141. FSV denies the allegations in paragraph 141.

142. FSV denies the allegations in paragraph 142.

143. FSV denies the allegations in paragraph 143.

144. FSV denies the allegations in paragraph 144.

**SEVENTH CAUSE OF ACTION**
(*Unjust Enrichment*)

145. FSV incorporates each of its answers to the allegations in the SAC as though fully set forth herein.

146. FSV denies the allegations in paragraph 146.

147. FSV denies the allegations in paragraph 147.

148. FSV denies the allegations in paragraph 148.

149. FSV denies the allegations in paragraph 149.

150. FSV denies the allegations in paragraph 150.

**EIGHTH CAUSE OF ACTION**
(*Trademark Infringement and Unfair Competition under the Lanham Act, 15 U.S.C. §§ 1051. et seq.*)

151. FSV incorporates each of its answers to the allegations in the SAC as though fully set forth herein.

152. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 152, and therefore denies the same.

153. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 153, and therefore denies the same.

154. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 154, and therefore denies the same.

155. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 155, and therefore denies the same.

156. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 156, and therefore denies the same.

157. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 157, and therefore denies the same.

158. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 158, and therefore denies the same.

159. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 159, and therefore denies the same.

160. FSV is without knowledge sufficient to admit or deny the allegations in paragraph 160, and therefore denies the same.

161. FSV denies the allegations in paragraph 161.

162. FSV denies the allegations in paragraph 162.

163. FSV denies the allegations in paragraph 163.

164. FSV denies the allegations in paragraph 164.

165. FSV denies the allegations in paragraph 165.

166. FSV denies the allegations in paragraph 166.

## NINTH CAUSE OF ACTION
(*Misappropriation of Trade Secrets under 18 U.S.C. § 1836*)

167. FSV denies the allegations in paragraph 167.

168. FSV denies the allegations in paragraph 168.

169. FSV denies the allegations in paragraph 169.

170. FSV denies the allegations in paragraph 170.

171. FSV denies the allegations in paragraph 171.

172. FSV denies the allegations in paragraph 172.

173. FSV denies the allegations in paragraph 173.

174. FSV denies the allegations in paragraph 174.

175. FSV denies the allegations in paragraph 175.

**TENTH CAUSE OF ACTION**
(*Declaratory Judgment against PHS*)

176. FSV denies the allegations in paragraph 176.

177. FSV denies the allegations in paragraph 177.

178. FSV denies the allegations in paragraph 178.

179. FSV denies the allegations in paragraph 179.

**PRAYER FOR RELIEF**

The remainder of the SAC consists of Plaintiff's request for relief, to which no response is necessary. To the extent a response is required, FSV denies that Plaintiff has sustained any damage and denies that Plaintiff is entitled to the relief sought in the SAC (including the Prayer for Relief and its subparts A, B, C, D, E, F, and G) or any relief whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

1. Plaintiff's claims are barred by every applicable affirmative, legal, or other equitable defense available to FSV under Utah and Federal law, including, but not limited to, those defenses set forth under Federal Rule of Civil Procedure 8(c).

2. Plaintiff's claims fail to state a claim for which relief can be granted.

3. Plaintiff has sustained no damages, and Plaintiff cannot prove that any act by FSV (including any act by any defendant through which Plaintiff seeks to impute against FSV alter ego liability) caused damages to Plaintiff.

4. No trade secret information held by Plaintiff was acquired through improper means.

5. Plaintiff cannot recover any damages from FSV based on allegations of FSV's direct actions or transgressions, as Plaintiff's claims against FSV rest on alter ego liability only.

6. Plaintiff cannot recover on any legal theory against FSV that does not apply to a defendant through which Plaintiff seeks to impute against FSV alter ego liability.

7. Plaintiff's claims are barred by the economic loss rule.

8. Plaintiff's equitable claims fail because an enforceable contract covers the subject matter of this litigation, and/or Plaintiff has an adequate remedy at law.

9. Plaintiff's claims fail because no personal jurisdiction exists over FSV.

10. Plaintiff's claims fail because Plaintiff cannot show abuse of a corporate or company form that resulted in a fraud, injustice, or inequitable result, or that veil-piercing is necessary.

11. Plaintiff has failed to identify or establish any cognizable trade secret.

12. The alleged misappropriation in the SAC does not constitute misappropriation under Federal law.

13. Plaintiff's claims fail because they have been dismissed by the Court and/or Plaintiff has withdrawn the same.

14. Plaintiff's claims are barred or limited by the doctrine of *res judicata* or claim preclusion.

15. Plaintiff's request for exemplary or punitive damages is barred due to lack of evidence showing malice, intent, or any other necessary scienter.

16. Plaintiff's request for exemplary or punitive damages is barred under the Utah and/or United States Constitutions.

17. Any award of exemplary or punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of Utah.

18. Plaintiff's claims are barred by their failure to relate back to a timely pleading under Federal Rule of Civil Procedure 15 or any other applicable rule, provision, or law.

19. Plaintiff's claims are barred or must be reduced by Plaintiff's failure to avoid or mitigate any damages.

20. Plaintiff's claims are barred under the doctrine of unclean hands/*in pari delicto*.

21. Plaintiff's claims are barred, in whole or in part, because Plaintiff fails to satisfy the legal and factual requirements sufficient to maintain its causes of action.

22. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, justification, waiver, and/or equitable estoppel.

23. Plaintiff, by its acts, conduct, communications, and/or omissions, has ratified the acts, conduct, communications, and omissions, if any, of FSV (or of any defendant through which Plaintiff seeks to impute against FSV alter ego liability). Thus, Plaintiff is barred from seeking or recovering any relief.

24. Plaintiff's claims may be barred or precluded due to spoliation of evidence.

25. Plaintiff's claims may be barred or limited by contractual terms.

FSV reserves the right to rely on any additional defenses that become available or apparent during the proceedings in this action and specifically reserves the right to amend its answer and

affirmative defenses. FSV hereby places Plaintiff on notice that the above defenses listed are not exhaustive and may be amended, supplemented, or clarified at any time based on new or other information.

## DEMAND FOR JURY TRIAL

FSV demands a jury trial on all issues so triable. FSV hereby exercises its rights under the United States Constitution, Federal Rule of Civil Procedure 38, and any other applicable Federal or Utah law entitling FSV to a trial by jury.

DATED this 28th day of May 2024.

POLSINELLI PC

*/s/ Jose A. Abarca*
Romaine C. Marshall
Jose A. Abarca
Charles M. Seby (*pro hac vice*)
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28th, 2024, I caused a true and correct copy of **DEFENDANT FLOSONIX VENTURES, LLC'S ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**, to be served *via* CM/ECF.

      /s/ *Kaitlin Morgan*