# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina corporation, et al.,<br><br>      Defendants. | **PRETRIAL ORDER**<br><br>Case No. 2:18-cv-00551-RJS-JCB<br><br>Chief Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

This matter having come before the court on July 30, 2024, at a pretrial conference held before the Honorable Robert J. Shelby pursuant to Fed. R. Civ. P. 16; and Peter Stasiewicz of Arcturus Law Firm, and Doug Smith of Lewis Brisbois Bisgaard & Smith LLP, having appeared as counsel for plaintiff, Romaine C. Marshall and Jose A. Abarca of Polsinelli, PC, having appeared as counsel for defendants, the following action was taken:

    **1.**    **JURISDICTION.**  This is an action for trade secrets misappropriation under 18 U.S.C. § 1836 and related-state law claims arising from the same operative facts giving rise to the trade secrets misappropriation claim. Jurisdiction of the court is invoked under 28 U.S.C. §§ 1331, 1332, and 1367(a). The jurisdiction of this Court is not disputed and is hereby determined to be present.

    **VENUE.** Venue was determined by this Court to be proper pursuant to 28 U.S.C. § 1391. Venue is laid in the Central Division of the District of Utah. *See* 28 U.S.C. § 125.

2. **GENERAL NATURE OF THE CLAIMS OF THE PARTIES.**

(a) **Plaintiff's claims:** This case arises from the breakdown of a business relationship between Larada and PHS, Mrs. Fassler, and Dr. Fassler. Larada seeks monetary damages and injunctive relief from Defendants. Larada provided heated-air louse treatment devices known as AirAllé to PHS and Mrs. Fassler pursuant to agreements containing confidentiality clauses. Larada contends that Defendants improperly provided the AirAllé machines to third parties and used information derived from the AirAllé to assist Defendants in research and development of a competing heated-air louse treatment device. Larada asserts claims for misappropriation of trade secrets under 18 U.S.C. § 1836 against all Defendants; separate breach of contract claims against PHS, Mrs. Fassler, and Dr. Fassler; and breach of the implied duty of good faith and fair dealing against PHS.

(b) **Defendants' claims:** Defendants filed counterclaims in this case, but each of Defendants' counterclaims have been dismissed or discharged by the bankruptcy Larada filed in the United States Bankruptcy Court for the Central District of California, Case No. 9:21-bk-10269-DS.

3. **UNCONTROVERTED FACTS.** The following facts are established by admissions in the pleadings, by order pursuant to Fed. R. Civ. P. 56(d), or by stipulation of counsel:

(a) The validity of the Rental, License, and Lease Agreements between Larada and PHS.

(b) The validity of the Lease Agreements between Sheila Fassler and Larada.

      **(c)**      The validity of the Consulting Agreement between John Fassler and Larada.

      **(d)**      Larada's ownership of the AirAlle and incorporated technology.

      **(e)**      The use of the AirAlle and its incorporated technology in interstate commerce.

**4.**      **CONTESTED ISSUES OF FACT.**  The contested issues of fact remaining for decision are:

      **(a)**      The existence of a protectable trade secret including whether Larada publicly disclosed information for which it now seeks trade secret protection.

      **(b)**      Whether a trade secret was misappropriated, and by whom.

      **(c)**      Whether PHS, Mrs. Fassler, or Dr. Fassler breached their agreements with Larada.

      **(d)**      Whether Larada is entitled to monetary damages as a result of misappropriation.

      **(e)**      Whether Larada is the owner of the FloSonix devices pursuant to Section 10(k) of the License Agreement.

**5.**      **CONTESTED ISSUES OF LAW.**  The contested issues of law, in addition to those implicit in the foregoing issues of fact, are:

      **(a)**      Alter Ego—Plaintiff contends FSV can be directly liable for misappropriation of trade secrets.  Defendants believe FSV can only be held liable on an alter ego theory for the acts of the other Defendants given that the Court only has personal jurisdiction over FSV through alter ego allegations.

