DOUGLAS C. SMITH, #10805
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
6550 South Millrock Drive, Suite 200
Salt Lake City, Utah 84121
Telephone: 801.562.5555
Facsimile: 801.562.5510
Douglas.smith@lewisbrisbois.com

PETER M. STASIEWICZ (pro hac vice)
IL No. 6290832
**ARCTURUS LAW FIRM**
211 West Wacker Drive #323
Chicago, IL 60606
Telephone:  312. 957.6194
Facsimile:  312.489.8307
Pete.stasiewicz@arcturuslaw.com

*Attorneys for Plaintiff Larada Sciences, Inc.*

IN THE UNITED STATES DISTRICT COURT IN AND FOR

THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LARADA SCIENCES, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PEDIATRIC HAIR SOLUTIONS CORPORATION, a North Carolina Corporation, JOHN E. FASSLER, M.D., SHEILA FASSLER, and FLOSONIX VENTURES,<br><br>Plaintiffs. | **PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**<br><br>**Case. 2::18-cv-00551-RJS-JCB**<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

Plaintiff Larada Sciences, Inc., ("Larada"), through its undersigned counsel, hereby moves this Court for an award of attorneys fees against Defendants John Fassler, Sheila Fassler, and Pediatrict Hair Solutions Corporation pursuant to DUCivR 54-2.

**INTRODUCTION**.

An award of attorneys fees is appropriate in this case. Defendants betrayed the trust Larada placed in them and misappropriated Larada's confidential and proprietary information. Larada did not understand the full scope of Defendants' actions until after this litigation was initiated. A jury not only found Defendants liable for breach of contract and trade secret misappropriation, but also that the trade secret misappropriation was willful and malicious under the DTSA.

## STANDARD

To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) The lodestar calculation is the product of the number of attorney hours "reasonably expended" and a "reasonable hourly rate." *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1982)). The "determination of fees should not result in a second major litigation." The goal is to "do rough justice, not to achieve auditing perfection." Accordingly, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

## ARGUMENT

Plaintiffs are entitled to attorneys fees for two reasons. First, the Defend Trade Secrets Act provides for awards of attorneys fees where willful and malicious misappropriation is found. 28 U.S.C. § 1836(b)(3)(D). Second, the License Agreements at issue in this Case provided for fees for Prevailing Parties:

> In the event that either Party brings any action in reference to this Agreement, the "Prevailing Party" in such action shall be awarded all reasonable attorneys' fees, expert witness fees, court costs and discovery costs incurred. For purposes of this

Agreement, the Prevailing Party shall be deemed that Party that has prevailed on a majority of the issues decided by the trier of fact, law or equity.

See Trial Exhibit 1003.

Here, Larada is clearly the Prevailing Party. Larada prevailed against PHS on its motion for summary judgment. Larada prevailed against PHS on its breach of contract claim. Larada prevailed against Sheila Fassler on its breach of contract claim. Larada prevailed against John Fassler on its breach of contract claim. Larada prevailed against PHS on its implied duty of good faith and fair dealing claim. Larada prevailed against each of John Fassler, Sheila Fassler, and PHS on its misappropriation of trade secrets claim.

Defendants, on the other hand, prevailed on virtually no issues at all. Only FloSonix Ventures was dismissed following a directed verdict, but John Fassler, Sheila Fassler, and PHS cannot point to any issue on which they can claim to have prevailed, except possibly the dismissal of a trespass to chattels claim.

Under Utah law, "a party need not segregate its compensable and non-compensable claims if they sufficiently overlap and involve the same nucleus of facts." *Daynight, LLC v. Mobilight, Inc.*, 2011 UT App 28, ¶ 5, 248 P.3d 1010 (citing *Dejavue, Inc. v. U.S. Energy Corp.*, 1999 UT App 355, ¶ 20, 993 P.2d 222 ("[W]hen a plaintiff brings multiple claims involving a common core of facts and related legal theories, and prevails on at least some of its claims, it is entitled to compensation for all attorney fees reasonably incurred in the litigation"));

In federal courts, the Supreme Court has stated that "[w]here a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). "Claims are related if they are based on 'a common core of fact' or 'related legal theories." *Garcia v. Tyson Foods, Inc.*, 770 F.3d 1300, 1310 (10th Cir. 2014)

Courts have relied on the "common core" doctrine to award fees related to unsuccessful claims in both misappropriation of trade secrets and Lanham Act cases. *See, e.g., Atlas Biologicals, Inc. v. Kutrubes*, No. 1:15-cv-00355-CMA-KMT, 2020 U.S. Dist. LEXIS 121433, at *10 (D. Colo. July 10, 2020) (applying common core false designation of origin case); *Ridgeway v. Stryker Corp.* (In re *Ridgeway*), No. 18-7651, 2019 U.S. Dist. LEXIS 147316, at *9 (E.D. La. Aug. 28, 2019) (applying common core in trade secret misappropriation case).

Plaintiff's trade secret, contract, conversion, unjust enrichment, and trespass to chattels, all arose from the same common core of facts. Each claim related directly to Defendants betraying the relationship with Larada, and wrongfully using Larada's confidential or proprietary material, particularly the AirAlle device in the development of a competing device. Only Plaintiff's Lanham Act trademark claim did not arise from the same common core of facts, and Plaintiff does not seek to include attorneys fees related to the trademark claim.

**I. Larada's Requested Fees are Reasonable.**

In determining what constitutes "reasonable" attorneys' fees, the "lodestar" method is employed under the law of both Utah and the Tenth Circuit. *See USA Power, LLC v. PacifiCorp*, 2016 UT 20, ¶ 92, 372 P.3d 629, 662 (applying lodestar method in UUTSA case); *John Bean Techs v. BGSE Grp* 17 cv-142, 20236164322 (D. Utah Sept. 21, 2023)(applying lodestar method in DTSA case). The lodestar method is the amount of reasonable hours multiplied by the reasonable billing rate. *See United Phosphorus*, 205 F.3d at 1233. The method is a two-step process: "first, determine the reasonable number of hours billed, and second, determine the reasonable hourly rate for that time." *Morrison v. Express Recovery Servs.*, No. 1:17-cv-51, 2020 U.S. Dist. LEXIS 119995, at *2 (D. Utah July 7, 2020).

For the first step, "[t]he party requesting attorney fees bears the burden of proving the amount of hours spent on the case." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d

4

1219, 1233 (10th Cir. 2000). In the second step, "the district court should base its hourly rate award on what the evidence shows the market commands for . . . analogous litigation." *Id*. (quoting *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243,1255 (10th Cir. 1998)). "The party requesting the fees bears 'the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id*. (quoting *Ellis v. University of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir.1998)).

    A. **The Time Spent is Reasonable.**

Attached to the Declaration of Peter Stasiewicz are invoices reflecting the time entries reflecting the work Mr. Stasiewicz spent working on the case. Mr. Stasiewicz spent at least 663 hours on this matter. This is supported by timely entries recorded in Mr. Stasiewicz's case management system. See Declaration of Peter Stasiewicz and Exhibit A thereto.

Larada also seeks fees for Lewis Brisbois, who served as local counsel and co-counsel at trial in this matter. Declaration of Douglas C. Smith and Exhibit A thereto. Lewis Brisbois billed a total of 397.2 hours on the case, 294.2 of which were billed by trial second-chair Douglas C. Smith, at an hourly rate of $350.00. Mr. Smith has 19 years of experience in trials in both state and federal court. (*See* Exhibit A to Smith Dec., Invoices, and Exhibit B to Smith Dec, summary)[1]

The total hours expended on this matter is reasonable. In determining whether the amount of hours is reasonable, a court considers the following factors: (1) the complexity of the case, (2) the number of reasonable strategies pursued, (3) the responses necessitated by the maneuvering of the other side, and (4) the potential duplication of services. *Case*, 157 F.3d at 1250.

---

[1] Redactions on the Lewis Brisbois invoices where the time has been blacked out have not been added to the summary in Smith Decl. Ex. B. Where a description is redacted but not the time entry itself, the redaction is for privilege.

This case was complex. Because the true facts lay only in the possession or the knowledge of the Defendants, numerous legal theories had to be advanced and evolve as extensive discovery continued. Discovery involved searching through tens of thousands of documents, not just from Defendants, but from third-party subpoena respondents, to fully understand Defendants' actions. Plaintiffs also brought a motion for preliminary injunction and sought to add another party, FloSonix Ventures, formed by Defendants to help further their misappropriation. Inspections of both Plaintiffs and Defendants devices had to be conducted in North Carolina and Virginia, respectively. Additionally, Defendant's technical expert fell gravely ill and had to be substituted, necessitating a delay in trial, a new inspection, and a further deposition.

There is little worry about duplication of services. Mr. Stasiewicz handled the case more or less alone until trial was imminent. Once trial preparation began in earnest, Mr. Smith provided valuable help as second-chair, and associates at Lewis Brisbois helped pick up some of the substantial pre-trial work.

B.  **The Hourly Rates are Reasonable**

Mr. Stasiewicz seeks to be reimbursed at an hourly rate of $425.00 per hour. This rate is reasonable. First, it is lower than what Mr. Stasiewicz currently charges hourly as a sole practitioner in Chicago. (*See* Stasiewicz Decl. ¶ 15.0 Second, according to the AIPLA 2023 Survey (*See* Ex H to Stasiewicz Decl.), the mean hourly billing rate for intellectual property solo litigators in the "Other West" area was $382, with the first to third quartile ranged from $275 to $488. Similarly, solo lawyers with 15-25 years of experience had a mean billing rate of $379, with a first to third quartiles ranging from $315 to $430. Accordingly, an hourly rate of $425 is well in line with other attorneys in the Other West area with similar experience. By the same measure, Mr. Smith's hourly rate of $350 is also inherently reasonable for a litigator with nineteen years of experience. (*See* Smith Decl. ¶ 4.)

6

Further underscoring the reasonableness of the rate claimed by Mr. Stasiewicz, Larada's previous counsel billed partners with rates as high as $625 in this same matter. (*See* Stasiewicz Decl.¶ 7.)

C. *Lodestar calculations*

|  | Hours | Rate | Lodestar |
|---|---|---|---|
| **Peter Stasiewicz** | 663.2 | $425 | $281,860 |
| **Douglas C. Smith** | 294.2 | $350 | $102,970 |
| **Christina Petriou** | 60.2 | $225 | $13,545 |
| **Patrick Charest** | 8.3 | $225 | $1,867.50 |

II. **Non-Taxable Costs Are Recoverable**

Non-taxable costs, such as expert fees, trial technicians, and travel are included in the concept of attorneys' fees as "incidental and necessary expenses incurred in furnishing effective and competent representation." *StorageCraft Tech. Corp. v. Kirby,* No. 2:08-cv-00921 2012 U.S. Dist. LEXIS 140704, *4 , (D.Utah Sept. 27 , 2012)(citing *Brown v. Gray*, 227 F.3d 1278, 1297 (10th Cir. 2000)). Recoverable attorneys' fees include "the cost of retaining an attorney [such as] the expenses usually paid in an engagement agreement." *Id*. (citing *ClearOne Comm'ns, Inc. v. Chiang*, No. 2:07-cv-37-TC-DN, 2009 U.S. Dist. LEXIS 121061, *7 (D. Utah Dec. 30, 2009)). Non-taxable costs should be awarded if "(1) the expenses are not absorbed as part of a law firm overhead but are normally billed to a private client, and (2) the expenses are reasonable." *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 21 F. Supp. 2d 1255, 1262 (D. Kan. 1998), rev'd in part on other grounds, 205 F.3d 1219 (10th Cir. 2000). Courts in intellectual property cases have frequently exercised their discretion to award non-taxable expenses of the types of costs Larada seeks here. *See StorageCraft*, 2012 U.S. Dist. LEXIS 140704, *6 (in a trade secret case, awarding

expenses for legal research, travel for hearings and depositions, delivery and postage, and other miscellaneous costs); *ClearOne Comm'ns*, 2009 U.S. Dist. LEXIS 121061, *7 (in a trade secret cases, awarding expenses for process service, legal research, deposition travel, trial meals, and expert fees).

    1.    <u>Experts</u>

Larada, through counsel, retained the services of Jon Beck to provide technical detail in explaining what trade secrets were contained in the AirAlle device. Larada, through counsel, also retained Matt Germane at Lone Peak Valuation to provide expert testimony regarding Larada's damages theory. (*See* Stasiewicz Decl. ¶ 14.)

Mr. Beck's fees of $56,625.00 are reasonable given the complex technical information involved and the physical inspections of devices necessary to form his opinions, as well as review of relevant documentation (or the lack thereof).

Mr. Germane's fees of $136,925.00 are reasonable given the large amount of data stretching back to 2007 that formed the base of Mr. Germane's opinions. A significant amount of the work done by Mr. Germane and his colleagues was at trial, formulating both substantive strategy and demonstrative exhibits.

    2.    <u>Trial technician</u>

Larada engaged Erik Largin at Utah Legal Video for trial technician services, including audio/visual hookups and exhibit displays. Utah Legal Video's fees of $11,180.00 are reasonable because Mr. Largin was present at Court throughout trial, and set up technology before and after Court was in session. He also assisted counsel with preparation by working on nights and weekends during the duration of the trial. (*See* Stasiewicz Decl. ¶ 13.)

    3.    <u>Attorney Travel</u>

Aside from travel and lodging at trial, which was handled directly by Larada, as shown below, Mr. Stasiewicz had to travel to inspections of the AirAlle devices in Charlottesville, Virginia, because Defendants' expert could not travel by air, and to Charlotte, North Carolina, to inspect the FloSonix devices. While many depositions were taken remotely, depositions of experts were taken or defended in person. The costs relating to travel to those depositions and inspections totals $5,858.86. See Stasiewicz Dec. Ex. C. (Ex. B contains the invoices detailing these expenses, but also contained certain deposition transcripts that were already captured in Larada's Bill of Costs. Exhibit C reflects only the travel costs captured in the $5,858.86 figure). ((*See* Stasiewicz Decl. ¶ 11.)

   4.   *Trial Logistics Costs.*

In addition to lodging for Mr. Stasiewicz, a location near the trial courthouse was necessary to serve as the trial headquarters. Larada booked the Executive Boardroom at the Salt Lake Hilton for the duration of the trial as a litigation headquarters. Larada also directly paid for Mr. Stasiewicz's lodging at the Hilton for the duration of the trial. Larada also arranged to pay directly for daily working lunches next to the courthouse at Market Street Grill for the duration of trial. These costs total $14,832.54. (*See* Stasiewicz Decl. ¶ 12).

## CONCLUSION

For the foregoing reasons and those in Larada's Motion, Larada respectfully requests that this Court grant its Motion for Attorneys Fees as set forth below:

**ATTORNEYS FEES**

| | |
|---|---|
| **Arcturus Law:** | $265,412.50 |
| **Lewis Brisbois:** | $115,292.50 |

**NON-TAXABLE COSTS**

9

**Experts:**

    **Jon Beck:**    $56,625.00

    **Matt Germane:**    $136,925.00

**Trial technician:**

    Utah    $11,180.00

**Other Non-Taxable Costs:**

    **Stasiewicz non-trial travel:**  $5,858.86

    **Larada Trial costs:**    $14,832.54

DATE: October 11, 2024    LEWIS BRISBOIS BISGAARD & SMITH LLP

By:     */s/ Douglas C. Smith*

ARCTURUS LAW FIRM

By:     */s/ Peter Stasiewicz (Pro Hac Vice)*
Peter Stasiewicz
*Attorneys for Plaintiff Larada Sciences, Inc.*

### CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of October, 2024, I caused a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR ATTORNEYS FEES** to be served electronically on the following:

| Jose A. Abarca | |
|---|---|

| | |
|---|---|
| Romaine C. Marshall<br>**POLSINELLI PC**<br>2825 E. Cottonwood Parkway, Suite 500<br>Salt Lake City, UT 84121<br>jabarca@polsinelli.com<br>rmarshall@polsinelli.com<br>Attorneys for Plaintiffs | |

/s/ Peter Stasiewicz