      **(b)**      Declaratory Judgment—Whether Larada's declaratory judgment claim is for the jury or for this Court to decide.  Defendants contend that, through its declaratory judgment claim, Larada is seeking equitable relief.  Therefore, the declaratory judgment

claim presents issues that this Court should decide. Plaintiffs contend that even if the relief sought is equitable, the factual issue of whether the FloSonix is an Innovation under 10(k) of the License Agreements is one for the jury.

**6. EXHIBITS.** The parties exchanged proposed trial exhibit lists. Plaintiff raises authenticity objections to Defendant's exhibits 1036, 190, 1191, 1192, 1242, 1243, and 1245.

**7. WITNESSES.** Subject to ruling on objections,

(a) In the absence of reasonable notice to opposing counsel to the contrary:

(i) Plaintiff <u>will</u> call as witnesses:

- Claire Roberts
- Adam Ward
- Sheila Fassler
- John Fassler
- Kevin Dahlquist
- Jon Beck (Larada's expert)
- Matthew Germane (Larada's expert)

(ii) Plaintiff <u>may</u> call as witnesses:

- Dale Clayton
- Randy Block
- Eric Simon
- David Washburn[1]
- Jeremy Losaw
- Benjamin Gatti
- Dana Buffo
- TJ Root

---

[1] Defendants have objected to Plaintiff calling Randy Block, Eric Simon, or David Washburn as witnesses at trial because Plaintiff failed to include them in its Rule 26(a)(1)(A)(i) disclosures. *See* Defendants' Objections to Plaintiff's Rule 26(a)(3)(A(i)&(ii) Pretrial Disclosures, served on Plaintiff on July 16, 2024.

    (iii)  Plaintiff <u>will</u> use the following depositions:

- Dana Buffo October 21, 2021.[2]
- Benjamin Gatti, November 11, 2021.
- TJ Root, October 21, 2021.
- Jeremy Losaw, October 26, 2021.
- Sheila Fassler, October 28, 2021.
- John Fassler, October 29, 2021.
- Kevin Dahlquist, October 25, 2021.

(b)  In the absence of reasonable notice to opposing counsel to the contrary:

  (i)  Defendants <u>will</u> call as witnesses:

- Sheila Fassler
- Kevin Dahlquist
- Jeremy Losaw
- Clarke Nelson (expert witness)
- David Smith (expert witness)

  (ii)  Defendants <u>may</u> call as witnesses:

- John Fassler, M.D.
- Dana Buffo
- Claire Roberts
- Adam Ward
- Terri Simpson
- 

  (iii)  Defendants <u>will</u> use the following depositions:

- Benjamin Gatti, November 11, 2021.
- TJ Root, October 21, 2021.

(c)  In the event that witnesses other than those listed are to be called to testify at the trial, a statement of their names, addresses, and the general subject matter of their testimony will be served upon opposing counsel and filed with the court at least 10 days

---

[2] Defendants have objected to Plaintiff's use of certain pages of the Dana Buffo and Benjamin Gatti deposition transcripts for various reasons. *See* Defendants' Objections to Plaintiff's Rule 26(a)(3)(A)(i) & (ii) Pretrial Disclosures, served on Plaintiff on July 16, 2024.

prior to trial.  This restriction shall not apply to rebuttal witnesses whose testimony, where required, cannot reasonably be anticipated before the time of trial.

8. **REQUESTS FOR INSTRUCTIONS.**  If the case is to be tried before a jury, requests for instructions to the jury and special requests for voir dire examination of the jury shall be submitted to the court pursuant to DUCivR 51-1.  Counsel may supplement requested instructions during trial on matters that could not reasonably be anticipated prior to trial.

9. **AMENDMENTS TO PLEADINGS.**  There were no requests to amend pleadings.

10. **DISCOVERY.**  Discovery has been completed.

11. **TRIAL SETTING.** The case was set for trial with a jury on August 20, 2024 at 9:00 a.m. at Salt Lake City.

12. **POSSIBILITY OF SETTLEMENT.**  Possibility of settlement is considered poor.

DATED this 15th day of August 2024.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge